UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ANGELA MARIA DEFEBIO,

                                        Plaintiff,                    **Civil Action No.**
                                                                     **16-cv-05735 (DLI)**
                    -against-

ALLSTATE INSURANCE COMPANY,

                                        Defendant.
-----------------------------------------------------------------------X

### DEFENDANT ALLSTATE INSURANCE COMPANY'S STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Allstate Insurance Company (hereinafter "Allstate"), by its attorneys, Lewis Johs Avallone Aviles, LLP, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, submits the following Statement of Uncontested Facts in Support of its Motion for Summary Judgment, with citations to the attached supporting evidence, as follows:

A.    **The Parties**

1.    Plaintiff Angelo Maria DeFebio was at all relevant times a resident of the State of New York, residing in the first floor apartment at 61 Duffield Street, Brooklyn, New York 11201. *See* Ex. D,[1] ¶¶ 14 & 16.

2.    Defendant Allstate is an Illinois company with its principal place of business in Illinois and is authorized to issue insurance policies in the State of New York. *See* Ex. B, ¶1.

B.    **The Pending Action**

3.    This instant litigation is an insurance coverage dispute. *See* Ex. A. Plaintiff is alleging that Allstate is obligated to pay a judgment she obtained in the amount of $306,755.00

---

[1] All exhibits are attached to the Declaration of Karen M. Berberich and the Declaration of Ann-Marie Griffin filed contemporaneously herewith in support of Allstate's Motion for Summary Judgment and are referred to herein as "Ex."

1

against Rose Juliano in an underlying action entitled *Angela Maria DeFebio v. Rose Juliano* which was filed in the Supreme Court, Kings County under index number 505539/2013 (hereinafter "Underlying Action"). *See* Ex. A & C.

**C.      Background Facts**

4.      Rose Juliano was the owner of 61 Duffield Street, Brooklyn, New York. *See* Ex. C, ¶ 2; Ex. H.

5.      On January 16, 2013, and for at least three years prior thereto, Rose Juliano and plaintiff, Rose's cousin, resided in the first floor apartment at 61 Duffield Street, Brooklyn, New York. *See* Ex. D, ¶ 12 &16; Ex. E, ¶ 12.

6.      On January 16, 2013 plaintiff fell from a ladder while hanging curtains in the first floor apartment at 61 Duffield Street, Brooklyn, New York 11201 and allegedly sustained certain personal injuries. *See* Ex. C; Ex. F, ¶ 19[2].

7.      Plaintiff commenced the Underlying Action seeking damages as a result of Rose Juliano's alleged negligent maintenance of the subject ladder. *See* Ex. C, ¶¶ 11, 14.

**D.      The Allstate Policy**

8.      Allstate issued a Standard Homeowners Policy (Form AP315) with policy number xxxxx2463 to Rose T. Juliano[3] with effective dates of January 26, 2012 through January 26, 2013 (hereinafter the "policy"). *See* Declaration of Ann-Marie Griffin (hereinafter "Griffin Dec."), ¶ 2; Ex. G.

9.      The policy provides, in relevant part, as follows:

---

[2] The paragraphs referred to with respect to Exhibit F are to plaintiff's responses to defendant's Second Notice to Admit. The paragraphs in plaintiff's responses do not always correlate to the numbered requests in defendant's demand.

[3] Rose Juliano and Rose T. Juliano is the same person. Rose T. Juliano is the way her name appears on the Policy.

> *Coverage X*
> *Family Liability Protection*
>
> ***Losses We Cover Under Coverage X:***
> Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.
>
> If an **insured person** is sued for these damages, **we** will provide a defense at **our** expense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** may investigate or settle any claim or suit for covered damages against an **insured person**.

*See* Ex. G, Section II – Family Liability and Guest Medical Protection, Coverage X Family Liability Protection, Losses We Cover Under Coverage X, p. 18.

     10.    The Policy also contains the following exclusion:

> ***Losses We Do Not Cover Under Coverage X:***
>
>     2.    **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

*See* Ex. G, Section II – Family Liability and Guest Medical Protection, Coverage X Family Liability Protection, Losses We Do Not Cover Under Coverage X, Exclusion 2, p. 18.

     11.    The Policy contains the following definitions:

>     1.    **"You"** or **"your"** – means the person named on the Policy Declarations as the insured and that person's resident spouse.
>
>     *    *    *

3

3.    **"Insured person(s)"** – means **you** and, if a resident of **your** household:
a)    any relative; and
b)    any dependent person in **your** care.
Under **Coverage X – Family Liability Protection** and **Coverage Y – Guest Medical Protection**, **"insured person"** also means:
c)    any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an **insured person**. **We** do not cover any person or organization using or having custody of animals or watercraft in any **business**, or without permission of the owner.
d)    with respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an **insured person**.

*See* Ex. G, Definitions Used In This Policy, p. 2.

**E.    Allstate Disclaimers of Coverage under the Policy**

12.    On January 23, 2013 Rose Juliano notified Allstate about the accident involving Angela Maria DeFebio. *See* Griffin Dec., ¶3.

13.    During the course of the claim investigation, Allstate learned that Angela Maria DeFebio is Rose Juliano's cousin who resides with her in her apartment. *See* Griffin Dec., ¶4.

14.    The definition of "insured person" in the policy includes any relative who resides in the named insured's household. *See* Ex. G, Definitions Used In This Policy, p. 2. Rose Juliano is the named insured on the policy. *See* Ex. G. Therefore, any relative of Rose Juliano who resides in her household is an "insured person" under the policy. *See* Ex. G, Definitions Used In This Policy, p. 2. 15.

15.    Allstate disclaimed coverage under the policy for the claim for personal injuries to

4

Angela Maria DeFebio. *See* Griffin Dec., ¶ 5; Ex. I. On February 25, 2013 Allstate sent a letter to Rose Juliano denying and disclaiming coverage for the accident based upon the fact that Angela Maria DeFebio is an "insured person" as that term is defined in the policy and, therefore, the exclusion for bodily injury to an "insured person" applies under the liability coverage portion of the policy (Coverage X) and the exclusion for bodily injury to an "insured person" or regular resident of the insured premises applies under the Guest Medical Protection portion of the policy (Coverage Y). *Id.*

16.     Thereafter, Angela Maria DeFebio commenced the Underlying Action. *See* Ex. C. Rose Juliano sought defense and indemnification from Allstate with respect to the Underlying Action under the policy. *See* Griffin Dec., ¶¶ 3, 6.

17.     Allstate disclaimed coverage under the policy for the Underlying Action commenced by Angela Maria DeFebio. *See* Griffin Dec., ¶ 6; Ex. J. On February 25, 2013 Allstate sent a letter to Rose Juliano reiterating its coverage position and denying and disclaiming coverage for the accident and Underlying Action based upon the fact that Angela Maria DeFebio is an "insured person" as that term is defined in the policy and, therefore, the exclusion for bodily injury to an "insured person" applies under the liability coverage portion of the policy (Coverage X) and the exclusion for bodily injury to an "insured person" or regular resident of the insured premises applies under the Guest Medical Protection portion of the policy (Coverage Y). *Id.*

18.     Rose Juliano failed to appear in the Underlying Action. *See* Ex. K. The Court entered judgment against Rose Juliano in the amount of $306,755.00 (hereinafter the "Judgment"). *Id.*

19.     After thirty days elapsed with no payment of the Judgment, plaintiff submitted the

Judgment to Allstate for payment. *See* Griffin Dec., ¶ 7; Ex. A, ¶¶ 7-8.

20.     Allstate again disclaimed coverage. *See* Griffin Dec., ¶ 8; Ex. L.  On August 22, 2016 Allstate sent a letter to plaintiff's attorney reiterating its coverage position and disclaiming any obligation under the policy for the payment of the Judgment because plaintiff is an "insured person" as that term is defined in the policy and the policy excludes coverage for bodily injury to an "insured person." *See* Griffin Dec., ¶ 8; Ex. L.

21.     Plaintiff has filed the instant action seeking to recover payment of the Judgment. *See* Ex. A.

**F.     Plaintiff is an Insured Person under the Policy**

**1.     Plaintiff is a Relative of Rose Juliano**

22.     Plaintiff is a relative of Rose Juliano. *See* Ex. C, 11.

23.     Plaintiff and Rose Juliano are cousins. *See* Ex. D, ¶ 12; Ex. E, ¶ 12.  Plaintiff's mother and Rose Juliano's mother were sisters. *See* Ex. E, 13.

**2.     Plaintiff is a Resident of the First Floor Apartment at 61 Duffield Street**

24.     On the date of the accident and for at least the three years prior, both plaintiff and Rose T. Juliano resided together in the first floor apartment. *See* Ex. D, ¶¶ 16, 17.

25.     Plaintiff currently resides in the first floor apartment at 61 Duffield Street, in Brooklyn, New York 11201. *See* Ex. E, ¶ 6.

26.     The address on plaintiff's driver's license in January of 2013 was 61 Duffield Street, Apartment 1, Brooklyn, New York 11201. *See* Ex. D, ¶ 24.  The current address on plaintiff's driver's license is 61 Duffield Street, Apartment 1, Brooklyn, New York 11201. *See* Ex. M.

27.     Plaintiff has resided at 61 Duffield Street for over ten years before the date of the

6

accident. *See* Ex. D, ¶¶ 13, 15. She began residing in the first floor apartment approximately five years ago. *See* Ex. D, ¶ 14. Plaintiff did not have any other residence for the last ten years. *See* Ex. D, ¶ 13.

### 3.   Plaintiff and Rose Juliano are Part of the Same Household

28.   On January 16, 2013 plaintiff did not have a written lease agreement with Rose T. Juliano for the first floor apartment at 61 Duffield Street, Brooklyn, New York 11201. *See* Ex. E, ¶ 19.

29.   Plaintiff paid Rose Juliano rent in the amount of $600.00 per month. *See* Ex. D, ¶ 18.

30.   On January 16, 2013 there was one front entrance to the first floor apartment at 61 Duffield Street, Brooklyn, New York 11201. *See* Ex. E, ¶ 19.

31.   On January 16, 2013 there was one mailbox for the first floor apartment for mail addressed to both the plaintiff and Rose Juliano. *See* Ex. E, ¶ 19.

32.   On January 16, 2013 there was one doorbell for the first floor apartment at 61 Duffield Street, Brooklyn, New York 11201. *See* Ex. E, ¶ 19.

33.   The electric bill, cable bill and telephone bill for the first floor apartment was in Rose T. Juliano's name. *See* Ex. D, ¶¶ 20, 21, 22. Plaintiff maintained a separate cellular telephone bill in her name. *See* Ex. D, ¶ 22.

34.   Plaintiff did not make any monetary payments or contributions for the utilities in the apartment in January 2013 or the three years prior. *See* Ex. D, 18. On January 16, 2013 and for the three months prior Angela Maria DeFebio did not pay or contribute towards the electric bill, the cable bill, the gas and/or heating bills or the telephone bill for the landline telephone for

7

the first floor apartment at 61 Duffield Street, Brooklyn, New York 11201. *See* Ex. E, ¶¶ 17 & 18.

35. On January 16, 2013 and for at least three months prior there was one kitchen in the first floor apartment at 61 Duffield Street, Brooklyn, New York. *See* Ex. E, ¶ 1.

36. On January 16, 2013 and for at least the three months prior Angela Maria DeFebio and Rose Juliano shared the kitchen. *See* Ex. E, ¶¶ 2-5. Both Angela Maria DeFebio and Rose Juliano used the kitchen and cooked meals in the kitchen. *Id.*

37. On January 16, 2013 and for at least three months prior there was one sitting room in the first floor apartment at 61 Duffield Street, Brooklyn, New York. *See* Ex. E, ¶ 7.

38. On January 16, 2013 and for at least the three months prior Angela Maria DeFebio and Rose Juliano shared the sitting room. *See* Ex. E, ¶ 7. Both Angela Maria DeFebio and Rose Juliano used the sitting room. *Id.*

39. On January 16, 2013 and for at least three months prior there was one bathroom in the first floor apartment at 61 Duffield Street, Brooklyn, New York. *See* Ex. E, ¶ 8.

40. On January 16, 2013 and for at least the three months prior Angela Maria DeFebio and Rose Juliano shared the bathroom. *See* Ex. E, ¶ 8. Both Angela Maria DeFebio and Rose Juliano used the bathroom. *Id.*

41. On January 16, 2013 and for at least three months prior there were two bedrooms in the first floor apartment at 61 Duffield Street, Brooklyn, New York, one of which was previously the living room that was converted to a bedroom. *See* Ex. E, ¶ 9.

42. Rose Juliano used the bedroom that was converted from the living room, where she slept and stored her personal belongings. *See* Ex. E, ¶ 9, 13-15.

8

43.     Angela Maria DeFebio used the other bedroom where she slept and stored her personal belongings.  *See* Ex. E, ¶¶ 10-12.

44.     Plaintiff was not paid did not receive any money from Rose Juliano to hang the curtains.  *See* Ex. E, ¶ 19.

45.     Plaintiff states that she purchased her own groceries and that she and Rose Juliano did not eat meals together.  *See* Ex. D, ¶ 23; Ex. F, ¶ 20.

**G.     Procedural History**

46.     Plaintiff filed a Summons and Complaint in the Supreme Court of the State of New York, County of Kings on or about September 20, 2016.

47.     Service of the Summons and Complaint was made on Allstate on October 3, 2016.  *See* Ex. N.

48.     Allstate removed the action to this Court on or about October 14, 2016.  *See* Ex. N.

49.     Allstate filed its Answer to the plaintiff's Complaint on October 14, 2016.  *See* Ex. B.

Dated: Islandia, New York
      September 15, 2017

      Respectfully submitted,

      LEWIS JOHS AVALLONE AVILES, LLP

      By: _____
          Karen M. Berberich, Esq. (KB6300)
      One CA Plaza, Suite 225
      Islandia, New York 11749
      (631) 755-0101
      *Attorneys for Defendant*
      *Allstate Insurance Company*