# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    *Civil Action No.: 16-cv-05735*

ANGELA MARIA DEFEBIO,

                                      Plaintiff,           ***VERIFIED ANSWER***

      -against-

ALLSTATE INSURANCE COMPANY,

                                        Defendant.
-------------------------------------------------------------X

Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "ALLSTATE"), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, as and for its Verified Answer to the Complaint herein, sets forth the following upon information and belief:

1.     ALLSTATE denies the allegations contained in paragraph numbered "1," except admits that ALLSTATE is an insurance company organized under the laws of the State of Illinois and duly authorized to conduct business in New York.

2.     ALLSTATE denies the allegations contained in paragraph numbered "2," except admits that ALLSTATE issued a Standard Homeowners Policy (Form AP315) to Rose T. Juliano, which was in effect on January 16, 2013.

3.     ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph  numbered "3" of the plaintiff's Complaint herein.

4.     ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph  numbered "4" of the plaintiff's Complaint herein.

5.      ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" of the plaintiff's Complaint herein.

6.      ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "6" of the plaintiff's Complaint herein.

7.      ALLSTATE denies the allegations contained in paragraph numbered "7," except admits that ALLSTATE received a copy of a Judgment with Notice of Entry by the Kings County Clerk.

8.      ALLSTATE denies the allegations contained in paragraph numbered "8" as ALLSTATE has no obligation to satisfy said Judgment, as there is no coverage under the subject policy of insurance for such Judgment.

9.      ALLSTATE denies the allegations contained in paragraph numbered "9". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

10.     ALLSTATE denies the allegations contained in paragraph numbered "10". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

11.     ALLSTATE denies the allegations contained in paragraph numbered "11". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

12.    ALLSTATE denies the allegations contained in paragraph numbered "12". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

13.    ALLSTATE denies the allegations contained in paragraph numbered "13". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

14.    "ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "14" of the plaintiff's Complaint herein.  ALLSTATE has not made any payment toward the Judgment as ALLSTATE has no obligation to satisfy the Judgment, as there is no coverage under the subject policy for the underlying accident or underlying lawsuit.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.    Plaintiff's Complaint fails to state a cause of action as against ALLSTATE.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint fails to state a claim against ALLSTATE upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17.    Plaintiff lacks standing to bring this litigation against ALLSTATE.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18.    There is no privity of contract between plaintiff and ALLSTATE.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

19.    The obligations of ALLSTATE are defined, limited and controlled by the ALLSTATE homeowners policy, including the coverages defined in the policy and the

exclusions, conditions and other terms set forth in the policy, as well as the limits set forth in the policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.    This claim is barred, in whole or in part, by the exclusions, limitations of liability and/or other terms, conditions and definitions contained in the ALLSTATE insurance policy.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.    The subject policy does not provide coverage for bodily injury to any insured person under the policy.  Plaintiff is an insured person as that term is defined in the subject Standard Homeowners Policy (Form AP315).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

22.    Plaintiff's claim for coverage under the ALLSTATE policy is outside the scope of coverage and/or subject to the policy exclusions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23.    ALLSTATE properly denied and disclaimed coverage for the underlying accident and underlying lawsuit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24.    ALLSTATE properly denied and disclaimed coverage for the Judgment.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25.    ALLSTATE reserves its right to supplement this answer and assert any and all affirmative defenses in the event further information becomes available, through discovery or further investigation.

*WHEREFORE*, defendant, ALLSTATE INSURANCE COMPANY, demands judgment

dismissing the plaintiff's Complaint herein, together with the costs and disbursements of this

action.

Dated:  Islandia, New York
       October 13, 2016

                  Yours, etc.,

                  LEWIS JOHS AVALLONE AVILES, LLP
                  *Attorneys for Defendant*
                  One CA Plaza – Suite 225
                  Islandia, New York 11749
                  (631) 755-0101

         By: _____
                  KAREN M. BERBERICH

TO:
BERSON & BUDASHEWITZ, LLP
Attn.: Jeffrey Berson, Esq.
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1305
New York, New York 10038
(212) 945-5000

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF SUFFOLK )

    *KAREN M. BERBERICH*, an attorney admitted to practice in the Courts of the State of New York, affirms that the following statements are true under penalties of perjury:

    Affirmant is the attorney of record for the answering defendant, *ALLSTATE INSURANCE COMPANY,* in the within action. Affirmant has read the foregoing *ANSWER,* knows the contents thereof, and that the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that those matters affirmant believes it to be true.

    This verification is made by affirmant and not by the answering defendant, *ALLSTATE INSURANCE COMPANY,* because the answering defendant is not located in the county wherein your affirmant maintains an office.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Statements of said answering defendant, office records, and affirmant's general investigation into the facts of this case.

Dated: Islandia, New York
        October 13, 2016

                                     *Karen M. Berberich*