# EXHIBIT C

Case 1:16-cv-05735-DLI-RER   Document 9-5   Filed 10/27/17   Page 2 of 8 PageID #:

FILED: KINGS COUNTY C    : 09/18/2013   INDEX NO. 505539/2013

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 09/18/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ANGELA MARIA DEFEBIO,<br><br>Plaintiff,<br><br>-against-<br><br>ROSE JULIANO,<br><br>Defendant. | INDEX NO.:<br>DATE PURCHASED:<br><br>*Plaintiff designates*<br>KINGS COUNTY<br>*as the Place of Trial*<br><br>**SUMMONS**<br><br>*The Basis of Venue is:*<br>NY CPLR § 509 |

*To the Above Named Defendants:*

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorney(s) within twenty (20) days after the service of this Summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint, plus interests and costs from the date of occurrence.

Dated:  New York, NY
       September 18, 2013

                           Yours, etc.
                           THE LAW OFFICES OF BRADLEY S. HAMES, P.C.
                           Attorneys for Plaintiff
                           ANGELA MARIA DEFEBIO
                           15 Maiden Lane • Suite 1305
                           New York, NY 10038
                           (212) 729-7520

NOTICE:  The object of this action is to recover for personal injury due to Defendant's negligence

The relief sought:     MONETARY DAMAGES

Upon failure to appear, judgment will be taken against you by default for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts in which this action could otherwise have been brought, together with interest thereon from January 16, 2013, and the costs and disbursements of this action

<b>DEFENDANT'S ADDRESSES</b>

ROSE JULIANO
61 Duffield Street
Brooklyn, NY 11201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ANGELA MARIA DEFEBIO,<br><br>                              Plaintiff,<br><br>         -against-<br><br>ROSE JULIANO,<br><br>                              Defendant. | **VERIFIED COMPLAINT**<br><br>INDEX NO.: |

Plaintiff, ANGELA MARIA DEFEBIO, by and through attorneys, THE LAW OFFICES OF

BRADLEY S. HAMES, P.C., complaining against the Defendants, upon information and belief,

respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ANGELA MARIA DEFEBIO

1.      That at all times herein mentioned, Defendant ROSE JULIANO was and still is a

resident of the City and State of New York, County of Kings.

2.      That at all the times herein mentioned, Defendant ROSE JULIANO, was the owner

of the premises located at 61 Duffield Street, Brooklyn, NY 11201-2009, Kings County, including

work equipment apparatuses thereon, specifically a certain ladder.

3.      That at all the times herein mentioned, Defendant ROSE JULIANO, her agents,

servants, and/or employees maintained the aforementioned premises, including work equipment

apparatuses thereon, specifically a certain ladder.

4.      That at all the times herein mentioned, Defendant ROSE JULIANO, her agents,

servants, and/or employees managed the aforementioned premises, including work equipment

apparatuses thereon, specifically a certain ladder.

5.      That at all the times herein mentioned, Defendant ROSE JULIANO, her agents,

servants, and/or employees controlled the aforementioned premises, including work equipment

apparatuses thereon, specifically a certain ladder.

6.    That at all the times herein mentioned, Defendant ROSE JULIANO, her agents, servants, and/or employees constructed the aforementioned premises, including work equipment apparatuses thereon, specifically a certain ladder.

7.    That at all the times herein mentioned, Defendant ROSE JULIANO, her agents, servants, and/or employees provided work equipment apparatuses, particularly a certain ladder, to individuals lawfully upon said premises, particularly Plaintiff herein.

8.    That at all the times herein mentioned, it was the duty of Defendant, her agents, servants, and/or employees to keep and maintain said premises and work equipment and apparatuses thereon including the aforementioned ladder in a good and safe condition, and not to permit the same to become unsafe and dangerous to individuals lawfully thereon.

9.    That at all the times herein mentioned, Plaintiff ANGELA MARIA DEFEBIO was lawfully upon said ladder upon said premises.

10.    That on or about January 16, 2013, while Plaintiff ANGELA MARIA DEFEBIO was lawfully upon said ladder provided by Defendant upon said premises, Plaintiff was caused to be injured by reason of the negligence and/or willful, wanton, and gross negligence and/or want of proper care of Defendant, her agents, servants, licensees, contractors, subcontractors, employees, and/or other affiliates, and those active under their direction, behest, permission, and control.

11.    That the aforementioned incident and resulting injuries to Plaintiff ANGELA MARIA DEFEBIO were caused through no fault of her own but were solely and wholly caused by reason of the negligence and/or willful, wanton, and gross negligence and/or carelessness and want of proper care of Defendant, her agents, servants, licensees, contractors, subcontractors, employees, and/or other affiliates, and those active under their direction, behest, permission, and control in permitting and/or causing and/or allowing the aforementioned ladder provided to Plaintiff upon said premises to be, become, and/or remain in a dangerous, defective, unsteady, uneven, wobbly, shaky,

broken, unmaintained, worn, and/or deteriorated condition and/or in a state of disrepair or improper repair; in the ownership, operation, management, maintenance, contracting, subcontracting, supervision, authorized use, and/or control of the aforementioned ladder upon said premises; in failing to properly maintain said ladder provided to Plaintiff upon said premises; in causing and allowing the aforementioned ladder provided to Plaintiff upon said premises to be, become, and/or remain in a dangerous, defective, unsteady, uneven, wobbly, shaky, broken, unmaintained, worn, and/or deteriorated condition and/or in a state of disrepair or improper repair; in failing to inspect said ladder provided to Plaintiff upon said premises; in causing, creating, permitting, and allowing a trap, hazard, and/or nuisance to be, become, remain, and/or exist for an excessive and unreasonable period of time despite having actual and constructive notice; in failing to take necessary steps to alleviate said condition; in failing to undertake proper and/or adequate safety studies and/or surveys; in failing to properly inspect and/or repair said ladder provided to Plaintiff upon said premises mentioned before authorizing its use despite knowing individuals thereon, specifically Plaintiff, were required to and/or customarily would use said ladder; in failing to place any warnings, signs, barriers, ropes, and/or erect barricades or otherwise restrict use of the aforesaid ladder provided to Plaintiff upon said premises to prevent a hazard, trap, and nuisance from existing thereon and endangering individuals lawfully thereon, particularly Plaintiff herein; in failing to warn individuals thereon, particularly, Plaintiff herein, of the same; in failing to avoid, avert, an/or prevent the incident alleged herein, which was foreseeable; and/or in being otherwise negligent, careless, reckless and/or grossly negligent in the ownership management, maintenance, and control of said ladder provided to Plaintiff upon said premises. Plaintiff further relies upon the doctrine of *Res Ipsa Loquitor*.

12.     That this action falls within one or more of the exceptions set forth in NY CPLR §1602.

3

13.     That both actual and constructive notice are claimed; actual notice in that the Defendants, their agents, servants, and/or employees had actual knowledge and/or created the complained of condition; constructive notice in that Defendants knew or should have known of the condition, the same having existed for a long and unreasonable period of time.

14.     That by reason of the foregoing, Plaintiff ANGELA MARIA DEFEBIO was caused to sustain serious, harmful and permanent injuries; has been and will continue to be caused great bodily injuries and pain, shock, mental anguish; has lost ability to engage in normal pursuits and pleasures of life; has been and is informed and verily believes these injuries and losses may be permanent; has been and will be prevented from attending to usual duties; has incurred and will continue to incur great expense(s) for medical care and attention; this all to Plaintiff's damage, both compensatory and exemplary, in an amount which exceeds the jurisdictional limits of all lower courts with jurisdiction in which this claim could otherwise have been brought, thus warranting the jurisdiction of this Court.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that exceeds the jurisdictional limits of all lower courts in which this action could otherwise have been brought, thus warranting the jurisdiction of this Court, together with the costs and disbursements of this action and such other and further relief as this Court may deem just, proper, and equitable.

Dated: New York, New York
       September 18, 2013

> Yours, etc.
> THE LAW OFFICES OF BRADLEY S. HAMES, P.C.
> Attorneys for Plaintiff
> ANGELA MARIA DEFEBIO
> 15 Maiden Lane • Suite 1305
> New York, NY 10038
> (212) 729-7520

4

## VERIFICATION

STATE OF NEW YORK ⟩
⟩ ss.:
COUNTY OF NEW YORK ⟩

BRADLEY S. HAMES, ESQ., an attorney admitted to practice in the Courts of the State of New York, affirms that the following statements are true under the penalties of perjury:

That he is associated with THE LAW OFFICES OF BRADLEY S. HAMES, P.C., attorneys for Plaintiff in the within action; that he has read the foregoing SUMMONS and VERIFIED COMPLAINT and knows the contents thereof; that the same is true to her own knowledge and based upon all facts and records available and in her possession or otherwise alleged upon information and belief; that as those allegations made upon information and belief, he believes them to be true; and that this verification is made by your affirmant instead of by Plaintiff because Plaintiff does not reside within the County of New York, which is the County where your affirmant has her office.

Dated: New York, New York
          September 18, 2013

_____
BRADLEY S. HAMES, ESQ.

## CERTIFICATION

The following papers are certified pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22NYCRR):

### SUMMONS WITH VERIFIED COMPLAINT

Dated: New York, New York
September 18, 2013

Yours, etc.
THE LAW OFFICES OF BRADLEY S. HAMES, P.C.

By: _____
BRADLEY S. HAMES, ESQ.
Attorneys for Plaintiff
ANGELA MARIA DEFEBIO
15 Maiden Lane • Suite 1305
New York, NY 10038
(212) 729-7520