# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X    *Civil Action No.: 16-cv-05735*

ANGELA MARIA DEFEBIO,

                         Plaintiff,    ***DEMAND FOR
INTERROGATORIES***

       -against-

ALLSTATE INSURANCE COMPANY,

                       Defendant.

-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 33 of the Federal Rules of the

Civil Procedure, the undersigned counsel for defendant, ALLSTATE INSURANCE COMPANY

("ALLSTATE"), demands that plaintiff answer under oath the following interrogatories within

thirty (30) days after service hereof.

## DEFINITIONS

      As used in these interrogatories, the following terms are to be interpreted in accordance

with these definitions:

      1.     "Plaintiff" refers to the plaintiff named in the caption of this action, or any

predecessor or successor in interest during any period of time referred to in the Complaint herein

and through the date of the answering of the Interrogatories.

      2.     The term "person" means any natural person, firm, corporation, unincorporated

association or entity, governmental entity, partnership or group.

      3.     "Policy" refers to the Allstate Standard Homeowners Policy (Form AP315), with

policy number 043612463, that was issued to Rose T. Juliano.

      4.     In answering each Interrogatory, the answer should identify each document or

"other source" relied upon which forms a basis for the answer given or in any way corroborates

the answer given.  In identifying each such document, include the date, author's name and title of

each addressee, including every recipient of copies, the title of the document and a brief description of the nature (e.g., letter, telegram, etc.) and contents of each documents.

5.      These Interrogatories request knowledge and information from plaintiffs, their representatives and from their attorneys.

6.      "Complaint" refers to the Complaint filed in the within declaratory judgment action, originally filed in the Supreme Court of the State of New York in Kings County, under Index No.: 516531/2016, and removed to the United States District Court for the Eastern District of New York, under Civil Action No. 16-cv-05735.

7.      "Underlying Action" refers to the personal injury action commenced by plaintiff Angela Maria DeFebio against Rose Juliano in the Supreme Court of the State of New York, County of Kings, with Index No.: 505539/2013.

8.      The term "document" means, without limitation, the original and any and all drafts, versions, translations and non-identical copies of any writings (including notations or attachments or enclosures) of any kind in your possession, custody or control including, but not limited to, correspondence, e-mails or other electronic communications.

9.      "State" means to set forth fully and unambiguously every fact, relevant to the answer called for by the Interrogatories, of which plaintiff has knowledge, and to:

1.      Set forth all facts of which plaintiff has knowledge which form the basis of the allegation;

2.      Where acts or activities are involved, identify all persons who performed each act, the person on whose behalf such acts were performed, and the date and nature of each act;

3.      Identify all documents relating to the facts or acts described in answer to the relevant Interrogatory;

4.      Identify all oral communications relating to the facts or acts described in answer to the relevant Interrogatory;

5.      Identify all persons having knowledge of the facts or acts described in answer to the relevant Interrogatory; and

6. Identify the source of the information set forth and the date or approximate date on which the information was communicated to the affiant.

10. "Identify":

1. When used with reference to a natural person, to "identify" such person

requires setting forth:

(a) his or her full name;
(b) occupation;
(c) title, if any;
(d) general duties;
(e) dates of first and last employment in each position if serving any organization in any capacity whatsoever;
(f) business address;
(g) last known or present residence address;

11. When used in reference to any entity other than a natural (such as a corporation,

partnership, limited partnership, association, etc.) state:

(a) the full name of such entity;
(b) any and all other names by which such entity transacts or performs any activity, business, service or function;
(c) the address of the principal place of business of said entity;
(d) the address of all other places of business of said entity.

12. When used with reference to a document or writing set forth the

following:

(a) the nature of the document (e.g., letter, voucher, memorandum, etc.);
(b) the date of the document;
(c) identify its author in accordance with the instructions herein above regarding identification of persons, and state the name and address of any addressee of the document;
(d) the substance of the document;
(e) the present location of the document;
(f) identify the custodian of the document.

In lieu of furnishing the information required pursuant to (a) through (e) herein, you may

annex a copy of the document to your answer to the Interrogatories.

13. The terms "all" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise by beyond their scope.

14. The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

15. The word "including" means including, but not limited to.

16. The singular includes the plural and the plural includes the singular.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the Interrogatory all responses which might otherwise be construed to be outside the scope.

## INTERROGATORIES

1. Set forth the name of each person answering these Interrogatories or assisting in the preparation of any responses to any of these Interrogatories.

2. Identify the name, current or last known address, and telephone number of each person who has discoverable knowledge or information concerning the allegations in the Complaint and/or the insurance issues involved in this action.

3. State each basis for plaintiffs' contention that plaintiff is entitled to insurance coverage from ALLSTATE with respect to the underlying action.

4. State the name, current or last known address, and telephone number of each person who may be called as a witness in the trial of this matter.

5. State the name, address, telephone number, occupation and qualifications of each person whom you expect to call as an expert witness at the trial of this action.

6. For each person identified in your answer to the immediately preceding interrogatory, state the following:

The subject matter on which each person is expected to testify:

    A.    The substance of the facts and opinions to which each expert is expected to testify; and

    B.    A summary of the grounds for each opinion.

7.    Identify all witnesses, facts, documents, legal authorities and other items of evidence, both tangible and intangible that plaintiffs rely upon to support the allegations in the Complaint.

8.    Please identify all individuals for whom plaintiff or his representatives, attorneys, or anyone acting on their behalf have interviewed or have taken a statement, whether oral, written, tape recorded or otherwise regarding the subject of the complaint.

9.    Identify each and every communication plaintiff, Angela Maria DeFebio, her representatives, attorneys, or anyone acting on their behalf have had with defendant ALLSTATE, or its agents or employees, including but not limited to telephone communications, letters, emails, and/or face-to-face meetings concerning or relating to the January 24, 2013 accident, the Underlying Action or the insurance issues in the subject declaratory judgment action.

10.    Identify each and every communication of which plaintiff is aware between any other person and/or entity and defendant ALLSTATE, its agents or employees, including, but not limited to, telephone communications, letters, emails, and/or face-to-face meetings concerning or relating to the January 24, 2013 accident, the Underlying Action or the insurance issues in the subject declaratory judgment action.

11.    State each basis for plaintiff's contention that the insurance policy issued by ALLSTATE provides coverage as claimed in the Complaint.

12.    State the nature of the relationship between plaintiff and Rose T. Juliano.

13. State the date upon which plaintiff first began living at 61 Duffield Street in Brooklyn, New York.

14. State the date upon which plaintiff first began living in the first floor apartment at 61 Duffield Street in Brooklyn, New York.

15. List all addresses and/or residences of plaintiff for the 10 years prior to the January 24, 2013 accident.

16. State all individuals who resided with plaintiff in the first floor apartment at 61 Duffield Street on January 24, 2013 and indicate in which apartment such individuals resided.

17. State all individuals who resided at 61 Duffield Street on January 24, 2013 and three years prior, and indicate in which apartment such individuals resided.

18. State the amount of rent paid by plaintiff to Rose T. Juliano in January of 2013, and the amount of rent paid by plaintiff to Rose T. Juliano for the 3 years prior.

19. State the amount the plaintiff contributed to Rose T. Juliano for the utilities at 61 Duffield Street in January of 2013 and for the 3 years prior.

20. State the name of the individual in whose name the electric bill was for the first floor apartment at 61 Duffield Street in January of 2013.

21. State the name of the individual in whose name the cable bill was for the first floor apartment at 61 Duffield Street in January of 2013.

22. State the name of the individual in whose name the telephone bill was for the first floor apartment at 61 Duffield Street in January of 2013.

23. State the amount the plaintiff contributed to Rose T. Juliano for groceries at 61 Duffield Street in January of 2013 and for the 3 years prior.

24. What was the address listed on the plaintiff's license in January of 2013?

25. What was the address listed on the plaintiff's tax return in January of 2013 and for the 3 years prior?

26.     List all bank accounts that were in the plaintiff's name in January of 2013, either individually or jointly.

27.     What was the address listed on the plaintiff's bank account statements in January of 2013 and for the 3 years prior?

28.     What was the address listed on each of the plaintiff's credit card statements in January of 2013?

29.     List all credit cards that were in the plaintiff's name in January of 2013.

30.     What was the address listed on the plaintiff's credit card statements in January of 2013 and for 3 years prior.

31.     How often did plaintiff eat meals with Rose T. Juliano in January of 2013 and the 3 months prior thereto?

32.     How often did plaintiff watch television and/or spend time with Rose T. Juliano in January of 2013 and the 3 months prior thereto?

33.     Please state the name and addresses for each of the following individuals:

(a)     Plaintiff's mother;
(b)     Plaintiff's father;
(c )    Plaintiff's siblings;
(d)     Plaintiff's nieces and nephews;
(e)     Plaintiff's aunts and uncles; and,
(f)     Plaintiff's cousins.

34.     Did plaintiff own a vehicle on January24, 2013?  If so, please state:

(a)     The name of the insurance company and the address listed on the insurance policy; and,
(b)     The name of the bank if the vehicle was financed, and the address listed on the loan.

35.     Did plaintiff have a cell phone on January 24, 2013?  If so, please state the name of the service provider and the address listed on the cell phone bills.

**PLEASE TAKE FURTHER NOTICE** that the foregoing Interrogatories shall be deemed continuing so as to require supplemental responses and submission of further statements,

reports or records if plaintiff obtains information, statements, reports or records of a character called for by the Interrogatories between the time these Interrogatories are answered and the time of trial.

Dated:  Islandia, New York
        November 14, 2016

                                    Yours, etc.,

                                    LEWIS JOHS AVALLONE AVILES, LLP

                  By:      _____
                                    KAREN M. BERBERICH
                                    One CA Plaza, Suite 225
                                    Islandia, New York 11749
                                    (631) 755-0101
                                    *Attorneys for Defendant*
                                    *ALLSTATE INSURANCE COMPANY*
                                    LJAA File No.: 0186.2394

*TO:*
BERSON & BUDASHEWITZ, LLP
Attn.:  Jeffrey Berson, Esq.
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1305
New York, New York 10038
(212) 945-5000

# *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF SUFFOLK  )

    *Joanne Archipolo*, being duly sworn, deposes and says:

    The deponent is not a party to the within action, is over 18 years of age, and resides in Commack, New York.

    That on the 21st day of November, 2016, deponent served the within *DEMAND FOR INTERROGATORIES* on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for the purpose:

BERSON & BUDASHEWITZ, LLP
Attn.: Jeffrey Berson, Esq.
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1305
New York, New York 10038
(212) 945-5000

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
*Joanne Archipolo*

Sworn to before me this
21st day of November, 2016.

_____
JO ANNE F. PETTY
Notary Public, State of New York
Registration No.9460575
Qualified in Suffolk County
Commission Expires February 28, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ANGELA MARIA DEFEBIO,                              **Civil Action No:**

                                                   **16-cv-05735**

                              Plaintiff,

          -against-

ALLSTATE INSURANCE COMPANY,

                              Defendant.

---------------------------------------------------------------------X

## **RESPONSE TO DEMAND FOR INTERROGATORIES**

1. Plaintiff's counsel Jeffrey A. Berson

2. Plaintiff, Angela Maria DeFebio,  61 Duffield Street, Brooklyn, NY 11201, (347)858- 2384; Rose T. Juliano, 61 Duffield Street, Brooklyn, NY 11201; Ann-Marie Griffin, Senior Claims Service Consultant, Allstate Insurance Company, 878 Veterans Memorial Hwy, Ste 200, Hauppauge, NY 11788.

3. Plaintiff's basis for her contention that her claim, suit and judgment against Rose T. Juliano should be covered by Allstate is that Allstate provided liability insurance, including coverage for bodily injury, to Rose T. Juliano that was in effect on the date of the accident and that Allstate has not and cannot effectively disclaim its responsibility to indemnify and cover its

insured Rose T. Juliano on the claim made against her by Plaintiff, Angela Maria DeFebio.

4. Plaintiff, Angela Maria DeFebio,  61 Duffield Street, Brooklyn, NY 11201, (347)858- 2384; Rose T. Juliano, 61 Duffield Street, Brooklyn, NY 11201; Ann-Marie Griffin, Senior Claims Service Consultant, Allstate Insurance Company, 878 Veterans Memorial Hwy, Ste 200, Hauppauge, NY 11788.

5. Plaintiff does not intend to call any expert witnesses in this matter.

6. Plaintiff does not intend to call any expert witnesses in this matter.

7. Objection in that the question is overly broad and unduly burdensome. To the extent the question can be answered, please see the following: Witnesses: Plaintiff, Angela Maria DeFebio,  61 Duffield Street, Brooklyn, NY 11201, (347)858- 2384; Rose T. Juliano, 61 Duffield Street, Brooklyn, NY 11201; Ann-Marie Griffin, Senior Claims Service Consultant, Allstate Insurance Company, 878 Veterans Memorial Hwy, Ste 200, Hauppauge, NY 11788. Documents: Allstate Insurance Policy covering Rose T. Juliano on the date of accident, all letters sent by Allstate to its insured and the plaintiff; and the entire Allstate claims file. Legal Authorities: Applicable case law and Statutes.

8. None.

9. Plaintiff, by her attorneys, sent multiple correspondences to Allstate placing them on notice of the claim, suit and judgment.

10. None.

11. Plaintiff's basis for her contention that her claim, suit and judgment against Rose T. Juliano should be covered by Allstate is that Allstate provided liability insurance, including coverage for bodily injury, to Rose T. Juliano that was in effect on the date of the accident and that Allstate has not and cannot effectively disclaim its responsibility to indemnify and cover its insured Rose T. Juliano on the claim made against her by Plaintiff, Angela Maria DeFebio.

12. Rose T. Juliano and Angela Maria DeFebio are cousins.

13. Plaintiff has resided at 61 Duffield Street for over ten years before the date of the accident.

14. Plaintiff began residing in the 1st Floor apartment approximately four and half years ago.

15. Plaintiff resided at 61 Duffield Street on the date of accident and for ten years prior thereto.

16. Plaintiff and Rose T. Juliano resided at the first floor of 61 Duffield Street on January 24, 2013.

17. On January 24, 2013 and for three years prior thereto the following people resided at 61 Duffield Street 1st floor: Rose T. Juliano and Angela Maria DeFebio; 2nd Floor Rafiatu Tahiru and Elvira DeFebio; 3rd Floor Justin Grant, Anike Grant and  Brian Grice

18. Monthly rent was $600 for January 2013 and for three years prior thereto.

19.  Plaintiff did not contribute for the utilities at 61 Duffield Street in January 2013 nor did she contribute for three years prior thereto.

20. Electric bill for first floor apartment was in Rose T. Juliano's name in January of 2013.

21.  Cable bill for first floor apartment was in Rose T. Juliano's name in January of 2013.

22. Telephone bill for first floor apartment was in Rose T. Juliano's name in January of 2013. Plaintiff maintained a separate cellular phone in her name.

23.  Plaintiff did not contribute to Rose T. Juliano for groceries as she purchased her own groceries separately.

24. The address on plaintiff's license in January of 2013 was 61 Duffield Street Apartment 1 Brooklyn, NY 11201.

25-30 Plaintiff objects to interrogatories 25-30 and their subparts in that they exceed the number of interrogatories allowed under Rule 33 (a)(1) of the Federal Rules of Civil Procedure.

Dated:    New York, New York
           February 3, 2017

Yours etc.,

**BERSON & BUBASHEWITZ, LLP**

By:   JEFFREY BERSON, ESQ.
Trial Counsel to Attorney for Plaintiff
15 Maiden Lane, Suite 1305
New York, New York 10038
(212) 945-5000

To:  **LEWIS JOHS**
**AVALLONE AVILES LLP**
Attorneys for Defendant
One CA Plaza-Suite 225
Islandia, New York 11749
(631) 755-0101

## PLAINTIFF'S VERIFICATION (RESPONSE TO INTERROGATORIES)

STATE OF NEW YORK     )
                            ) ss:

COUNTY OF NEW YORK  )

ANGELA DEFEBIO being duly sworn, deposes and states the following under the penalties of perjury:

I am the Plaintiff in the within action. I have read the foregoing Response to Demand for Interrogatories and know the contents thereof which are true to my own knowledge, except as the matters therein stated to be alleged on information and belief, and as to these matters, I believe it to be true.

I have personal knowledge of said facts based upon my personal experience, observations, records and conversations.

Dated: New York, New York
       March 29 , 2017

X _Angela DeFebio_
ANGELA DEFEBIO

Sworn to before me this
29th day of March, 2017

_____
Notary Public

IGOR YENTIS
Notary Public - State of New York
NO. 01YE6275883
Qualified in Richmond County
My Commission Expires 2|A|21