UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGELA MARIA DEFEBIO,

                                    Plaintiff,

     -against-

ALLSTATE INSURANCE COMPANY,

                                    Defendant.
-----------------------------------------------------------------X

**Civil Action No.**
**16-cv-05735 (DLI)**

## DECLARATION OF ANN-MARIE GRIFFIN IN SUPPORT OF ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Ann-Marie Griffin, under penalty of perjury, deposes and says:

1.    I am a Senior Claim Service Consultant with Allstate Insurance Company ("Allstate"). I have been employed by Allstate for 27 years.

2.    Attached as **Exhibit "G"** is a true and accurate certified copy of the Allstate Standard Homeowners policy (Form AP315) with policy number xxxxx2588 (hereinafter the "Policy") issued to Rose T. Juliano which was in effect on January 16, 2013.

3.    On January 23, 2013 Rose T. Juliano first notified Allstate about the accident involving Angela Maria DeFebio. The claim was assigned claim number 0274065408 and was assigned to me for handling.

4.    During my discussions with Rose T. Juliano, I learned that Angela Maria DeFebio is her cousin who resides in her apartment. A statement was secured from Rose T. Juliano on February 6, 2013 confirming that Angela Maria DeFebio is her cousin and that Rose T. Juliano and Angela Maria DeFebio both reside in the first floor apartment located at 61 Duffield Street, in Brooklyn, New York.

5.    Further, as part of the claim investigation, I obtained a copy of the deed to the insured property.  Attached as **Exhibit "H"** is a true and accurate copy of the deed.

5.    On February 25, 2013 Allstate sent a letter to Rose T. Juliano disclaiming coverage for the accident based upon the fact that Angela Maria DeFebio is an "insured person" as that term is defined in the Policy and, therefore, the exclusion for bodily injury to an "insured person" applies under the liability coverage portion of the Policy (Coverage X) and the exclusion for bodily injury to an "insured person" or regular resident of the insured premises applies under the Guest Medical Protection portion of the Policy (Coverage Y).  Attached as **Exhibit "I"** is a true and accurate copy of the letter from Allstate to Rose T. Juliano dated February 25, 2013.

6.    On or about September 30, 2013 Allstate received a copy of a Summons and Complaint filed by plaintiff Angela Maria DeFebio in the Underlying Action.  On October 18, 2013 Allstate sent a letter to Rose T. Juliano restating its coverage position and disclaiming coverage for the accident and the Underlying Action.  Attached as **Exhibit "J"** is a true and accurate copy of the letter from Allstate to Rose T. Juliano dated October 18, 2013.

7.    On August 10, 2016 Allstate received a copy of a Judgment in the amount of $306,755.00 against Rose Juliano in the Underlying Action ("Judgment") with Notice of Entry from plaintiff's attorney.  Attached as **Exhibit "K"** is a true and accurate copy of the Judgment with Notice of Entry.

8.    On August 22, 2016 Allstate sent a letter to plaintiff's attorney restating it coverage position disclaiming any obligation under the Policy for payment of the Judgment because plaintiff is an "insured person" as that term is defined in the Policy and the Policy excludes coverage for bodily injury to an "insured person." Attached as **Exhibit "L"** is a true

and accurate copy of the letter from Allstate to plaintiff's attorney dated August 22, 2016.

DATED:  Hauppauge, New York
         September 14, 2017

_Ann-Marie Griffin_
ANN-MARIE GRIFFIN