UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGELA MARIA DEFEBIO,

                                 Plaintiff,

    -against-

ALLSTATE INSURANCE COMPANY,

                              Defendant.

-----------------------------------------------------------------X

**Civil Action No.:**
**16-cv-05735 (DLI)**

**Date of Service:**
**9/15/17**

## ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT <u>PURSUANT TO FEDERAL RULE 56</u>

Respectfully Submitted,

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
One CA Plaza, Suite 225
Islandia, New York 11749
(631) 755-0101
Kmberberich@lewisjohs.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................i

PRELIMINARY STATEMENT ..........................................................................1

STATEMENT OF FACTS...................................................................................2

STANDARD OF REVIEW...................................................................................2

ARGUMENT

POINT I
NEW YORK LAW APPLIES................................................................................3

A. Choice of Law..............................................................................................3

B. New York Law on Insurance Coverage Disputes........................................4

POINT II
NO COVERAGE IS AFFORDED UNDER THE ALLSTATE POLICY................6

A. Plaintiff is an "Insured Person" under the Policy........................................6
   1.  Plaintiff is a Relative of the Insured.....................................................7
   2.  Plaintiff is a Resident of the Insured's Household...............................7
       a.  Plaintiff was a Resident of the First Floor Apartment .................8
       b.  Plaintiff and Rose Juliano were Part of the Same Household.......9

         i.  What is a Household.................................................................9

        ii.  New York Cases Holding that the Parties were Members
           of the Same Household as a Matter of Law.........................10

       iii.  New York Cases Holding that the Parties were not Members
           of the Same Household as a Matter of Law.........................13

       iv.  The Facts Applied to the Relevant Case Law
           Establishes that Plaintiff and Rose Juliano
           Were Members of the Same Household.................................14

B. The Exclusion for Bodily Injury to an Insured Applies
   to Bar Coverage Herein..............................................................................15

CONCLUSION ..................................................................................................16

# TABLE OF AUTHORITIES

*Artis v. Aetna Cas. & Sur. Co.,*
256 A.D.2d 429 (2d Dep't 1998) .......................................................................... 10, 16

*Auerbach v. Otsego Mut. Fire Ins. Co.,*
36 A.D.3d 840 (2d Dep't 2007) ................................................................................. 9

*Auten v. Auten,*
308 N.Y. 155 (1954) ................................................................................................. 4

*Breed v. Ins. Co. of N. Am.,*
46 N.Y.2d 351 (1978) ............................................................................................... 5

*Brown v. Eli Lilly & Co.,*
654 F.3d 347 (2d Cir. 2011) ................................................................................ 2, 3

*Canfield v. Peerless Ins. Co.,*
262 A.D.2d 934 (4th Dep't 1999) ............................................................................. 8

*Cincinnati Indem. Co. v. Martin,,*
85 Ohip St.3d 604 (1999) ......................................................................................... 8

*Commercial Mut. Ins. Co. v. Wagschall,*
256 A.D.2d 300 (2d Dep't 1998) .............................................................................. 8

*Consolidated Edison Co. of N.Y. v. Allstate Ins. Co.,*
98 N.Y.2d 208 (2002). ......................................................................................... 4, 5

*Cragg v. Allstate Indem. Corp.,*
17 N.Y.3d 118 (2011) ..................................................................................... 5, 15, 16

*Denn v. Vanguard Insurance Co.,*
707 F.Supp. 104 (E.D.N.Y. 1989) ..................................................................... 12, 13

*Doninger v. Niehoff,*
642 F.3d 334 (2d Cir. 2011) ..................................................................................... 2

*Fiore v. Excelsior Ins.,*
276 A.D.2d 895 (3d Dep't 2000) ............................................................................... 8

*i*

*General Assur. Co. v. Schmitt,*
265 A.D.2d 299 (2d Dep't 1999) .................................................................... 9, 13, 14, 16

*GlobalNet Financial.Com Inc. v. Frank Crystal & Co., Inc.,*
449 F.3d 377 (2d Cir. 2006) ............................................................................ 3

*Hartford Ins. Co. of Midwest v. Casella,*
278 A.D.2d 417 (2d Dep't 2000) ..................................................................... 13, 14

*Hooper Assoc. v. AGS Computers,*
74 N.Y.2d 487 (1989) ...................................................................................... 5

*Howard & Norman Baker, Ltd. v. American Safety Cas. Ins. Co.,*
75 A.D.3d 533 (2d Dep't 2010). ...................................................................... 5

*In re Liquidation of Midlands Ins. Co.,*
16 N.Y.3d 536 (2011) ...................................................................................... 3

*Jeffreys v. City of New York,*
426 F.3d 549 (2d Cir. 2005) ............................................................................ 3

*Korson v. Preferred Mut. Ins. Co.,*
39 A.D.3d 483 (2d Dep't 2007) ....................................................................... 7, 8, 12, 16

*Kradjian v. American Mfrs. Mut. Ins. Co.,*
206 A.D.2d 801 (3d Dep't 1997) ..................................................................... 8

*LaPolla Industries, Inc. v. Aspen Specialty Ins. Co.,*
962 F.Supp.2d 479 (E.D.N.Y. 2013) .............................................................. 3

*Linder v. Wilkerson,*
2 A.D.3d 500 (2d Dep't 2003) ......................................................................... 8

*Matter of Hartford Ins. Co. of Midwest v. Casella,*
278 A.D.2d 417 (2d Dep't 2000); .................................................................... 9, 13, 14

*McCarthy v. Dun & Bradstreet Corp.,*
482 F.3d 184 (2d Cir. 2007) ............................................................................ 2

*Merzier v. Allstate Ins. Co.,*
222 Misc.3d 1124(A) *3 (Sup. Ct. Kings Cty., 2009) .................................... 11, 16

*New York Cent. Mut. Fire Ins. Co. v. Kowalski,*
195 A.D.2d 940 (3d Dep't 1997) ..................................................................... 8

*Presbyterian Church of Sudan v. Talisman Energy, Inc.*,
582 F.3d 244 (2d Cir. 2009)..................................................................................... 2, 3

*Ramos v. Baldor Specialty Foods, Inc.*,
687 F.3d 554 (2d Cir. 2012)......................................................................................... 2

*Raymond Corp. v. Nat'l Union Fire Ins. Co.*,
5 N.Y.3d 157 (2005) ..................................................................................................... 4

*Sanabria v. American Home Assur. Co.*,
68 N.Y.2d 866 (1986) ................................................................................................... 5

*Schaut v. Firemen's Ins. Co. of Newark*,
130 A.D.2d 477 (2d Dep't 1987) .................................................................................. 9

*Shelby Cas. Ins. Co. v. Compono*,
8 A.D.3d 357 (2d Dep't 2004) ....................................................................... 11, 12, 16

*Slatter Skanska, Inc. v. American Home Ass'n Inc.*,
67 A.D.3d 1 (1st Dep't 2009)........................................................................................ 4

*Smith v. Pennsylvania Gen. Ins. Co.*,
32 A.D.2d 854 (3d Dep't 1969)..................................................................................... 7

*Smith v. State Farm Fire & Cas. Co.*,
56 A.D.3d 652 (2d Dep't 2008)..................................................................................... 7

*State Farm Mut. Auto. Ins. Co. v. Nater*,
22 A.D.3d 762 (2d Dep't 2005)................................................................................... 13

*State of New York v. Home Indem. Co.*,
66 N.Y.2d 669 (1985)..................................................................................................... 5

*Town of Harrison v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
89 N.Y.2d 308 (1996) .................................................................................................... 4

*Vigilant Ins. Co. v. Bear Stearns Co., Inc.*,
10 N.Y.3d 176 (2008) .................................................................................................... 5

*White v. Continental Cas. Co.*,
9 N.Y.3d 264 (2007) ...................................................................................................... 5

*Whirlpool Corp. v. Ziebert*,
197 Wis.2d 144 (1995) ................................................................................................ 16

*iii*

*York Restoration Corp. v. Solty's Const. Inc.*,
79 A.D.3d 861 (2d Dep't 2010)........................................................................................ 5

*Zalaski v. City of Bridgeport Police Dep't*,
613 F.3d 336 (2d Cir. 2010)............................................................................................. 2

*Zurich Ins. Co. v. Shearson Lehman Hutton*,
84 N.Y.2d 309 (1994) ....................................................................................................... 4

## RULES AND LAWS

Fed. R. Civ. P. 56........................................................................................................... 1

Fed. R. Civ. P. 56(a) ..................................................................................................... 2

## OTHER MATERIALS

*Restatement [Second] of Conflict of Laws* §188[1] .......................................................... 4

*Restatement [Second] of Conflict of Laws*, §193.............................................................. 4

American Heritage Dictionary............................................................................................ 9, 15

Black's Law Dictionary Free Online Legal Dictionary, 2nd Edition ................................. 9, 15

Webster's New World College Dictionary ......................................................................... 9, 15

Defendant, Allstate Insurance Company (hereinafter "Allstate"), by and through its attorneys, Lewis Johs Avallone Aviles LLP, respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The instant litigation was commenced by plaintiff, Angela Maria DeFebio, seeking a determination that Allstate is obligated to indemnify its insured, Rose Juliano, for a judgment that plaintiff obtained against her in an underlying personal injury action entitled *Angela Maria Defebio v. Rose Juliano* (hereinafter "Underlying Action") which was filed in the Supreme Court, Kings County under index number 505339/2013. Plaintiff and Rose Juliano are cousins who live together. In the Underlying Action, Angela Maria DeFebio, alleges that she sustained injuries while hanging curtains in their apartment.

Succinctly stated, this litigation is an insurance coverage dispute. Plaintiff claims that Allstate breached the policy of insurance issued to Rose Juliano by failing to indemnify her for the judgment plaintiff obtained against her in the Underlying Action. However, Allstate will demonstrate that Rose Juliano was not entitled to defense or indemnification in the Underlying Action. The Allstate policy[1] under which plaintiff is seeking coverage excludes coverage for bodily injury to an "insured person." The definition of "insured person" in the policy includes any relative who resides in the named insured's household. The plaintiff is a relative who resides in the named insured's household and, therefore, is an "insured person" under the policy.

---

[1] The policy referenced throughout this Memorandum of Law is the Standard Homeowners Policy (Form AP315) with policy number xxxxx2463 issued by Allstate to Rose T. Juliano with effective dates of January 26, 2012 through January 26, 2013 which is attached to the Declaration of Ann-Marie Griffin as Exhibit G.

1

As such, the exclusion for bodily injury to an insured person applies and bars coverage in this matter.  Thus, Allstate is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

Allstate refers the Court to its Statement of Uncontested Facts in Support of its Motion for Summary Judgment for a full recitation of the facts herein.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See Doninger v. Niehoff,* 642 F.3d 334, 344 (2d Cir. 2011).  "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted).  "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotations omitted).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).  Once movant has met its burden, the party opposing the motion "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).  Only admissible evidence should be considered in a motion for summary judgment. *Presbyterian Church of Sudan v. Talisman*

2

*Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009). The parties cannot rely on conclusory allegations or unsubstantiated speculation to either support or defeat a motion for summary judgment. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005); *Brown*, 654 F.3d at 358.

In the instant case, there are no issues of material fact regarding Allstate's coverage obligations to its insured in the Underlying Action. The facts herein demonstrate that plaintiff is an "insured person" as that term is defined in the policy. She is a relative that resides in Rose Juliano's household. Therefore, the exclusion for bodily injury to an insured person applies to bar coverage. As such, there is no coverage for the damages claimed by the plaintiff and Allstate has no obligation to pay the judgment against the insured.

## ARGUMENT

### POINT I
### NEW YORK LAW APPLIES

#### A.    Choice of Law

Jurisdiction in this action is premised on diversity. Plaintiff is a resident of the State of New York. *See* SOF, ¶ 1. Defendant is an insurance company with its principal place of business in Illinois, which is authorized to issue insurance policies in the State of New York. *See* SOF, ¶ 2.

A federal court sitting in diversity applies the choice of law rules of the forum state, here, New York. *GlobalNet Financial.Com Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 382 (2d Cir. 2006). Under New York's choice-of-law rules, New York courts apply a "center of gravity" or "grouping of contacts" to their choice of law determination. *LaPolla Industries, Inc. v. Aspen Specialty Ins. Co.*, 962 F.Supp.2d 479, 485 (E.D.N.Y. 2013). The New York State Court of Appeals in *In re Liquidation of Midlands Ins. Co.*, 16 N.Y.3d 536, 543-44 (2011) explained that:

3

. . . New York has long recognized "'the use of 'center of gravity' or 'grouping of contacts' as the appropriate analytical approach to choice-of-law questions in contract cases." (*Zurich Ins. Co. v. Shearson Lehman Hutton*, 84 N.Y.2d 309, 317 (1994); *see also, Auten v. Auten*, 308 N.Y. 155, 160-161 (1954)). "The purpose of grouping contacts is to establish which state has 'the most significant relationship to the transaction and the parties.'" (*Zurich*, 84 N.Y.2d at 317 quoting *Restatement [Second] of Conflict of Laws* ▯188[1]). In *Auten*, we held that application of the "grouping of contacts" theory to choice-of-law disputes 'gives...the place having the most interest in the problem paramount control over the legal issues arising out of a particular factual context, thus allowing the forum to apply the policy of the jurisdiction most intimately concerned with the outcome of the particular litigation." (308 N.Y. at 161 [internal quotation marks, brackets and citation omitted]). In the context of liability insurance contracts, the jurisdiction with the most "significant relationship to the transaction and the parties" will generally be the jurisdiction "which the parties understood was to be the principal location of the insured risk...unless with respect to the particular issue, some other [jurisdiction] has a more significant relationship" (*Zurich*, 84 N.Y.2d at 318 quoting *Restatement [Second] of Conflict of Laws*, ▯193).

The "center of gravity" or "grouping of contacts" in this case points to the application of New York law. The Underlying Action was commenced in New York's state court. *See* Ex. C.[2] Further, all of the acts or omissions attributed to the defendant in the Underlying Action are alleged to have occurred in New York. *Id.* The plaintiff seeks coverage under an Allstate policy that was written in New York, for a risk located in New York. *See* Ex. A & G. Accordingly, New York law should be applied in resolving this insurance coverage dispute.

**B.    New York Law on Insurance Coverage Disputes**

The interpretation of an insurance policy is a question of law. *Town of Harrison v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 89 N.Y.2d 308, 316 (1996); *Slatter Skanska, Inc. v. American Home Assur. Co.*, 67 A.D.3d 1, 14 (1st Dep't 2009). When resolving a dispute over insurance coverage, courts should first look to the language of the policy. *Raymond Corp. v. Nat'l Union Fire Ins. Co.*, 5 N.Y.3d 157, 162 (2005); *Consolidated Edison Co. of N.Y., Inc. v. Allstate Ins.*

---

[2] All exhibits are attached to the Declaration of Karen M. Berberich and the Declaration of Ann-Marie Griffin filed contemporaneously herewith in support of Allstate's Motion for Summary Judgment and are referred to herein as "Ex."

4

*Co.*, 98 N.Y.2d 209, 221(2002); *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 354 (1978). "[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." *Sanabria v. American Home Assur. Co.*, 68 N.Y.2d 866, 868 (1986) quoting *State of New York v. Home Indem. Co.*, 66 N.Y.2d 669, 671 (1985). As with the interpretation of all contracts, "unambiguous provisions of an insurance contract must be given their plain and ordinary meanings, and the interpretation of such provisions is a question of law for the court." *White v. Continental Cas. Co.*, 9 N.Y.3d 264, 267 (2007); *see also Vigilant Ins. Co. v. Bear Stearns Co., Inc.*, 10 N.Y.3d 176, 177 (2008); *Howard & Norman Baker, Ltd. v. American Safety Cas. Ins. Co.*, 75 A.D.3d 533 (2d Dep't 2010). Courts should construe policy terms "in a way that affords a fair meaning to all the language employed by the parties in the contract and leave no provision without force and effect." *Consolidated Edison Co. of N.Y.*, 98 N.Y.2d at 221-22, quoting *Hooper Assoc. v. AGS Computers*, 74 N.Y.2d 487, 493 (1989). Insurance policies "must be interpreted according to common speech consistent with the reasonable expectation of the average insured." *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 122 (2011).

In the context of insurance disputes, it is generally "for the insured to establish coverage and for the insurer to prove that an exclusion in the policy applies to defeat coverage." *Consolidated Edison Co. of N.Y. Inc.*, 98 N.Y.2d at 218; *see also York Restoration Corp. v. Solty's Const. Inc.*, 79 A.D.3d 861, 862 (2d Dep't 2010). Whether the issue in a coverage dispute involves one of coverage (placing the burden on the insured), or a matter of exclusion (placing the burden on the insurer), centers on the language of the insurance policy. *Consolidated Edison Co. of N.Y. Inc.*, 98 N.Y.2d at 218.

5

## POINT II
## NO COVERAGE IS AFFORDED UNDER THE ALLSTATE POLICY

The Allstate policy provided to Rose Juliano clearly and unambiguously excludes coverage for bodily injury to an "insured person." *See* Ex. G; SOF ¶¶ 9-11, 14. The policy exclusion states as follows:

### *Losses We Do Not Cover Under Coverage X:*

> 2.    **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

*See* Ex. G; SOF ¶ 10. As plaintiff is an "insured person" as that term is defined in the policy this exclusion applies to bar coverage for the bodily injury she sustained in the accident.

**A.    Plaintiff is an "Insured Person" under the Policy**

An "insured person" includes relatives of the named insured who reside in her household. *See* SOF ¶ 11, 14. Specifically, in relevant part, the policy defines an "insured person" as follows:

> 3.    **"Insured person(s)"** – means **you** and, if a resident of **your** household:
> a)    any relative; and
> b)    any dependent person in **your** care.

*See* Ex. G; SOF ¶ 11. **"You"** is defined in the policy as the person named on the Policy Declarations as the insured, which in this case is Rose Juliano. *See* Ex. G. As set forth in detail *infra*, plaintiff is a relative of Rose Juliano and she resides in her household. Therefore, she is an "insured person" as that term is defined in the Allstate policy. As an "insured person" she is not entitled to coverage for her own bodily injury.

6

1. **Plaintiff Is a Relative of the Insured**

In order for plaintiff to be an "insured person" as defined in the Allstate policy, it must first be determined that plaintiff is a relative of the named insured, Rose Juliano. *See* SOF ¶ 11, 14. Since the term "relative" is not defined in the policy, it is necessary to turn to the New York courts' interpretation of the term in order to determine what level of relationship is required. *See* Ex. G. Where a term in an insurance policy is undefined, it must be interpreted consistently with its plain and ordinary meaning. *See Korson v. Preferred Mut. Ins. Co.*, 39 A.D.3d 483, 484 (2d Dep't 2007). In the case of the term "relative," courts have determined that its plain and ordinary meaning means that the term includes "persons related by close affinity if not consanguinity." *See Korson*, 39 A.D.3d at 484. This is a broad definition of the term "relative" that extends beyond the requirement of a blood relationship. Consequently, New York Courts have found that step-children and in-laws are "relatives" for insurance coverage purposes. *See Smith v. State Farm Fire & Cas. Co.*, 56 A.D.3d 652, 652-53 (2d Dep't 2008); *Smith v. Pennsylvania Gen. Ins. Co.*, 32 A.D.2d 854, 854 (3d Dep't 1969).

In the instant matter, plaintiff is a blood relative of the insured. Plaintiff and Rose Juliano are cousins. *See* SOF ¶ 23. Plaintiff's mother and Rose Juliano's mother were sisters. *Id.* Therefore, their relationship is one of consanguinity. As they have a blood relationship, there can be no question that plaintiff is a relative of the insured for purposes of insurance coverage. Indeed, plaintiff readily admits that she is relative of the insured. *See* SOF ¶ 22.

2. **Plaintiff is a Resident of the Insured's Household**

Next, in order for plaintiff to be an "insured person" as defined in the Allstate policy, it must also be determined that plaintiff is a resident of the insured's household.

7

### a.   Plaintiff was a Resident of the First Floor Apartment

The term "resident" is not defined in the policy. *See* Ex. G. Therefore, we must look to the courts' interpretation of the term "resident." *See Korson*, 39 A.D.3d at 483. Courts have held that residency requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain. *See Linder v. Wilkerson*, 2 A.D.3d 500, 501-502 (2d Dep't 2003); *Commercial Mut. Ins. Co. v. Wagschall*, 256 A.D.2d 300, 301 (2d Dep't 1998); *Fiore v. Excelsior Ins.*, 276 A.D.2d 895, 896 (3d Dep't 2000); *Kradjian v. American Mfrs. Mut. Ins. Co.*, 206 A.D.2d 801, 802 (3d Dep't 1993); *New York Cent. Mut. Fire Ins. Co. v. Kowalski*, 195 A.D.2d 940, 941 (3d Dep't 1997); *Canfield v. Peerless Ins. Co.*, 262 A.D.2d 934, 934–935 (4th Dep't 1999).

Here, the evidence shows that plaintiff had been living at the insured premises for at least ten years, and that she began living in the first floor apartment approximately five years ago. *See* SOF ¶27. Plaintiff has not had any other residence for the last ten years. *Id.* Further, the evidence shows that for at least three years before the accident plaintiff and Rose Juliano resided together in the first floor apartment. *See* SOF ¶ 24. Plaintiff used the first floor apartment as her address on her driver's license. *See* SOF ¶ 26. Therefore, plaintiff certainly meets the requirement of having a physical presence with a degree of permanence and intention to remain as required to be a "resident" of the first floor apartment under New York case law. *See Wagschall*, 256 A.D.2d at 301 (holding that defendants were residents of the insured's household when they lived together for two years before the accident, did not have any other residence, and used the address as their residence on official records).

8

**b.      Plaintiff and Rose Juliano were Part of the Same Household**

The term "household" when used in insurance policies, has been characterized as being devoid of one fixed meaning such that its interpretation must include an inquiry into the intent of parties to the insurance contract. *See Auerbach v. Ostego Mut. Fire Ins.*, 36 A.D.3d 840, 841 (2d Dep't 2007); *Matter of Hartford Ins. Co. of Midwest v. Casella,* 278 A.D.2d 417, 418 (2d Dep't 2000); *General Assur. Co. v. Schmitt,* 265 A.D.2d 299, 300 (2d Dep't 1999); *Schaut v. Firemen's Ins. Co. of Newark*, 130 A.D.2d 477, 479 (2d Dep't 1987). The interpretation must reflect the reasonable expectation of the ordinary business person and the meaning which would be given it by the average person. *Id.* The circumstances particular to each case must be considered in construing the meaning of the term. *Id.* Therefore, the courts look to the individual circumstances of each case to determine if an average person would consider the parties to be members of the same household. Here, the totality of the factual circumstances compels a finding that plaintiff and Rose Juliano were part of the same household.

**i.      What is a Household?**

The starting place in determining whether plaintiff is a member of Rose Juliano's household is to look at the definitions of the word "household" in order to obtain a meaning that would be attributable to the average person. Definitions include:

- A family living together. Those who dwell under the same roof and compose a family. *See* Black's Law Dictionary Free Online Legal Dictionary, 2nd Edition (citations omitted).

- The person or persons who live in one house, apartment, etc.; variously, one person or group, esp. a family. *See* Webster's New World College Dictionary.

- 1. A domestic unit consisting of the members of a family who live together along with nonrelatives such as servants. 2. The living spaces and possessions belonging to such a unit. *See* American Heritage Dictionary.

9

Therefore, in looking at the definitions above, the key characteristic to determining whether parties are members of the same household is whether they "live together" "under the same roof" "in one house or apartment." The facts herein indisputably establish that plaintiff and Rose Juliano "lived together" "under the same roof" "in the same house or apartment." Indeed, when it can it can be determined by the facts presented that the parties "live together" "under one roof", "in one house or apartment" then New York courts have held the parties are members of the same household as a matter of law.

### ii.      New York Cases Holding that the Parties were Members of the Same Household as a Matter of Law

For example, in *Artis v. Aetna Cas. & Sur. Co.*, 256 A.D.2d 429, 429-30 (2d Dep't 1998), a case similar to the instant matter involving the same policy exclusion, the plaintiff, Shirley Artis, rented a room in a one-family home owned by her niece, Carrie Ann Daniels and Joe Daniels (the "Daniels"). *Id.* at 430. The plaintiff sustained injuries when she slipped and fell in the house. *Id.* Plaintiff commenced a personal injury action against the Daniels. *Id.* When the Daniels failed to appear in the action, a default judgment was entered against them. *Id.* The Daniels maintained a homeowners policy of insurance with Aetna Casualty & Surety Company ("Aetna"). *Id.* Aetna denied coverage because the plaintiff was a named insured's aunt and a resident in the household. *Id.* The plaintiff commenced an action for a judgment declaring that Aetna was obligated to pay the plaintiff the amount of the judgment entered against the Daniels on their behalf. *Id.* Aetna moved for summary judgment arguing that the plaintiff's claims were barred by an exclusion in the policy as the plaintiff was a resident relative of a named insured. *Id.* The Court held that in the situation where the insured's Aunt was renting a room *in her house*, and the two were *living together* that she was a resident relative for purposes of the same policy exclusion at issue herein. Because they "lived together" "under the same roof" "in one

10

house or apartment" the Court properly determined that the parties were members of one household.

Another instructive case with a similar factual scenario is *Merzier v. Allstate Ins. Co.*, 222 Misc.3d 1124(A) at *3 (Sup. Ct. Kings Cty., 2009). Here, the plaintiff was found to be a resident relative of the insured. *Id.* The plaintiff and the insured were sisters, and the plaintiff had a room in the insured's home. *Id.* Plaintiff argued that her household was separate from her sister's household because she pays rent for a room within the same apartment, and they both had separate rooms, cookware, mealtimes and shopping arrangements. *Id.* However, the sisters shared the remainder of the premises, and the evidence revealed that they shared the kitchen and bathroom facilities, the living room, gas and electric connections, telephone service and a common entrance to the apartment. *Id.* Furthermore, plaintiff's sister paid the utilities bills and plaintiff did not receive separate bills. *Id.* Thus, the Court determined that plaintiff was a relative who resided within the same household as the insured and, therefore, was excluded from coverage under Allstate's policy. *Id.* Here, the sisters certainly "lived together" "under the same roof" "in one apartment" evidenced by the fact that they shared the living spaces in the apartment including the kitchen, bathroom facilities, and living room, shared the gas and electric connections and telephone service, and shared a common entrance to the apartment. Therefore, the Court properly determined that the parties were members of one household.

Moreover *Shelby Cas. Ins. Co. v. Compono*, 8 A.D.3d 357, 358 (2d Dep't 2004) is also instructive. In this case, the Court addressed the issue of whether a mother and daughter resided in one household. *Id.* The daughter brought a personal injury action against her mother alleging that her mother's dog bit her. *Id.* Pursuant to the policy issued to the daughter, coverage for personal liability excluded bodily injured to an "insured" which included any relatives residing

11

in her household. *Id.* The mother and daughter conceded that they were related and *lived together* in the mother's single family home. *Id.* Further, they conceded that they shared a kitchen, dining area, living room, bathroom, and telephone line. *Id.* The Court held that the insurance company established its entitlement to judgment as a matter of law by offering evidence that the daughter was residing in the mother's home at the time of the incident and thus the insurer was not required to defend and indemnify the mother in the underlying personal injury action. *Id.* Here, the mother and daughter "lived together" "under the same roof" "in one apartment" evidenced by the fact that they shared the living spaces in the apartment including the kitchen, dining area, living room, and bathroom and shared the telephone line. Therefore, the Court properly determined that the mother and daughter were members of one household.

Even where the family members lived on separate floors, but "lived together" "in one house" and "under one roof" the Court determined that they were members of the same household. In *Korson v. Preferred Mut. Ins. Co.*, 39 A.D.3d 483, 484-85 (2d Dep't 2007) the Court found that the plaintiff resided in the same household as his brother, where they lived in a single-family home with one mailbox, one electric meter, one gas bill, and where there was unrestricted access between the two areas of the house in which each brother lived. *Id.* After looking at the circumstances of the particular case the Court determined that even though they lived on separate floors of the residence, it was one household. *Id.*

Further, even where the house contained two separate dwelling units, because the parties "lived together" as a single household, the Court held there was one household. In *Denn v. Vanguard Insurance Co.*, 707 F.Supp. 104, 105 (E.D.N.Y. 1989), the plaintiffs, named insureds under a homeowners policy, sought coverage for damage to certain contents of the premises belonging to relatives who also resided at the listed premises. *Id.* The Court, applying New

12

York law, found that the relatives were members of the insured's household, despite the fact that the relatives were paying rent to the insureds and the building was built as a two-family building and included two apartments each with its own kitchen, own bathroom, own doorbell and own electric meter. *Id.* The Court found that despite the fact that they resided in two separate units, that they all "lived together" as a single household. The fact that the family members shared living spaces and shared meals, a telephone and household expenses was sufficient for a determination that they constituted one household. *Id.*

Moreover, even two individuals in the process of being divorced from each other and living in separate apartments within the same two-family home were found to be part of a common household. *See State Farm Mut. Auto. Ins. Co. v. Nater*, 22 A.D.3d 762, 763 (2d Dep't 2005). The Court found that because they continued to share household expenses and shared use of the family car they were part of one household. *Id.*

Similarly here, the plaintiff and Rose Juliano "lived together" "under one roof" "in one apartment" with one entrance, doorbell and mailbox. *See* SOF ¶¶ 24, 30-32. They shared the living spaces, specifically the kitchen, sitting room and bathroom, and shared the household expenses including the all utilities. Therefore, under the relevant case law cited *supra* they are part of the same household as a matter of law. *See* SOF ¶¶ 24-27, 35-39, 34.

### iii.  New York Cases Holding that the Parties were not Members of the Same Household as a Matter of Law

The situation where courts have found separate households are when the parties live in separate apartments within the same building, and where the parties have their own kitchen and bathroom, pay separate utility bills, and enter through separate locked doors (which is not the situation herein). *See Hartford Ins. Co. of Midwest v. Casella*, 278 A.D.2d 417, 418 (2d Dep't 2000); *General Assurance Co. v. Schmitt,* 265 A.D.2d 299, 301 (2d Dep't 1999). In these

13

circumstances the parties do not "live together" "under one roof" "in one house or apartment" and so, therefore, the parties are not considered part of the same household.

In *Hartford Ins. Co. of Midwest v. Casella*, 278 A.D.2d 417, 417 (2d Dep't 2000) the insured owned a two-family house with only one exterior door. *Id.* The insured resided in the upper level area, while his niece resided in the lower level area. *Id.* The insured considered each living space as a separate home with separate entrances and utilities. *Id* at 418. The Court determined that "depiction of the parties' living arrangements reveals that [the insured] did not consider [his niece] to be a member of his household." *Id.*

In *General Assurance Co. v. Schmitt,* 265 A.D.2d 299, 300-01, the insured was the owner of a two-family house. *Id.* The house consisted of two apartments. *Id.* The insured lived in one apartment and her daughter lived in the other. *Id.* The apartments shared a common heating system and mailbox, had separate utility connections as well as separate kitchen and bathroom facilities. *Id.* The Court concluded that the daughter was not a part of the insured's household. "While [mother and daughter] occasionally ate together ... and ... would occasionally visit ... each apartment had a separate locked inner entrance door which excluded [them from] entering at will." *Id.* at 301. The Court found that the defendant was not a member of the insured's household because the two each had apartments that were separated by a locked inner entrance door, preventing the defendant and insured from entering the other's apartment at will. *Id.*

iv.    **The Facts Applied to the Relevant Case Law<br>Establishes that Plaintiff and Rose Juliano<br><u>were Members of the Same Household</u>**

Here, there are not separate apartments, separate utilities, separate living rooms, separate bathrooms and separate kitchens like in *Schmitt* and *Casella, supra. See* SOF ¶¶ 28-45. Further, there were not separate entrances and there was no locked interior entrance door. *See* SOF ¶ 30.

14

Plaintiff and Rose Juliano "lived together," "under one roof," "in the same apartment" with one kitchen, one bathroom and one sitting room. *See* SOF ¶¶ 24-27, 35-39. They shared the living spaces. *Id.* They also shared the utilities. *See* SOF ¶ 34. Plaintiff did not contribute to the electric bill, cable bill, gas or heating bill, or to the one landline telephone bill for the apartment. *See* SOF ¶ 34. Rose Juliano did not make plaintiff pay any of the utilities or sign a lease. *See* SOF ¶¶ 34, 38. Their apartment had only one entrance, one doorbell and one mailbox. *See* SOF ¶ 30-32. There was no lock separating the space that belonged to plaintiff from the space that belonged to Rose Juliano. *See* SOF ¶ 30. The plaintiff and Rose Juliano were family cousins who resided together in one household for at least three years before the accident. *See* SOF ¶¶ 22-27

No matter which definition set forth above is applied herein it is clear that plaintiff and Rose Juliano were part of the same household. They were "family living together" (Black's Law Dictionary), they were "persons who live in one apartment" (Webster's New World College Dictionary), and they were "members of a family who live together" (American Heritage Dictionary). Viewing the individual circumstances of the living arrangements between plaintiff and Rose Juliano it is clear that an average person would consider them to be part of the same household. Here, the totality of the factual circumstances compels a finding that plaintiff and Rose Juliano were part of the same household as a matter of law.

**B.    <u>The Exclusion for Bodily Injury to an Insured Applies to Bar Coverage Herein</u>**

The Allstate policy provided to Rose Juliano contains an exclusion for bodily injury to an "insured person." *See* Ex. G; SOF ¶¶ 9-11, 14. The purpose of liability coverage is to cover an insured's liability to *noninsureds* under the policy. The Court of Appeals explained the purpose of this particular exclusion in *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118, 123 (2011):

. . . [H]omeowner's insurance is generally meant to cover bodily injury to noninsureds (*see Cincinnati Indem. Co. v. Martin*, 85 Ohio St.3d 604, 608, 710 N.E.2d 677, 680 (1999)) and that coverage is excluded in these types of situations in order to avoid imposing liability on the insurer in a case where the insured, due to a close relationship with the injured party, might be unmotivated to assist the insurer in defending against the claim (*see Whirlpool Corp. v. Ziebert*, 197 Wis.2d 144, 149, 539 N.W.2d 883, 885 (1995).

The exclusion has been held by New York courts to be clear and unambiguous and applicable in circumstances where the facts as presented establish that the parties were members of the same household. *See, e.g., Artis*, 256 A.D.2d at 430; *Merzier*, 22 Misc.2d at *3; *Compono*, 8 A.D.3d at 358; *Korson*, 39 A.D.3d at 484-85; *Schmitt*, 265 A.D.2d at 301. The exclusion for bodily injury to an insured person plainly applies in this case. The exclusion excludes coverage for bodily injury to any "insured person" as defined in the policy. Plaintiff readily admits that she is a relative of the insured. *See* SOF ¶ 22. Further, under the individual facts and circumstances herein and under the relevant case law cited *supra*, it is clear that plaintiff was a resident of the insured's household at the time of the accident, and for at least three years prior. *See* SOF ¶¶ 24-45. There is no genuine issue of material fact regarding whether plaintiff resided in the same household as the insured. Therefore, as plaintiff is relative of Rose Juliano who resides in her household she is an "insured person" as that term is defined in the policy. *See* Ex. G. The policy clearly and unambiguously excludes coverage to plaintiff for the bodily injury she sustained in the accident. Therefore, Allstate is entitled to judgment as a matter of law.

## CONCLUSION

Allstate's disclaimer of coverage was proper and Allstate has no obligation to indemnify the insured for the judgment plaintiff obtained against her in the Underlying Action. The plaintiff was a relative of the insured who resides in her household and, therefore, is an "insured person" as defined by the Allstate policy. The policy excludes coverage for bodily injury to an

16

insured person.  Therefore, plaintiff is not entitled to collect payment of the judgment from

Allstate.

Based on the foregoing, Allstate is entitled to judgment as a matter of law.

Dated: Islandia, New York
      September 15, 2017

KAREN M. BERBERICH

17