UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X  *Civil Case No.*:
ANGELA MARIA DEFEBIO,                                    16-cv-05735(DLI-RER)

                          Plaintiff,
          -against-

ALLSTATE INSURANCE COMPANY,

                          Defendant,
-----------------------------------------------------------X

**PLAINTIFF ANGELA MARIA DEFEBIO'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CONTROVERTING STATEMENT OF FACTS**

Pursuant to Rule 56(c)(2) and Local Civil Rule 56.1(b), plaintiff, Angela Maria DeFebio (DeFebio) hereby submits her response to Defendant Allstate Insurance Company's Statement of Uncontested Facts in Support of its Motion for Summary Judgment, as follows:

A.

          1. Admit

          2. Admit

B.

          3. Admit

C.

          4. Admit

- 1 -

5. Admit

6. Admit

7. Admit

D.

8. Admit

9. Admit

10. Admit

11. Admit

E.

12. Admit

13. *Disputed*. **<u>Controverting Statement</u>**: This statement is misleading as stated and as used in the motion. Plaintiff does not dispute that Rose T. Juliano informed Allstate that Angela Maria DeFebio is her cousin who resides with her. The undisputed evidence is that Rose T. Juliano informed Allstate that Angela Maria DeFebio is her cousin who resides with her when the claim was first reported on January 23, 2013, by telephone. Pl. Ex. D, Allstate Claim History Report, page 13.

14. *Disputed*.  **<u>Controverting Statement</u>**: This statement is misleading as stated and as used in the motion. The definition of "insured person" is provided in the insurance policy as: "Insured person(s)" --- means you and, if a resident of your

household: a)   any relative b)   any dependent person in your care. *See* Deft. Ex, G, p.2. 15. Allstate's conclusion of how the ambiguous terms in the definition should be interpreted, defined and applied is misleading, and improperly and unfairly attempts to characterize the ambiguous terms in Allstate's favor.

15.  *Disputed*.  **Controverting Statement**: This statement is misleading as stated and as used in the motion. Plaintiff does not dispute that Allstate on February 25, 2013 sent a letter to Rose Juliano denying and disclaiming coverage claiming that DeFebio was an "insured" as defined in the policy. *See* Griffin Dec., ¶ 5; Ex. I. However, Allstate's conclusion of how the ambiguous terms in the exclusions and definition of "insured person" in the insurance policy and repeated in the disclaimer letter should be interpreted, defined and applied is misleading, and improperly and unfairly attempts to characterize the ambiguous terms in the policy in Allstate's favor.

16. Admit.

17. *Disputed*.  **Controverting Statement**: This statement is misleading as stated and as used in the motion. Plaintiff does not dispute that Allstate on disclaimed coverage under the policy for the Underlying Action commenced by DeFebio. The letter of February 25, 2013 did not reiterate Allstate's coverage position as it is undisputed that the letter of February 25, 2013 was Allstate's first notice that it was denying and disclaiming coverage.  *See* Griffin Dec., ¶ 5; Ex. I.

In addition, Allstate's conclusion of how the ambiguous terms in the exclusions and definition of "insured person" in the insurance policy and repeated in the disclaimer letter should be interpreted, defined and applied is misleading, and improperly and unfairly attempts to characterize the ambiguous terms in the policy in Allstate's favor.

18. Admit

19. Admit

20. *Disputed*.  **Controverting Statement**: This statement is misleading as stated and as used in the motion. Plaintiff does not dispute that Allstate on August 22, 2016 sent a letter to plaintiff's attorney reiterating its coverage position and disclaiming coverage. *See* Griffin Dec., ¶ 8; Ex. L. However, Allstate's conclusion of how the ambiguous terms in the exclusions and definition of "insured person" in the insurance policy and repeated in the disclaimer letter should be interpreted, defined and applied is misleading, and improperly and unfairly attempts to characterize the ambiguous terms in the policy in Allstate's favor.

21. Admit

F. *Disputed*.  **Controverting Statement**: This statement is incorrect and goes to the heart of the dispute herein and it is contended by plaintiff that she is not an "insured person" under the policy at issue.

1. Admit

22. Admit

23. Admit

2. Admit

24. Admit

25. Admit

26. Admit

27. *Disputed*.  **Controverting Statement**: This statement is misleading as stated and as used in the motion. Plaintiff does not dispute that she resided at 61 Duffield Street first on the second floor and then on the first floor.  However, plaintiff only resided there three days a week. The other four days she resided at 1254 45th Street, Brooklyn, New York. Pl. Ex. A, Affidavit of Angela Maria DeFebio, ¶ 3.

3. *Disputed*.  **Controverting Statement**: This statement is incorrect and goes to the heart of the dispute herein and it is contended by plaintiff that she does not reside in Allstate's insured's "household".

28. Admit

29. Admit

30. *Disputed*.  **Controverting Statement**: This statement is misleading as stated and as used in the motion. Plaintiff does not dispute that there is one exterior entrance to 61 Duffield Street, however, each tenant had separate locked doors to

their rooms and Allstate's insured did not have free access to the tenant's rooms.

Pl. Ex. B, Affidavit of Rose T. Juliano, ¶ 5.

31. Admit

32. Admit

33. Admit

34. Admit

35. Admit

36. Admit

37. Admit

38. Admit

39. Admit

40. Admit

41. Admit

42. Admit

43. Admit

44. Admit

45. Admit

G.

46. Admit

47. Admit

48. Admit

49. Admit

**PLAINTIFF ANGELA MARIA DEFEBIO'S LOCAL RULE 56.1(b) SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS THAT EITHER ESTABLISH A MATERIAL ISSUE OF FACT OR OTHERWISE PRECLUDE JUDGMENT IN FAVOR OF DEFENDANT ALLSTATE AND THAT ARE CITED WITHIN HER MEMORANDUM OF LAW SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTIONFOR SUMMARY JUDGMENT**

Plaintiff, ANGELA MARIA DEFEBIO, submits this statement of material facts.

1.     On January 16, 2013, Plaintiff Angela Maria DeFebio (hereinafter "DeFebio") resided part time at 61 Duffield Street, Brooklyn, New York and had a locked door to the room she rented thereat. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3.

2.     61 Duffield Street, Brooklyn, New York is a multi-family home owned by Rose T. Juliano (hereinafter "Juliano"). Pl. Ex. B, Affidavit of Rose T. Juliano ¶s 1 & 2.

3.     On January 16, 2013, Defendant Allstate Insurance Company (hereinafter "Allstate") insured the premises known as 61 Duffield Street, Brooklyn, New York. The sole named insured was Juliano. The insurance policy included

$300,000 of bodily injury liability coverage. Pl. Ex. C, Certified Copy of Insurance Policy, pages 1 and 2 of the policy declaration.

4.    On January 23, 2013, Allstate was placed on notice of the accident of January 16, 2013. Pl. Ex. D, Allstate Claim History Report page 13. The Claim History contains the following:

"1/23/2013 4:31 PM Central INSD/CLMNT INITIAL CONTACT Contact PATRICK J. GA… ROSE T. JULIANO

S/W NAMED INSURED. CLMNT IS HER COUSIN WHO RESIDES WITH INSD. SHE PAYS RENT/BILLS. INSD IS 80 YRS OLD CLMNTBIS 56. CLMNT WAS HANGING SOME CURTAINS FOR INSD. USING INSD'S FOLDING LADDER APPROX 5-6 FEET TALL. HUNG CURTAINS WAS DESCENDING LADDER WHEN SHE MISSED A STEP OR SLIPPED. SHE WAS WEARING SNEAKERS.

CALLED AMBULANCE AND REMOVED TO METHODIST HOSPITAL. FRMM [*sic*] WHAT INSD SAID CLMNT SUSTAINED A TRIMAL FX. HOSPITALIZED FOR APPROX A WEEK NEXT MD DATE IS 2/5. ONCE SWELLING GOES DOWN MD WILL MAKE A DETERMINATION REGARDING SURGERY.

AS I WAS CONCLUDING CONVERSATION WITH INSD. SHE MENTIONED CLMNT WAS THERE. I SPOKE WITH CLMNT WHO WAS OBVIOUSLY IN PAIN AND GOT SAME VERSION PROVIDED BY INSD. CLMNT STATED SHE HAS INSURANCE THRU HER EMPLOYER BUT LEFT HOSPITAL AGAINST MD ORDERS AS HER COVERAGE WAS RUNNING OUT. SHE IS CURRENTLY IN A SLC

I WENT OVER MED PAY & LIAB. COVERAGES. GAVE CLMNT FILE HANDLER CONTACT INFO. CLMNT SAID SHE WOULD SHARE WITH INSD. TOLD HER S/S MAY BE NECESSARY."

5.    By letter dated February 25, 2013, thirty-three days after Allstate had been placed on notice of the claim and was informed that DeFebio was Juliano's cousin

and resided in the house three days a week, Allstate disclaimed coverage on that

basis. Pl. Ex. E, Disclaimer letter dated February 25, 2013. On the second page of

the disclaimer letter, the basis for the disclaimer is stated as follows:

> You have informed Allstate that the above referenced claimant. Is your cousin, and that she resides in your apartment at least three days per week, when she is not working as a home attendant. It is therefore Allstate's position that the above referenced claimant is an **insured person** as that term is defined in the Allstate Standard Homeowners Policy (Form AP315) issued to you. Therefore the above quoted exclusions numbered "2" bar coverage for the above referenced claim. (emphasis in original)

6.    The exclusions referred to and quoted in the disclaimer letter read as

follows:

Under the heading *Coverage X Family Liability Protection*,

> *Losses We Do Not Cover Under Coverage X*:
>
> 2.    We do not cover bodily injury to an insured person or property damage to property owned by an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

Under the heading *Coverage Y Guest Medical Protection*,

> *Losses We Do Not Cover Under Coverage Y*:
> 2.  We do not cover bodily injury to an insured person or regular resident of the insured premises. However, this exclusion does not apply to a residence employee. Pl. Ex. E, Disclaimer letter dated February 25, 2013.

7.    The disclaimer letter also provides the following under definition of insured

person.

*Definitions Used In This Policy*

3.  "Insured person(s)" --- means you and,
if a resident of your household:
       a)   any relative
       b)   any dependent person in your care. Pl. Ex. E,
Disclaimer letter dated February 25, 2013.

8.     Even though Allstate had already been informed on January 23, 2013, by its insured that DeFebio was her cousin and resided at the first floor of the house three days a week Allstate had an investigation performed which only confirmed what Allstate had already been told by its insured. Pl. Ex. F.

9.     Allstate's Claim History File Note of February 12, 2013 states:

Category:   Coverage

File Note Information

Comments:

O/I Investigation confirms the claimant (insured's cousin) lives in her first floor apartment and they share kitchen and bathroom. O/I database search found claimant cousin living at the address for the past 10 years. Recommend coverage opinion from coverage counsel for possible disclaimer for B.I. to an "Insured Person". Will need to refer file to H.O. if disclaimer warranted due to severity of claimant injury.

Description:   * Coverage Opinion recommendation. Pl. Ex. G, Allstate File Note dated February 12, 2013 and Pl. Ex. D, Allstate Claim History Report page 9.

Dated: New York, New York
      October 18, 2017

Berson & Budashewitz, LLP

By:  */s/ Jeffrey A. Berson*
        Jeffrey A. Berson
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1305
New York, New York 10038
Tel: (212)945-5000
Fax: (212) 945-0796
e-mail: berbudlaw@gmail.com