UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANGELA MARIA DEFEBIO,

                       Plaintiff,

   -against-

ALLSTATE INSURANCE COMPANY,

                       Defendant,

-------------------------------------------------------------------X

**Civil Action No.:**
**16-cv-05735 (DLI)**

**ORAL ARGUMENT**
**REQUESTED**

**DATE OF SERVICE:**
**October 27, 2017**

**ALLSTATE INSURANCE COMPANY'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S AFFIRMATION IN OPPOSITION TO ALLSTATE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE 56**

Respectfully Submitted,

LEWIS JOHS AVALLONE AVILES, LLP
Attorneys for Defendant
One CA Plaza, Suite 225
Islandia, New York 11749
(631) 755-0101
Kmberberich@lewisjohs.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES................................................................................. ii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT................................................................................................................2

**POINT I**
PLAINTIFF AND ROSE JULIANO WERE MEMBERS
OF THE SAME HOUSEHOLD .................................................................................2

**POINT II**
ALLSTATE'S DISCLAIMER WAS TIMELY AS A MATTER OF LAW...............8

CONCLUSION .........................................................................................................10

## TABLE OF AUTHORITIES

**Page**

*Ace Packing v. Co. Inc. v. Campbell Solberg, Inc.,*
41 A.D.3d 12 (1st Dep't 2007) ...................................................................................8

*Aetna Casualty and Surety Company v. Brice,*
72 A.D.2d 927 (4th Dep't 1979) .............................................................................8, 9

*Allstate v. Grominiak*
147 A.D.2d 979 (4th Dep't 1989) ...............................................................................8

*Artis v. Aetna Cas. & Sur. Co.,*
256 A.D.2d 429 (2d Dep't 1998) ............................................................................4, 5

*Canfield v. Peerless Ins. Co.,*
262 A.D.2d 934 (4th Dep't 1999) ...............................................................................6

*Commercial Mut. Ins. Co. v. Wagschall,*
256 A.D.2d 300 (2d Dep't 1998) ................................................................................6

*Cragg v. Allstate Indem. Corp.,*
17 N.Y.3d 118 (2011) .................................................................................................4

*Denn v. Vanguard Insurance Co.,*
707 F.Supp. 104 (E.D.N.Y. 1989) ..............................................................................5

*Fiore v. Excelsior Ins.,*
276 A.D.2d 895 (3d Dep't 2000) .................................................................................6

*General Assurance Co. v. Schmitt,*
265 A.D.2d 299 (2d Dep't 1999) ..........................................................................3, 6, 7

*Hayes v. New York City Dep't of Corr.,*
84 F.3d 614 (2d Cir.1996) ...........................................................................................3

*Hollander v. Nationwide,*
60 A.D.2d 380 (4th Dep't 1978) .................................................................................7

*Kass v. Kass,*
91 N.Y.2d 554 (1998) .................................................................................................3

**Page**

*Kradjian v. American Mfrs. Mut. Ins. Co.,*
206 A.D.2d 801 (3d Dep't 1993) ........................................................................3

*Linder v. Wilkerson,*
2 A.D.3d 500, 501-502 (2d Dep't 2003) .............................................................6

*Matter of Hartford Ins. Co. of Midwest v. Casella,*
278 A.D.2d 417 (2d Dep't 2000) .........................................................................7

*Matter of Prudential Prop. & Cas. Ins. Co. [Mathieu],*
213 A.D.2d 408 (2d Dep't 1995)..........................................................................9

*Merzier v. Allstate Ins. Co.,*
222 Misc.3d 1124(A) at *3 (Sup. Ct. Kings Cty., 2009) ...........................4, 5, 8

*Mount Vernon Fire Ins. Co. v. Harris,*
193 F. Supp 2d 674 (E.D.N.Y. 2002) ..................................................................8

*New York Cent. Mut. Fire Ins. Co. v. Kowalski,*
195 A.D.2d 940 (3d Dep't 1997) .........................................................................6

*New York University v. First Financial Ins. Co.,*
322 F.3d 750 (2d Cir. 2003)..................................................................................8

*Public Service Mut. Ins. Co. v. Harlen Housing Associates,*
7 A.D.3d 421 (1st Dep't 2004) .............................................................................8

*Schaut v. Fireman's Ins. Co. of Newark,*
130 A.D.2d 477 (2d Dep't 1987).........................................................................3

*Shelby Cas. Ins. Co. v. Compono,*
8 A.D.3d 357 (2d Dep't 2004) .............................................................................4

*Shere Drake Ins. Co. v. Block,*
7206 Corp., 265 A.D.2d 78 (4th Dep't 2000)......................................................9

*U.S. Underwriters Ins. Co. v. 614 Const. Corp.,*
142 F.Supp.2d 491 (S.D.N.Y. 2001)...............................................................9, 10

*U.S. Underwriters Ins. Co. v. Congregation B'nai Israel,*
900 F.Supp. 641 (E.D.N.Y. 1995) ...................................................................8, 9

**Page**

*United Magazine Co. v. Murdoch Magazines Distribution, Inc.,*
 393 F. Supp.2d 199 (S.D.N.Y. 2005)......................................................................................3

*Vesta Fire Ins. Corp. v. Seymour,*
  No. 96-CV-3844, 1996 WL 1057158 (E.D.N.Y. Dec. 17, 1996) ...................................9

*Wrigley v. Potomac Ins. Co.,*
 122 A.D.2d 361 (3rd Dep't 1986) .......................................................................................7

## RULES & LAWS

Fed. R. Civ. P. 56 ..............................................................................................................1

Defendant, Allstate Insurance Company (hereinafter "Allstate"), by and through its attorneys, Lewis Johs, Avallone, Aviles, LLP, respectfully submits this Memorandum of Law in reply to Plaintiff's Opposition to Allstate's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's arguments in opposition to Allstate's Motion for Summary Judgment are the same as those set forth in plaintiff's separate Motion for Summary Judgment and have been fully addressed in Allstate's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter "Allstate's Opposition"). Allstate reiterates, as if more fully set forth herein verbatim, each and every argument previously espoused in Allstate's Opposition.

Plaintiff opposes Allstate's summary judgment motion on two bases. Plaintiff argues that (1) that the term "household" is ambiguous and, therefore, must be construed in favor of coverage; and (2) that Allstate's disclaimer of coverage was untimely because the facts needed to disclaim coverage were readily apparent when the claim was first presented and an investigation was unwarranted. Plaintiff's arguments are clearly contradictory. It is impossible for the term "household" to be ambiguous and for an investigation into the claim to be unwarranted. Here, by virtue of the fact-specific inquiry that is necessary to determine whether a person is a member of the named insured's household, an investigation was most certainly necessary. Accordingly, the Allstate disclaimer letter was not untimely. Further, the investigation revealed that the plaintiff and the insured are cousins who lived together in the same apartment (with one entrance, one doorbell and one mailbox) sharing all living spaces (including the kitchen, bathroom and sitting room) and all utilities. Under these facts and circumstances it is clear that the plaintiff and the insured were members of the same household and, therefore, the plaintiff is an insured person

under the policy and not entitled to coverage for her own bodily injuries.

## ARGUMENT

## POINT I

## PLAINTIFF AND ROSE JULIANO WERE MEMBERS OF THE SAME HOUSHEOLD

The term "household" is at issue when determining whether someone is an "insured person" under a homeowners policy. An insured person is defined as the named insured, and "if a resident of your *household* any relative." Typically, the issue of whether a person is a member of the insured's household and, thus, an "insured person" comes into play in two contexts. The first is with respect to providing liability coverage for third party claims. A homeowners policy will provide a defense and indemnification (liability coverage) to those considered insured persons under the policy. Plaintiff refers to this type of case as an "inclusion" case, because including the person within the definition of an insured person (i.e. establishing that the person *is* a member of the named insured's household) would entitle that person to insurance coverage. The second context is with respect to the policy exclusion which excludes coverage for bodily injury to insured persons. The plaintiff refers to this type of case as an "exclusion" case, because excluding the person from the definition of an insured person (i.e. establishing that the person *is not* a member of the named insured's household) would entitle that person to insurance coverage. Plaintiff argues that the term "household," because it is ambiguous, must always be interpreted against the carrier to find coverage. Plaintiff claims that if there is a disagreement about whether a person resides in the insured's household in a so-called "inclusion" case that the person *should* be deemed a member of the household, but if there is a disagreement in a so-called "exclusion" case that the person *should not* be deemed a member of the household in order to find coverage.

2

Contrary to plaintiff's argument, courts do not simply find in favor of coverage where there is disagreement regarding whether a claimant resides in the insured's household. To do so, would obviously render inconsistent results.[1] Further, such a practice would be in contravention of well-established case law. The New York courts' approach to interpreting the word "household" involves a more in-depth analysis and an examination of the facts and circumstances of each case. It is exactly because the term "household" has been characterized as being devoid of one fixed meaning (i.e. ambiguous) that its interpretation must include an inquiry into the intent of parties to the insurance contract, *and* reflect the reasonable expectation of the ordinary business person and the meaning which would be given it by the average person.[2] As Allstate has previously set forth, the term "household" is not ambiguous in every factual setting. Courts have recognized that "ambiguity" is contextual; words in a contract can be ambiguous in one factual setting but not another. *Schaut v. Firemen's Ins. Co. of Newark*, 130 A.D.2d 477 (2d Dep't 1987); *see also Kass v. Kass*, 91 N.Y.2d 554 (1998).

The circumstances particular to each case must be considered in construing the meaning of the term to determine if an ordinary business person would consider that the plaintiff resided in the household of the insured. *Id.* Plaintiff avoids delving into this inquiry instead submitting a self-serving affidavit from the insured simply stating that she does not consider plaintiff to be a member of her household. It is plaintiff's apparent belief that this statement cuts off the inquiry. However, it is well-established that a self-serving affidavit is insufficient to defeat summary judgment. *See United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 393 F. Supp.2d

---

[1] Accepting plaintiff's argument as true, it follows that if the plaintiff were being sued (for example, as a result of a slip and fall on the premises) that she would be entitled to coverage because it would be an "inclusion" case warranting a finding that she is a member of Rose Juliano's household and, thus, an insured person under the policy.

[2] *See Auerbach v. Ostego Mut. Fire Ins.*, 36 A.D.3d 840, 841 (2d Dep't 2007); *Matter of Hartford Ins. Co. of Midwest v. Casella*, 278 A.D.2d 417, 418 (2d Dep't 2000); *General Assur. Co. v. Schmitt*, 265 A.D.2d 299, 300 (2d Dep't 1999); *Schaut v. Firemen's Ins. Co. of Newark*, 130 A.D.2d 477, 479 (2d Dep't 1987).

3

199 (S.D.N.Y. 2005); *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996).

Moreover, the fact that the insured wants to help her cousin obtain coverage is exactly the reason this particular exclusion exists in the first place. As articulated by the Court of Appeals in *Cragg v. Allstate Indem. Corp.*, 17 N.Y.3d 118 (2011):

> . . . [H]omeowner's insurance is generally meant to cover bodily injury to noninsureds and that coverage is excluded in these types of situations in order to avoid imposing liability on the insurer in a case where the insured, due ***to a close relationship with the injured party, might be unmotivated to assist the insurer in defending against the claim.*** (citations omitted) (emphasis added).[3]

Here, the Court must evaluate the individual circumstances of the living arrangement to determine if an average person would consider the plaintiff to be a member of the insured's household. It is the actual living arrangements between the parties that is determinative of "household" status, not the insured's personal thoughts on the matter. As Allstate has previously discussed, typically, when it can it can be determined by the facts presented that the parties "live together" "under one roof", "in one house or apartment" then New York courts have held the parties are members of the same household as a matter of law.[4] The facts indisputably establish that plaintiff and Rose Juliano "lived together," "under one roof," "in the same apartment" with one kitchen, one bathroom and one sitting room. *See* SOF[5] ¶¶ 24-27, 35-39. The cousins resided together in the apartment for at least three years before the accident. *See* SOF ¶¶ 22-27. They shared all living spaces and all utilities. *See* SOF ¶¶ 24-27, 34-39. Plaintiff did not pay any of the utilities or sign a lease. *See* SOF ¶¶ 34, 38. Further, their apartment had only one entrance,

---

[3]  Plaintiff argues that Allstate is attempting to avoid providing insurance coverage for which its insured paid a premium. However, the exact opposite is true - homeowner's insurance is generally meant to cover bodily injury to noninsureds and here plaintiff is an insured who is trying to obtain coverage that was not paid for by the premium.

[4]  *See e.g., Artis v. Aetna Cas. & Sur. Co.*, 256 A.D.2d 429, 429-30 (2d Dep't 1998); *Merzier v. Allstate Ins. Co.*, 222 Misc.3d 1124(A) at *3 (Sup. Ct. Kings Cty., 2009); *Shelby Cas. Ins. Co. v. Compono*, 8 A.D.3d 357, 358 (2d Dep't 2004).

[5]  SOF refers to Allstate's Uncontested Statement of Facts in Support of its Motion for Summary Judgment.

one doorbell and one mailbox. *See* SOF ¶ 30-32. Here, the totality of the factual circumstances compels a finding that the average person would consider plaintiff and Rose Juliano part of the same household.

Plaintiff argues that she is not a member of her cousin's household because of the following facts: (a) because she paid rent; (b) because plaintiff and Rose Juliano do not share groceries or eat together; (c) because the room she rents had a locked door and Rose Juliano does not have access to the room; (d) because Rose Juliano did not consider plaintiff to be a member of her household; and (e) because plaintiff only resided with the insured three days of the week. Allstate has already addressed the probative value of the insured's affidavit stating that she did not consider plaintiff to be a member of her household *supra*. None of the remaining factors are determinative of the issue as to whether the two cousins were part of the same household. First, the fact that the plaintiff paid rent is not relevant. Courts have routinely held that relatives were members of the same household despite the fact that they paid rent to the insureds.[6] Further, the fact that plaintiff and Rose Juliano do not share groceries or eat together is also not determinative on the issue. In *Merzier v. Allstate Ins. Co.*, 222 Misc.3d 1124(A) at *3 (Sup. Ct. Kings Cty., 2009) the Court held that plaintiff and her sister were members of the same household even though they did not share groceries or eat together due to the fact that they shared the living spaces, utilities and a common entrance to the apartment (just like the two cousins do here).[7]

In addition, the fact that plaintiff's bedroom had a locked door and Rose Juliano did not have access to the room does not impact whether they were members of the same household.

---

[6] *See* Artis *v. Aetna Cas. & Sur. Co.*, 256 A.D.2d 429, 429-30 (2d Dep't 1998); *Denn v. Vanguard Insurance Co.*, 707 F.Supp. 104, 105 (E.D.N.Y. 1989); *Merzier v. Allstate Ins. Co.*, 222 Misc.3d 1124(A) at *3 (Sup. Ct. Kings Cty., 2009).

[7] Plaintiff's counsel argues that he was the attorney who represented plaintiff in *Merzier*, and that the case was "wrongly decided" and settled while plaintiff's appeal was pending. However familiar he may be with the facts of the case, his opinion as to whether the case was wrongfully decided is completely irrelevant.

Most bedroom doors contain locks on them and a person does not cease to be a member of the household because their bedroom door has a lock. Plaintiff is attempting to twist the facts in order to rely on the *Schmitt* case. However, in *Schmitt* the Court found a separate household because the party had a locked door to an entirely separate apartment with a separate kitchen, a separate bathroom and separate utilities connections. *See General Assurance Co. v. Schmitt*, 265 A.D.2d 299, 300-01. A locked door to a separate apartment indicates a separate household; however, a locked bedroom door (such as in this case) in the same apartment does not.

Additionally, plaintiff argues that she had another residence and only lived with the insured for three days of the week. However, Allstate's investigation revealed that plaintiff worked as a home health aide for the other four days of the week (and she would stay overnight with her clients while she was working). *See* Plaintiff's Exhibit D, p. 00191; Declaration of Ann-Marie Griffin in Opposition to Plaintiff's Motion for Summary and Ex. B thereto. The fact that plaintiff was working at a different residence four days a week does not mean that she resided at such residence. Residency requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain.[8] Clearly, plaintiff did not intend to remain at the residences where she worked. This argument is a contrived attempt to distort the facts. It is clear that plaintiff's only residence was with the insured. In fact, plaintiff stated so in response to Allstate's Interrogatories.[9] Plaintiff admits that

---

[8] *See Linder v. Wilkerson*, 2 A.D.3d 500, 501-502 (2d Dep't 2003); *Commercial Mut. Ins. Co. v. Wagschall*, 256 A.D.2d 300, 301 (2d Dep't 1998); *Fiore v. Excelsior Ins.*, 276 A.D.2d 895, 896 (3d Dep't 2000); *Kradjian v. American Mfrs. Mut. Ins. Co.*, 206 A.D.2d 801, 802 (3d Dep't 1993); *New York Cent. Mut. Fire Ins. Co. v. Kowalski*, 195 A.D.2d 940, 941 (3d Dep't 1997); *Canfield v. Peerless Ins. Co.*, 262 A.D.2d 934, 934–935 (4th Dep't 1999).

[9] Allstate asked the following in one of its interrogatories: "List all addresses and/or residences of plaintiff for the 10 years prior to the January 24, 2013 accident." *See* Interrogatory No. 15 and plaintiff's response, Ex. D to Declaration of Karen M. Berberich. In response, plaintiff stated "Plaintiff resided at 61 Duffield Street on the date of the accident and for ten years prior thereto." *Id.*

6

she had no other residence for the last ten years and it was, in fact, the address listed on her driver's license. S*ee* FN 8; SOF ¶ 26. To argue otherwise is disingenuous.

The situation where courts have found separate households are when the parties live in separate apartments within the same building, and when they have their own kitchen and bathroom, pay separate utility bills, and enter the living space through separate locked doors (which is not the situation herein). *See Hartford Ins. Co. of Midwest v. Casella*, 278 A.D.2d 417, 418 (2d Dep't 2000); *General Assurance Co. v. Schmitt,* 265 A.D.2d 299, 301 (2d Dep't 1999). In the instant matter, there are not separate apartments, separate utilities, separate living rooms, separate bathrooms and separate kitchens like in *Schmitt* and *Casella, supra. See* SOF ¶¶ 28-45. Further, there were not separate entrances and there was no locked interior entrance door to a separate apartment. Plaintiff cites to *Wrigley v. Potomac Insurance Co.* and *Hollander v. Nationwide* but both involved completely different factual scenarios. In *Wrigley* the issue was whether the putative insured was a member of the insured's secondary residence or primary residence. In *Hollander* the plaintiff maintained her own apartment at a separate location.

Finally, plaintiff argues that Allstate has a history of attempting to use the term "household" to its advantage as a means of avoiding coverage. She cites to several cases where Allstate challenged coverage based on whether someone resided in the insured's household. However, when looked at closely, the scandalous picture that plaintiff attempts to paint simply does not exist. The cases cited by plaintiff range in date from 1968 to 2009. In those 40 years, plaintiff has only found 8 cases in which Allstate denied coverage based on the household issue. How many thousands of claims did Allstate receive in that time and only eight were litigated on the household issue? Further, Allstate's arguments were successful in several of them, which shows that Allstate had a legitimate basis for its position and was not just using the argument as a

7

ploy to avoid coverage. *See, Merzier, supra; Allstate v. Dibello*, 40 A.D.3d 401 (1st Dep't 2007); *Allstate v. Gominiak*, 147 A.D.2d 979 (4th Dep't 1989).

## POINT II

## ALLSTATE'S DISCLAIMER WAS TIMELY AS A MATTER OF LAW

Plaintiff argues that Allstate's February 25, 2013 letter disclaiming coverage is untimely as all of the relevant facts necessary for the disclaimer were immediately apparent on January 23, 2013 when Allstate was first notified of the claim. Plaintiff is arguing that Allstate should not have conducted any investigation and instead issued a disclaimer based solely on its insured's representations. However, this argument over-simplifies the issue and the fact-specific inquiry that must be conducted in evaluating whether parties are members of the same household. Allstate needed to know the facts and circumstances of their living situation. Indeed, it is impossible for the term "household" to be ambiguous and for an investigation into the claim to be unwarranted.

It is well-settled that an insurer has a duty to thoroughly investigate a loss or claim, even if it is aware of potential grounds for denial.[10] Although the disclaimer may ultimately be based upon facts known to the insurer early on, the insurer cannot be aware that it has all of the necessary facts until a reasonable investigation is concluded. *Aetna Ca. & Sur. Co. v. Brice*, 72 A.D.2d 927, 929 (1979). New York courts have consistently held that a prompt, thorough and good faith investigation into issues affecting an insurer's decision whether to disclaim coverage

---

[10] *See New York University v. First Financial Ins. Co.*, 322 F.3d 750, 754 (2d Cir. 2003); *U.S. Underwriters Ins. Co. v. Congregation B'nai Israel*, 900 F.Supp. 641, 648 (E.D.N.Y. 1995) (applying New York law); *Ace Packing v. Co. Inc. v. Campbell Solberg Assoc. Inc.*, 41 A.D.3d 12, 15-16 (1st Dep't 2007); *Public Service Mut. Ins. Co. v. Harlen Housing Associates*, 7 A.D.3d 421, 423 (1st Dep't 2004); *Mount Vernon Fire Ins. Co. v. Harris*, 193 F.Supp. 2d 674, 678 (E.D.N.Y. 2002) (applying New York law).

will excuse any delay in notifying the policyholder of a disclaimer.[11]

Here, there is simply no question that Allstate engaged in a prompt, diligent and good faith investigation of the claim.  Allstate was notified of the claim on January 23, 2013.  *See* Declaration of Ann-Marie Griffin in Opposition to Plaintiff's Motion for Summary Judgment (hereinafter "Second Griffin Dec."), ¶ 2.  On January 24, 2013, the claim was referred to an outside investigator to obtain a statement from the insured.  *Id.*  However, obtaining the insured's statement was delayed because the plaintiff continuously interfered with the investigation and refused a statement of the insured to be taken outside her presence.  *See* Second Griffin Dec., ¶¶ 4-6.  Plaintiff should not be permitted to argue that Allstate's disclaimer is untimely when it was her own actions that caused the delay.  Under New York law, where a delay is caused by an investigator's inability, through no fault of his own, to obtain statements from the claimant and/or insured, New York Courts will find that the delay was excused.  *See Aetna Cas. & Sur. Co. v Brice,* 72 A.D.2d 927, *affd* 50 N.Y.2d 958 (1980); *see also Matter of Prudential Property & Cas. Ins. Co, (Mathieu),* 213 A.D.2d 408 (2d Dep't 1995).

After receiving the insured's statement, Allstate sought the advice of coverage counsel in order to determine if coverage should be afforded for this claim.  *See* Second Griffin Dec., ¶10.  The disclaimer was issued three days after receipt of the coverage opinion.  *See* Second Griffin Dec., ¶ 9.  Courts have held that it is reasonable for an insurer to investigate the relevant factual and legal bases as to whether it had the right to disclaim liability and/or deny coverage under the policy and to seek the advice of counsel.  *See U.S. Underwriters Ins. Co. v. 614 Const. Corp.,*

---

[11] *See, e.g., In re Prudential Prop. & Cas. Ins. Co. [Mathieu],* 213 A.D.2d 408, 408 (2d Dep't 1995); *Vesta Fire Ins. Corp. v. Seymour,* No. 96- CV-3844, 1996 WL 1057158, at *6 (E.D.N.Y. Dec. 17, 1996) (applying New York law); *U.S. Underwriters Ins. Co. v. Congregation B'Nai Israel,* 900 F.Supp. 641, 648-49 (E.D.N.Y. 1995); *Shere Drake Ins. Co. v. Block,* 7206 Corp., 265 A.D.2d 78, 82 (4th Dep't 2000); *2540 Assoc. Inc. v. Assicurazioni Generali, S.p.A.,* 271 A.D.2d 282, 284 (1st Dep't 2000).

142 F.Supp.2d 491 (S.D.N.Y. 2001) (applying New York law).

All of the cases cited by plaintiff involve a disclaimer based on either late notice to the insurer or on the plaintiff's status as an employee (which was alleged in the complaint). Therefore, the basis for the denial of coverage in these cases was "readily apparent" simply by reading the complaint. There was no need for an investigation. Here, contrary to plaintiff's assertion, the basis for disclaiming was not readily apparent from the complaint as there was no indication in the complaint that the plaintiff and the insured were related or that they lived together. Accordingly, an investigation was necessary and warranted.

Further, it is important to note that plaintiff's assertion that the disclaimer was issued because of the severity of the claimant's injury is completely inaccurate and an attempt to infer a false meaning to an internal Allstate claim file note which refers simply to company policy. *See* Supplemental Declaration of Ann-Marie Griffin, ¶ 4. Rather, the note which states "Will need to refer file to H.O. if disclaimer warranted due to severity of claimant injury" simply means that because of the severity of the injury that Allstate's Home Office would need to approve any disclaimer. *Id.* ¶ 3. The basis of the disclaimer has nothing to do with the severity of the injury.

## CONCLUSION

Allstate's disclaimer of coverage was proper and Allstate has no obligation to indemnify the insured for the judgment plaintiff obtained against her in the Underlying Action. Plaintiff has failed to show that there are any issues of fact regarding the issue of coverage or the timeliness of Allstate's disclaimer. As such, Defendant's Motion for Summary Judgment must be granted in its entirety.

Dated: Islandia, New York
        October 27, 2017

                                            KAREN M. BERBERICH

10