INDEX NO. 516531/2016
RECEIVED NYSCEF: 09/20/2016

Case 1:16-cv-05735-DLI-RER    Document 12-2    Filed 10/27/17    Page 1 of 13 PageID #: 403

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------------------X

ANGELA MARIA DEFEBIO,

                         Plaintiff,

      -against-

ALLSTATE INSURANCE COMPANY.

                         Defendant.

----------------------------------------------------------------------------X

**Index No:**
**Filed On:**


PLAINTIFF DESIGNATES
**KINGS COUNTY** AS
THE PLACE OF TRIAL

**SUMMONS**

Basis of Venue:
Plaintiff's residence


**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.


Dated: New York, New York
       September 20, 2016

                                 Berson & Budashewitz, LLP

                By: _____
                   Jeffrey Berson, Esq.
                   Attorneys for Plaintiff
                   15 Maiden Lane, Suite 1305
                   New York, New York 10038
                   (212) 945-5000


**DEFENDANT'S ADDRESS**

ALLSTATE INSURANCE COMPANY
878 Veterans Memorial Hwy, Ste 200
Hauppauge, NY 11788

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
ANGELA MARIA DEFEBIO,

**Index No:**
**Filed On:**

Plaintiff,

-against-                                                           **VERIFIED COMPLAINT**

ALLSTATE INSURANCE COMPANY,

Defendant.
-----------------------------------------------------------------------X

Plaintiff, ANGELA MARIA DEFEBIO, by her attorneys Berson & Budashewitz, LLP, complaining of the defendant respectfully alleges the following upon information and belief:

1. That at all times hereinafter mentioned ALLSTATE INSURANCE COMPANY was and now is a domestic corporation duly authorized to engage in the business of insurance in the State of New York and to issue the liability policy hereinafter mentioned.

2. That at all times herein mentioned the defendant, ALLSTATE INSURANCE COMPANY issued a general liability policy to ROSE JULIANO, which was in full force and effect on January 16, 2013.

3. On January 16, 2013, the plaintiff was injured due to the negligence of ROSE JULIANO in her negligence of the ownership, operation, maintenance, management and control of the premises designated as 61 Duffield Street, Brooklyn, New York, causing plaintiff to sustain serious injuries.

4. That on September 18, 2013, an action was started by plaintiff against ROSE JULIANO.

5. ROSE JULIANO failed to appear and a default judgment was granted on February 18, 2015, an inquest was conducted on February 24, 2016 and judgment in the

amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS was awarded to the plaintiff.

6. On May 3, 2016, judgment was entered in the amount of THREE HUNDRED AND SIX THOUSAND, SEVEN HUNDRED AND FIFTY-FIVE ($306,755.00) DOLLARS to the plaintiff.

7. A copy of the said judgment with notice of entry was duly served upon ALLSTATE INSURANCE COMPANY and ROSE JULIANO by regular and certified mail on August 3, 2016.

8. Upwards of thirty (30) days have passed since the service of the judgment with notice of entry as hereinabove set forth and no part of said judgment has been paid and the same remains wholly unsatisfied.

9. On information and belief upon learning of the accident the insured immediately gave notice to the defendant containing particulars sufficient to identify the insured and all other reasonably obtainable information respecting the said accident and occurrence.

10. Upon information and belief following the commencement of suit in Supreme Court, Kings County by the plaintiff against the insured hereinbefore referred to, the insured did immediately forward to the defendant the summons received by the insured or due notice of the service thereof.

11. That the plaintiff gave timely notice of the lawsuit to the defendant as soon as reasonably possible.

12. That the plaintiff gave timely notice of the claim to the defendant as soon as reasonably possible.

13. Upon information and belief the said insured duly paid to the defendant all premiums due upon the policy of insurance herein sued upon and all conditions incumbent upon

said insured thereunder were in fact duly met and performed by the said insured.

14. That no part of the judgment obtained by the plaintiff against the insured hereinbefore mentioned has been paid.

WHEREFORE, plaintiff ANGELA MARIA DEFEBIO demands judgment against the defendant in the amount of THREE HUNDRED AND SIX THOUSAND, SEVEN HUNDRED AND FIFTY-FIVE ($306,755.00) DOLLARS with interest from the 3rd day of May 2016 plus the costs and disbursements of this action.

DATED:   New York, New York
         September 20, 2016

                         BERSON AND BUDASHEWITZ, LLP

By:      Jeffrey A. Berson
         Attorneys for Plaintiff
         15 Maiden Lane, Suite 1305
         New York, New York 10038
         (212) 945-5000

## ATTORNEY'S VERIFICATION (COMPLAINT)

STATE OF NEW YORK        )
                                         ) ss:
COUNTY OF NEW YORK     )

JEFFREY A. BERSON, ESQ., an attorney at law duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

I am the attorney for the plaintiff in the above-captioned action. I have read the foregoing Complaint and know the contents thereof which are true to my own knowledge, except as the matters therein stated to be alleged on information and belief, and as to these matters, I believe it to be true.

The reason this verification is made by me and not by the plaintiff is that the plaintiff resides in a county other than the one in which I maintain my office.

The source of my information and the grounds of my belief are communications with my clients and others, papers, reports, and investigation contained in the file.

Dated: New York, New York
       September 20, 2016

JEFFREY A. BERSON, ESQ.

INDEX #:                                                    YEAR: 2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ANGELA MARIA DEFEBIO,

                                                    PLAINTIFF,

                        - AGAINST -

ALLSTATE INSURANCE COMPANY,

                                                    DEFENDANT.

## SUMMONS WITH VERIFIED COMPLAINT

### BERSON & BUDASHEWITZ, LLP
TRIAL COUNSEL TO ATTORNEYS FOR PLAINTIFF
15 MAIDEN LANE, SUITE 1305
NEW YORK, NEW YORK 10038
**(212) 945-5000**

TO:

ATTORNEY(S) FOR DEFENDANT(S)

SERVICE OF A COPY OF THE WITHIN          IS HEREBY ADMITTED.

DATED:                                  _____

                                        ATTORNEY(S) FOR

**PLEASE BE ADVISED THAT THIS OFFICE DOES NOT ACCEPT SERVICE VIA FAX**

6 OF 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X    *Civil Action No.: 16-cv-05735*

ANGELA MARIA DEFEBIO,

                                Plaintiff,    ***VERIFIED ANSWER***

          -against-

ALLSTATE INSURANCE COMPANY,

                                Defendant.

------------------------------------------------------------------X

     Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "ALLSTATE"), by its attorneys, LEWIS JOHS AVALLONE AVILES, LLP, as and for its Verified Answer to the Complaint herein, sets forth the following upon information and belief:

     1.     ALLSTATE denies the allegations contained in paragraph numbered "1," except admits that ALLSTATE is an insurance company organized under the laws of the State of Illinois and duly authorized to conduct business in New York.

     2.     ALLSTATE denies the allegations contained in paragraph numbered "2," except admits that ALLSTATE issued a Standard Homeowners Policy (Form AP315) to Rose T. Juliano, which was in effect on January 16, 2013.

     3.     ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "3" of the plaintiff's Complaint herein.

     4.     ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "4" of the plaintiff's Complaint herein.

5.      ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "5" of the plaintiff's Complaint herein.

6.      ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "6" of the plaintiff's Complaint herein.

7.      ALLSTATE denies the allegations contained in paragraph numbered "7," except admits that ALLSTATE received a copy of a Judgment with Notice of Entry by the Kings County Clerk.

8.      ALLSTATE denies the allegations contained in paragraph numbered "8" as ALLSTATE has no obligation to satisfy said Judgment, as there is no coverage under the subject policy of insurance for such Judgment.

9.      ALLSTATE denies the allegations contained in paragraph numbered "9". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

10.      ALLSTATE denies the allegations contained in paragraph numbered "10". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

11.      ALLSTATE denies the allegations contained in paragraph numbered "11". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

12.    ALLSTATE denies the allegations contained in paragraph numbered "12". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

13.    ALLSTATE denies the allegations contained in paragraph numbered "13". There is no coverage under the subject Allstate policy for the underlying accident or underlying lawsuit.

14.    "ALLSTATE denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "14" of the plaintiff's Complaint herein. ALLSTATE has not made any payment toward the Judgment as ALLSTATE has no obligation to satisfy the Judgment, as there is no coverage under the subject policy for the underlying accident or underlying lawsuit.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.    Plaintiff's Complaint fails to state a cause of action as against ALLSTATE.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16.    Plaintiff's Complaint fails to state a claim against ALLSTATE upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17.    Plaintiff lacks standing to bring this litigation against ALLSTATE.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18.    There is no privity of contract between plaintiff and ALLSTATE.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

19.    The obligations of ALLSTATE are defined, limited and controlled by the ALLSTATE homeowners policy, including the coverages defined in the policy and the

exclusions, conditions and other terms set forth in the policy, as well as the limits set forth in the policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.    This claim is barred, in whole or in part, by the exclusions, limitations of liability and/or other terms, conditions and definitions contained in the ALLSTATE insurance policy.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.    The subject policy does not provide coverage for bodily injury to any insured person under the policy. Plaintiff is an insured person as that term is defined in the subject Standard Homeowners Policy (Form AP315).

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

22.    Plaintiff's claim for coverage under the ALLSTATE policy is outside the scope of coverage and/or subject to the policy exclusions.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23.    ALLSTATE properly denied and disclaimed coverage for the underlying accident and underlying lawsuit.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24.    ALLSTATE properly denied and disclaimed coverage for the Judgment.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25.    ALLSTATE reserves its right to supplement this answer and assert any and all affirmative defenses in the event further information becomes available, through discovery or further investigation.

*WHEREFORE*, defendant, ALLSTATE INSURANCE COMPANY, demands judgment

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF SUFFOLK      )

*KAREN M. BERBERICH*, an attorney admitted to practice in the Courts of the State of New York, affirms that the following statements are true under penalties of perjury:

Affirmant is the attorney of record for the answering defendant, *ALLSTATE INSURANCE COMPANY*, in the within action. Affirmant has read the foregoing *ANSWER*, knows the contents thereof, and that the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that those matters affirmant believes it to be true.

This verification is made by affirmant and not by the answering defendant, *ALLSTATE INSURANCE COMPANY*, because the answering defendant is not located in the county wherein your affirmant maintains an office.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Statements of said answering defendant, office records, and affirmant's general investigation into the facts of this case.

Dated:  Islandia, New York
        October 13, 2016

_____
*Karen M. Berberich*

dismissing the plaintiff's Complaint herein, together with the costs and disbursements of this action.

Dated: Islandia, New York
October 13, 2016

Yours, etc.,

LEWIS JOHS AVALLONE AVILES, LLP
***Attorneys for Defendant***
One CA Plaza – Suite 225
Islandia, New York 11749
(631) 755-0101

By: _____
KAREN M. BERBERICH

TO:
BERSON & BUDASHEWITZ, LLP
Attn.: Jeffrey Berson, Esq.
***Attorneys for Plaintiff***
15 Maiden Lane, Suite 1305
New York, New York 10038
(212) 945-5000

## *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF SUFFOLK )

         *Joanne Archipolo*, being duly sworn, deposes and says:

         The deponent is not a party to the within action, is over 18 years of age, and resides in Commack, New York.

         That on the 14th day of October, 2016, deponent served the within *VERIFIED ANSWER* on the attorneys below set forth representing the parties, as indicated, at the addresses shown, said addresses being designated by said attorneys for the purpose:

BERSON & BUDASHEWITZ, LLP
Attn.: Jeffrey Berson, Esq.
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1305
New York, New York 10038
(212) 945-5000

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                          *Joanne Archipolo*

Sworn to before me this
14th day of October, 2016.

_____
      Notary Public

LOIS A. DIPOL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DI4966255
Qualified in Suffolk County
My Commission Expires May 07, 20__