UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   *Civil Case No.*:
ANGELA MARIA DEFEBIO,                     16-cv-05735(DLI-RER)

                              Plaintiff,
          -against-

ALLSTATE INSURANCE COMPANY,

                              Defendant,
-------------------------------------------------------------X

**PLAINTIFF ANGELA MARIA DEFEBIO'S RULE 56 STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE
ISSUE TO BE TRIED, IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, ANGELA MARIA DEFEBIO, submits this statement of material

facts as to which there is no genuine issue to be tried.

1.     On January 16, 2013, Plaintiff Angela Maria DeFebio (hereinafter

"DeFebio") when she fell off a ladder at the premises known as 61 Duffield Street,

Brooklyn, New York. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 2.

2.     61 Duffield Street, Brooklyn, New York is a multi-family home owned by

Rose T. Juliano (hereinafter "Juliano"). Pl. Ex. B, Affidavit of Rose T. Juliano ¶s 1

& 2.

3.     On January 16, 2013, Defendant Allstate Insurance Company (hereinafter

"Allstate") insured the premises known as 61 Duffield Street, Brooklyn, New

York. The sole named insured was Juliano. The insurance policy included

$300,000 of bodily injury liability coverage. Pl. Ex. C, Certified Copy of Insurance Policy, pages 1 and 2 of the policy declaration.

4.      On January 23, 2013, Allstate was placed on notice of the accident of January 16, 2013. Pl. Ex. D, Allstate Claim History Report page 13. The Claim History contains the following:

"1/23/2013 4:31 PM Central INSD/CLMNT INITIAL CONTACT Contact PATRICK J. GA… ROSE T. JULIANO

S/W NAMED INSURED. CLMNT IS HER COUSIN WHO RESIDES WITH INSD. SHE PAYS RENT/BILLS. INSD IS 80 YRS OLD CLMNTBIS 56. CLMNT WAS HANGING SOME CURTAINS FOR INSD. USING INSD'S FOLDING LADDER APPROX 5-6 FEET TALL. HUNG CURTAINS WAS DESCENDING LADDER WHEN SHE MISSED A STEP OR SLIPPED. SHE WAS WEARING SNEAKERS.

CALLED AMBULANCE AND REMOVED TO METHODIST HOSPITAL. FRMM [*sic*] WHAT INSD SAID CLMNT SUSTAINED A TRIMAL FX. HOSPITALIZED FOR APPROX A WEEK NEXT MD DATE IS 2/5. ONCE SWELLING GOES DOWN MD WILL MAKE A DETERMINATION REGARDING SURGERY.

AS I WAS CONCLUDING CONVERSATION WITH INSD. SHE MENTIONED CLMNT WAS THERE. I SPOKE WITH CLMNT WHO WAS OBVIOUSLY IN PAIN AND GOT SAME VERSION PROVIDED BY INSD. CLMNT STATED SHE HAS INSURANCE THRU HER EMPLOYER BUT LEFT HOSPITAL AGAINST MD ORDERS AS HER COVERAGE WAS RUNNING OUT. SHE IS CURRENTLY IN A SLC

I WENT OVER MED PAY & LIAB. COVERAGES. GAVE CLMNT FILE HANDLER CONTACT INFO. CLMNT SAID SHE WOULD SHARE WITH INSD. TOLD HER S/S MAY BE NECESSARY."

5.      By letter dated February 25, 2013, thirty-two days after Allstate had been placed on notice of the claim and was informed that DeFebio was Juliano's cousin

and resided in the house three days a week, Allstate disclaimed coverage on that

basis. Pl. Ex. E, Disclaimer letter dated February 25, 2013. On the second page of

the disclaimer letter, the basis for the disclaimer is stated as follows:

> You have informed Allstate that the above referenced claimant. Is your cousin, and that she resides in your apartment at least three days per week, when she is not working as a home attendant. It is therefore Allstate's position that the above referenced claimant is an **insured person** as that term is defined in the Allstate Standard Homeowners Policy (Form AP315) issued to you. Therefore the above quoted exclusions numbered "2" bar coverage for the above referenced claim. (emphasis in original)

6.      The exclusions referred to and quoted in the disclaimer letter read as

follows:

Under the heading *Coverage X Family Liability Protection,*

> *Losses We Do Not Cover Under Coverage X*:

> 2.    We do not cover bodily injury to an insured person or property damage to property owned by an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

Under the heading *Coverage Y Guest Medical Protection,*

> *Losses We Do Not Cover Under Coverage Y*:
> 2.  We do not cover bodily injury to an insured person or regular resident of the insured premises. However, this exclusion does not apply to a residence employee. Pl. Ex. E, Disclaimer letter dated February 25, 2013.

7.      The disclaimer letter also provides the following under definition of insured

person.

*Definitions Used In This Policy*

3. "Insured person(s)" --- means you and,
if a resident of your household:
  a)  any relative
  b)  any dependent person in your care. Pl. Ex. E,
Disclaimer letter dated February 25, 2013.

8.    Even though Allstate had already been informed on January 23, 2013, by its

insured that DeFebio was her cousin and resided at the first floor of the house three

days a week Allstate had an investigation performed which only confirmed what

Allstate had already been told by its insured. Pl. Ex. F.

9.    Claim History File Note of February 12, 2013 states:

Category:   Coverage

File Note Information

Comments:

O/I Investigation confirms the claimant (insured's cousin) lives in
her first floor apartment and they share kitchen and bathroom. O/I
database search found claimant cousin living at the address for the
past 10 years. Recommend coverage opinion from coverage
counsel for possible disclaimer for B.I. to an "Insured Person".
Will need to refer file to H.O. if disclaimer warranted due to
severity of claimant injury.

Description:   * Coverage Opinion recommendation. Pl. Ex. G,
Allstate File Note dated February 12, 2013 and Pl. Ex. D, Allstate
Claim History Report page 9.

10.   On September 18, 2013, a lawsuit was commenced by DeFebio against

Juliano for the injuries she sustained in Supreme Court of the State of New York,

Kings County under index number 505539/2013. Pl. Ex. H. Summons and Complaint. The lawsuit was forwarded to Allstate by Juliano and in response Allstate issued a letter dated October 18, 2013 in which Allstate repeated its coverage position. Pl. Ex. I.

11.    On May 3, 2016, judgment was entered against Juliano in the Supreme Court of the State of New York, Kings County action in the amount of $306,755.00. The judgment was served upon Juliano and Allstate on June 1, 2016, and remains unsatisfied. Pl. Ex. J. Judgment with Notice of Entry. Thereafter, the current declaratory judgment action was commenced, pursuant to Insurance Law § 3420, in Supreme Court of the State of New York, Kings County and removed to this Court by Allstate.

Dated: New York, New York
        September 15, 2017

Berson & Budashewitz, LLP

By:    */s/ Jeffrey A. Berson*
        Jeffrey A. Berson
        *Attorneys for Plaintiff*
        15 Maiden Lane, Suite 1305
        New York, New York 10038
        Tel: (212)945-5000
        Fax: (212) 945-0796
        e-mail: berbudlaw@gmail.com