UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X  *Civil Case No.*:

ANGELA MARIA DEFEBIO,                        1:16-cv-05735(DLI-RER)

                                Plaintiff,

       -against-

ALLSTATE INSURANCE COMPANY,

                                Defendant,

-----------------------------------------------------------X

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

---

**BERSON & BUDASHEWITZ LLP**
15 Maiden Lane, Suite 1305
New York, New York 10038
Tel: (212) 945-5000
Fax: (212) 945-0796
E-mail: berbudlaw@gmail.com
*Attorneys for Angela Maria DeFebio*

*Of Counsel and on the Brief:*
   Jeffrey A. Berson, Esq.

Served on September 15, 2017

# TABLE OF CONTENTS

Page

STATEMENT OF THE FACTS…………………………………………………..1

POINT I

    **STANDARD OF REVIEW**………………………………………….6

POINT II

    **PLAINTIFF HAS ESTABLISHED PRIMA FACIE HER
ENTITLEMENT TO SUMMARY JUDGMENT PURSUANT
TO NEW YORK INSURANCE LAW § 3420(a)(2)**………………….7

POINT III

    **AN INSURANCE POLICY EXCLUSION BASED
ON THE CLAIMANT BEING A RESIDENT RELATIVE
OF THE INSURED'S HOUSEHOLD REQUIRES A TIMELY
DISCLAIMER IN ORDER TO BE EFFECTIVE**……………………8

POINT IV

    **AN INSURER MUST GIVE WRITTEN NOTICE OF A
DISCLAIMER OF COVERAGE AS SOON AS IS
REASONABLY POSSIBLE, THE FAILURE TO DO SO
RENDERS THE DISCLAIMER INEFFECTIVE**……………………9

POINT V

    **AMBIGUOUS LANGUAGE CONTAINED IN THE
INSURANCE EXCLUSION PRECLUDES AN
EFFECTIVE DISCLAIMER**……………………………………………15

**CONCLUSION**…………………………………………………………..19

# TABLE OF AUTHORITIES

Cases

*Aetna Cas. & Sur. Co. v Miller,*
  276 F Supp 341. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Allstate Ins. Co. v. Cruz,*
  30 A.D.3d 511 (2nd Dept. 2006). . . . . . . . . . . . . . . . . . . . 10, 14

*Allstate Ins. Co. v. Cruz,*
  30 A.D.3d at 512. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Berkowitz v New York Life Ins. Co.,*
  256 App Div 324. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Burr v Commercial Travelers Mut. Acc. Assn.,*
  295 NY 294. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Cal-Farm Ins. Co. v Boisseranc,*
  151 Cal App 2d 775, 312 P2d 401. . . . . . . . . . . . . . . . . . . 16, 17

*City of New York v Northern Ins. Co. of N.Y.,*
  284 AD2d 291 [2001]. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*City of New York v St. Paul Fire & Mar. Ins. Co.,*
  21 AD3d 978 [2005]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Continental Cas. Co. v Stradford,*
  11 NY3d 443 [2008]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Country-Wide Ins. Co. v. Preferred Trucking Services Corp.,*
  22 N.Y.3d 571 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dister v. Continental Group, Inc.,*
  859 F.2d 1108 (2d Cir.1988). . . . . . . . . . . . . . . . . . . . . . . . 7

*Firemen's Fund Ins. Co. of Newark v. Hopkins,*
  88 N.Y.2d 836[1996]. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*First Fin. Ins. Co. v Jetco Contr. Corp.,*
  1 NY3d 64 [2003]. . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 13

*Fish King Enters. v. Countrywide Ins. Co.,*
  88 A.D.3d 639 (2nd Dept. 2011). . . . . . . . . . . . . . . . . . . 12, 13

*Fish King Enters. v. Countrywide Ins. Co.,*
  88 A.D.3d at 642 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gallo v. Prudential Residential Servs., Ltd. Partnership,*
  22 F. 3d 1219 (2d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . 6

*General Assur. Co. v. Schmitt,*
  265 A.D.2d 299 (2nd Dept. 1999). . . . . . . . . . . . . . . . . . . 16, 17

*Gregorio v J.M. Dennis Constr. Co. Corp.,*
  21 A.D.3d 1056 [2nd Dept. 2005]. . . . . . . . . . . . . . . . . . . . . 12

*Halloway v State Farm Ins. Cos.,*
  23 AD3d 617 [2005]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Handelsman v. Sea Ins. Co.,*
  85 N.Y.2d 96 [1994]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

*Hartford Ins. Co. of Midwest v. Casella,*
  278 A.D.2d 417(2nd Dept. 2000). . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hartford Ins. Co. v County of Nassau,*
  46 NY2d 1028 [1979]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Hollander v. Nationwide Mut. Ins. Co.,*
  60 A.D.2d 380 (3rd Dept. 1978). . . . . . . . . . . . . . . . . . . . . . . 16, 18

*Holmes v. Allstate Ins. Co.,*
  33 A.D.2d 96 (1st Dept. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jerge v. Buettner,*
  90 N.Y.2d 950. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kenyon v Knights Templar & Masonic Mut. Aid Assn.,*
  122 NY 247. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Kerzer v. Kingly Mfg.,*
  156 F. 3d 396 (2d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kleynshvag v. GAN Ins. Co.,*
  21 A.D.3d 999 [2nd Dept. 2005]. . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kleynshvag v. GAN Ins. Co.,*
  21 A.D.3d at 1003. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lang v. Hanover Ins. Co.,*
  3 N.Y.3d 350 [2004]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Matter of Colonial Penn Insurance Company v. Pevzner,*
  266 AD2d 391 [2nd Dept.1999]. . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Mazzilli v Accident & Cas. Ins. Co.,*
  35 NJ 1, 170 A2d 800. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Miller v Continental Ins. Co.,*
  40 NY2d 675. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Miller v United States Fid. & Guar. Co.,*
  127 NJ Super 37, 316 A2d 51. . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Moore v. Ewing,*
  9 A.D.3d 484 (2nd Dept. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Moore v. Ewing,*
  9 A.D.3d at 488-489. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nationwide Mut. Ins. Co. v Steiner,*
  199 AD2d 507 [1993]. . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14, 15

*New York Cent. Mut. Fire Ins. Co. v Steiert,*
  68 AD3d 1120 [2009]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Quincy Mut. Fire Ins. Co. v. Uribe,*
  45 A.D.3d 661 [2nd Dept. 2007]. . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13
*Schaut v Firemen's Ins. Co.,*
  130 AD2d 477. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
*Scott v. Harris,*
  550 U.S. 372 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Sirius Am. Ins. Co. v. Vigo Constr. Corp.,*
  48 A.D.3d 450 [2nd Dept. 2008]. . . . . . . . . . . . . . . . . . . . . . . . . . 12
*Sperling v. Great Am. Indem. Co.,*
  7 N.Y.2d 442 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18
*Squires v. Robert Marini Builders,*
  293 AD2d 808 [3rd Dept. 2002]. . . . . . . . . . . . . . . . . . . . . . . . . 14, 15
*Stainless, Inc. v Employers Fire Ins. Co.,*
  69 AD2d 27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
*Uptown Whole Foods v Liberty Mut. Fire Ins. Co.,*
  302 AD2d 592 [2003]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
*Wasserheit v New York Cent. Mut. Fire Ins. Co.,*
  271 AD2d 439 [2000]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*West 16th St. Tenants Corp. v. Public Serv. Mut. Ins. Co.,*
  290 A.D.2d 278 [1st Dept. 2002]. . . . . . . . . . . . . . . . . . . . . . 12, 14, 15
*Worcester Ins. Co. v. Bettenhauser,*
  95 N.Y.2d 185 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
*Zappone v Home Ins. Co.,*
  55 N.Y.2d 131 [1982]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
  Statutes
NEW YORK INSURANCE LAW § 3420(a)(2). . . . . . . . . . . . . . . . . . . . . . 7
§ 3420. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
§ 3420 (d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
§ 3420(d)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11
§ 3420[a][2]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
  Rules
Federal Rule of Civil Procedure 56(c). . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATEMENT OF THE FACTS

On January 16, 2013, Plaintiff, Angel Maria DeFebio (hereinafter "DeFebio") was injured when she fell off a ladder at 61 Duffield Street, Brooklyn, New York. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 2. 61 Duffield Street was a multifamily house owned by Rose T. Juliano (hereinafter "Juliano"), DeFebio's cousin. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3. On that date Juliano had a homeowner's insurance policy with Defendant, Allstate Insurance Company (hereinafter "Allstate") that provided liability coverage for bodily injury. Pl. Ex. C, Certified Copy of Insurance Policy, pages 1 and 2 of the policy declaration.

On January 23, 2013, Juliano reported the accident to Allstate by telephone. Pl. Ex. D, Allstate Claim History Report, page 13. Juliano informed Allstate that DeFebio is her cousin who resides with her. That she pays rent/bills. That she is 80 years old and DeFebio 56 years of old. That DeFebio fell while using Juliano's ladder to hang drapes. That DeFebio was hospitalized for about a week with a fractured ankle. DeFebio also spoke to Allstate on that day. Pl. Ex. D, Allstate Claim History Report, page 13.

DeFebio rented one room from Juliano for which she paid rent. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5.  That the room DeFebio rents has a locked door

- 1 -

and Juliano does not have access to the room. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5.  That DeFebio only resides there three days a week. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5.  That they do not share groceries or eat together. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5.  That she did not consider DeFebio a member of her household. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5.

DeFebio in her affidavit states that she resided at 61 Duffield Street three days a week. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3. That she has a room in the house where she sleeps that has a locked door to which she only has the key.  Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3. That while they share the kitchen and bathroom they keep separate groceries and do not eat meals together or cook for each other. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3.

By letter dated February 25, 2013, thirty-two days after Allstate had been placed on notice of the claim and was informed that DeFebio was Juliano's cousin and resided in the house three days a week, Allstate disclaimed coverage on that basis. Pl. Ex. E, Disclaimer letter dated February 25, 2013. On the second page of the disclaimer letter, the basis for the disclaimer is stated as follows:

> You have informed Allstate that the above referenced claimant. Is your cousin, and that she resides in your apartment at least three days per week, when she is not working as a home attendant. It is therefore Allstate's position that the above referenced claimant is an **insured person** as that term is defined in the Allstate Standard

- 2 -

Homeowners Policy (Form AP315) issued to you. Therefore the above quoted exclusions numbered "2" bar coverage for the above referenced claim. (emphasis in original)

The exclusions referred to and quoted in the disclaimer letter read as follows:

Under the heading *Coverage X Family Liability Protection*,

*Losses We Do Not Cover Under Coverage X*:

2.   We do not cover bodily injury to an insured person or property damage to property owned by an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person.

Under the heading *Coverage Y Guest Medical Protection*,

*Losses We Do Not Cover Under Coverage Y*:
2.  We do not cover bodily injury to an insured person or regular resident of the insured premises. However, this exclusion does not apply to a residence employee. Pl. Ex. E, Disclaimer letter dated February 25, 2013.

The disclaimer letter also provides the following under definition of insured person.

*Definitions Used In This Policy*

3.  "Insured person(s)" --- means you and, if a resident of your household:
      a)   any relative
      b)   any dependent person in your care. Pl. Ex. E, Disclaimer letter dated February 25, 2013.

- 3 -

Even though Allstate had already been informed on January 23, 2013, by its insured that DeFebio was her cousin and resided at the first floor of the house three days a week Allstate had an investigation performed which only confirmed what Allstate had already been told by its insured. Pl. Ex. F.

However, the real reason for the disclaimer of coverage appears in the Claim History File Note of February 12, 2013 which states:

Category:   Coverage

File Note Information

Comments:

O/I Investigation confirms the claimant (insured's cousin) lives in her first floor apartment and they share kitchen and bathroom. O/I database search found claimant cousin living at the address for the past 10 years. Recommend coverage opinion from coverage counsel for possible disclaimer for B.I. to an "Insured Person". Will need to refer file to H.O. if disclaimer warranted due to severity of claimant injury.

Description:    * Coverage Opinion recommendation. Pl. Ex. G, Allstate File Note dated February 12, 2013 and Pl. Ex. D, Allstate Claim History Report page 9.

On September 18, 2013, a lawsuit was commenced by DeFebio against Juliano for the injuries she sustained in Supreme Court of the State of New York, Kings County under index number 505539/2013. Pl. Ex. H. Summons and

- 4 -

Complaint. The lawsuit was forwarded to Allstate by Juliano and in response Allstate issued a letter dated October 18, 2013 in which Allstate repeated its coverage position. Pl. Ex. I. Disclaimer letter dated October 18, 2013.

On May 3, 2016, a judgment was entered against Juliano in the Supreme Court of the State of New York, Kings County action in the amount of $306,755.00. The judgment was served upon Juliano and Allstate on June 1, 2016 and remains unsatisfied. Pl. Ex. J. Judgment with Notice of Entry. Thereafter, the current declaratory judgment action was commenced, pursuant to Insurance Law 3420, in Supreme Court of the State of New York, Kings County and removed to this Court by Allstate.

## POINT I

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F. 3d 396, 400 (2d Cir. 1998). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.

- 6 -

3d 1219, 1224 (2d Cir. 1994); *citing, Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988).

## POINT II

**PLAINTIFF HAS ESTABLISHED PRIMA FACIE HER ENTITLEMENT TO SUMMARY JUDGMENT PURSUANT TO NEW YORK INSURANCE LAW § 3420(a)(2)**

Pursuant to Insurance Law § 3420(a)(2), an injured person who has obtained an unsatisfied judgment against a tortfeasor may commence an action against the tortfeasor's insurer to recover the amount of the unsatisfied judgment, up to the policy limit (*see* Insurance Law § 3420[a][2]; *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 352 [2004]; *Kleynshvag v. GAN Ins. Co.*, 21 A.D.3d 999, 1002 [2nd Dept. 2005]). DeFebio made a prima facie showing of her entitlement to judgment as a matter of law under Insurance Law § 3420(a)(2) by demonstrating that she attained a judgment for bodily injuries that remained unsatisfied after it was served with notice if entry upon Allstate and its insured. *Lang*, 3 N.Y.3d at 352. In addition, she established that at the time of her accident there was in full force and effect an agreement of insurance between Allstate and the judgment debtor covering the judgment debtor for liability for bodily injuries. *Kleynshvag*, 21 A.D.3d at 1003; see also, *Holmes v. Allstate Ins. Co.*,33 A.D.2d 96, 98 (1st Dept. 1969).

Insurance Law § 3420(a)(2) provides:

- 7 -

(a) No policy or contract insuring against liability for injury to person, except as provided in subsection (g) of this section, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors:

(2) A provision that in case judgment against the insured or the insured's personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.

## POINT III

**AN INSURANCE POLICY EXCLUSION BASED ON THE CLAIMANT BEING A RESIDENT RELATIVE OF THE INSURED'S HOUSEHOLD REQUIRES A TIMELY DISCLAIMER IN ORDER TO BE EFFECTIVE**

It is well settled that a household resident relative exclusion, is a policy exclusion that requires a timely disclaimer. *Moore v. Ewing*, 9 A.D.3d 484, 488-489 (2nd Dept. 2004). Well settled case law holds that a timely disclaimer pursuant to Insurance Law § 3420(d)(2) is necessary to effectively disclaim when denial of coverage is based on a policy exclusion (*see, Zappone v Home Ins. Co.,* 55 N.Y.2d

- 8 -

131, 134, 138 [1982] [construing former Insurance Law § 167(8), now Insurance Law § 3420(d)(2)]; *see also, Jerge v. Buettner,* 90 N.Y.2d 950, 953; *Handelsman v. Sea Ins. Co.,* 85 N.Y.2d 96, 102 [1994], *rearg denied* 85 N.Y.2d 924 [1995]). Failure to comply with section 3420(d)(2) precludes denial of coverage based on a policy exclusion, *Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 188-189 (2000).  There is no dispute between the parties that the exclusion of an insured person as a household resident relative is a policy exclusion requiring a timely disclaimer.  *Moore v. Ewing*, 9 A.D.3d at 488-489.  In fact, Allstate refers to it as an "exclusion" in all three of its disclaimer letters.

## POINT IV

**AN INSURER MUST GIVE WRITTEN NOTICE OF A DISCLAIMER OF COVERAGE AS SOON AS IS REASONABLY POSSIBLE, THE FAILURE TO DO SO RENDERS THE DISCLAIMER INEFFECTIVE**

It is well settled that,

An insurer must give written notice of a disclaimer of coverage "as soon as is reasonably possible" (Insurance Law § 3420) after "it first learns of the accident or of grounds for disclaimer of liability or denial of coverage" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). An insurer's failure to do so "precludes effective disclaimer or denial" (*Hartford Ins. Co. v County of Nassau*, *supra* at 1029), even where the insured and the injured party have failed to provide the insurer with timely notice of the claim in the first instance (*see Wasserheit v New*

- 9 -

*York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439 [2000]). "It is the responsibility of the insurer to explain its delay" in disclaiming coverage (*Hartford Ins. Co. v County of Nassau*, *supra* at 1030; *see Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507 [1993]). An insurer's explanation of such a delay "is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 69). *Allstate Ins. Co. v. Cruz*, 30 A.D.3d 511, 512 (2nd Dept. 2006).

The only basis for disclaiming coverage in Allstate's disclaimer letter is that the policy contains an exclusion for bodily injury to an "insured person" and that DeFebio is an "insured person" as defined in the policy as "you and, if a resident of your household: any relative". Pl. Ex. E, Disclaimer letter dated February 25, 2013.

All relevant facts supporting the basis for the disclaimer were immediately apparent on January 23, 2013, when Allstate was placed on notice of the accident by its insured. Along with details about the accident, according to Allstate's Claim History Report dated January 23, 2013, Allstate was informed that DeFebio was its insured cousin and resided with the insured. Pl. Ex. D, Allstate Claim History Report page 13. The following day, in Allstate's Claim History Report dated January 24, 2013, are the following notes: "1/24/2013 9:33 AM Central Coverage Investigation Set up o/i as a rush, claimant lives at property address and need to review statements, appears we will need to disclaim as she might be considered an insured person." Pl. Ex. D, Allstate Claim History Report page 11.

- 10 -

On February 25, 2013, thirty-three days after receiving notice Allstate sent a disclaimer letter stating,

> You have informed Allstate that the above referenced claimant. Is your cousin, and that she resides in your apartment at least three days per week, when she is not working as a home attendant. It is therefore Allstate's position that the above referenced claimant is an **insured person** as that term is defined in the Allstate Standard Homeowners Policy (Form AP315) issued to you. Therefore the above quoted exclusions numbered "2" bar coverage for the above referenced claim. (emphasis in original) Pl. Ex. E, Disclaimer letter dated February 25, 2013.

The exclusions referred to and quoted in the disclaimer letter read as follows:

Under the heading *Coverage X Family Liability Protection*,

> *Losses We Do Not Cover Under Coverage X*:

> 2.   We do not cover bodily injury to an insured person or property damage to property owned by an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person. Pl. Ex. E, Disclaimer letter dated February 25, 2013.

The sole basis on which Allstate disclaimed coverage, that DeFebio is a household resident relative of the insured, was obvious from the initial notice of accident and Allstate had no need to conduct an investigation before determining whether to disclaim (*see Matter of Firemen's Fund Ins. Co. of Newark v. Hopkins,* 88 N.Y.2d 836, 837[1996]). Allstate's 33-day delay in disclaiming coverage was therefore unreasonable as a matter of law under Insurance Law § 3420(d)(2).

- 11 -

(*Allstate Ins. Co. v. Cruz,* 30 A.D.3d at 512 [30 day delay found unreasonable];

*West 16th St. Tenants Corp. v. Public Serv. Mut. Ins. Co.*, 290 A.D.2d 278, 279 [1st

Dept. 2002], *lv. denied* 98 N.Y.2d 605 [2002] [30 day delay found unreasonable];

*Sirius Am. Ins. Co. v. Vigo Constr. Corp.*, 48 A.D.3d 450, 452 [2nd Dept. 2008] [34

day delay found unreasonable as a matter of law]; *Gregorio v J.M. Dennis Constr.*

*Co. Corp.*, 21 A.D.3d 1056, 1056 [2nd Dept. 2005] [36 day delay found

unreasonable]).

When an explanation for a delay in disclaiming is an assertion that that there

was a need to investigate issues that will affect the decision on whether to disclaim

the burden, the burden is on the insurer to establish that the delay was reasonably

related to the completion of a necessary, thorough, and diligent investigation

(*Quincy Mut. Fire Ins. Co. v. Uribe*, 45 A.D.3d 661, 661-662 [2nd Dept. 2007]).

No evidence has been produced by Allstate demonstrating that an

investigation was necessary. As the Appellate Division Second Department

explained in *Fish King Enters. v. Countrywide Ins. Co.*, 88 A.D.3d 639, 641-642

(2nd Dept. 2011),

> The Supreme Court erred in determining that Countrywide's disclaimer of coverage was timely pursuant to Insurance Law § 3420 (d). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of New*

- 12 -

*York Cent. Mut. Fire Ins. Co. v Steiert*, 68 AD3d 1120, 1121 [2009] [internal quotation marks omitted]; *see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). An insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661 [2007]). Here, Countrywide argued that, after its receipt of the summons and complaint in the underlying action, an investigation was required to evaluate the full extent of the actions and the identity of all relevant parties. However, the proffered basis for the disclaimer was that the plaintiff in the underlying action was an employee of Fish King, a fact which was readily ascertainable from the face of the complaint in the underlying action. Accordingly, the disclaimer, issued 49 days after Countrywide's receipt of that complaint, was untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 66-69; *City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978 [2005]; *Uptown Whole Foods v Liberty Mut. Fire Ins. Co.*, 302 AD2d 592 [2003]; *City of New York v Northern Ins. Co. of N.Y.*, 284 AD2d 291 [2001]; *cf. Halloway v State Farm Ins. Cos.*, 23 AD3d 617 [2005]). *Id.* at 641-642.

In *First Financial Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64 (2003), it was held that a delay of 48-days in giving written notice of its disclaimer of coverage was unreasonable as a matter of law and barred the disclaimer. The insurer contended that its 48-day disclaimer was reasonable as it was investigating alternative sources of insurance available for Jetco's benefit and this, according to First Financial Insurance, was a reasonable delay for disclaiming. The accident was

- 13 -

reported by the insured approximately 2-months after it occurred, and the insured's president had known of the accident since the day it occurred.

The Court of Appeals in *First Financial Ins. Co.*, at page 70 cited, with approval, the appellate division cases holding delays of thirty, forty-one, and forty-two days after the insurer was placed on notice as unreasonable as a matter of law.

The time delays held to be unreasonable as a matter of law in disclaiming were cited in the cases of *West 16th Tenants Corp. v. Public Service Mutual Insurance Company*, 290 AD2d 278, 279 [1st Dept. 2002] [30-days]; *Matter of Nationwide Mutual Insurance Company v. Steiner*, 199 AD2d 507, 508 [2nd Dept.1993] [41-days]; *Matter of Colonial Penn Insurance Company v. Pevzner*, 266 AD2d 391 [2nd Dept.1999] [41-days] and *Squires v. Robert Marini Builders*, 293 AD2d 808, 810 [3rd Dept. 2002] [42-days].

More recently, in *Country-Wide Ins. Co. v. Preferred Trucking Services Corp.,* 22 N.Y.3d 571, 576 (2014) the Court of Appeals noted that in cases involving disclaimers in which the basis for disclaiming is apparent upon receipt of the notice "a disclaimer must be made rapidly." The Court of Appeals cited *Allstate Ins. Co. v. Cruz,* 30 A.D.3d at 512 [30 days] and *Fish King Enters. v. Countrywide Ins. Co.*, 88 A.D.3d at 642 [49 days] as examples of delays in

- 14 -

disclaiming that were unreasonable as a matter of law where the basis of disclaiming was apparent upon receipt of the notice.

Here, as in *Allstate Ins. Co. v. Cruz; Fish King Enters. v. Countrywide Ins. Co.; First Financial Insurance Company v. Jetco Contracting Corp.*; *West 16th Tenants Corp. v. Public Service Mutual Insurance Company*; *Matter of Nationwide Mutual Insurance Company v. Steiner*; *Matter of Colonial Penn Insurance Company v. Pevzner*; and *Squires v. Robert Marini Builders;* the basis for disclaiming was readily apparent from the notice itself and Allstate's unexcused delay of thirty-three days in disclaiming is unreasonable as a matter of law rendering the disclaimer ineffective.

## POINT V

### AMBIGUOUS LANGUAGE CONTAINED IN THE INSURANCE EXCLUSION PRECLUDES AN EFFECTIVE DISCLAIMER

Assuming *arguendo*, that disclaimer based upon the exclusion that a relative that was a resident of the insured's household is in an insured person was timely it still would be ineffective. In *Handelsman*, 85 N.Y.2d 96, 101, the Court of Appeals held that, "Where there is ambiguity as to the existence of coverage, doubt is to be resolved in favor of the insured and against the insurer." Where an insurer attempts to limit liability by use of an ambiguously worded term which is subject to more

- 15 -

than one reasonable construction, the courts will construe it strictly against the

insurer. *Sperling v. Great Am. Indem. Co.,* 7 N.Y.2d 442, 447, 450 (1960).  This

holds particularly true where the ambiguity is in an exclusionary clause.

Ambiguous, inconsistent or uncertain terms are to be construed against the insurer,

and most favorably to the insured. *Hollander v. Nationwide Mut. Ins. Co.*, 60

A.D.2d 380, 384 (3rd Dept. 1978), *leave denied* 44 N.Y.2d 646 (1978).

Here Allstate claims that DeFebio is a resident of its insured's

"household" and therefore falls under the policy exclusion.

> The term 'household' has been characterized as ambiguous or devoid
> of any fixed meaning in similar contexts (*see, Hollander v Nationwide
> Mut. Ins. Co.*, 60 AD2d 380, 383, *lv denied* 44 NY2d 646; *Aetna Cas.
> & Sur. Co. v Miller*, 276 F Supp 341; *Miller v United States Fid. &
> Guar. Co.*, 127 NJ Super 37, 316 A2d 51) and, as such, its
> interpretation requires an inquiry into the intent of the parties (*see,
> Kenyon v Knights Templar & Masonic Mut. Aid Assn.*, 122 NY 247,
> 254). The interpretation must reflect 'the reasonable expectation and
> purpose of the ordinary business man when making an insurance
> contract' (*Burr v Commercial Travelers Mut. Acc. Assn.*, 295 NY 294,
> 301) and the meaning 'which would be given it by the average man'
> (*Berkowitz v New York Life Ins. Co.*, 256 App Div 324, 326; *see,
> Miller v Continental Ins. Co.*, 40 NY2d 675; *Stainless, Inc. v
> Employers Fire Ins. Co.*, 69 AD2d 27, *affd* 49 NY2d 924). Moreover,
> the circumstances particular to each case must be considered in
> construing the meaning of the term (*see, Kenyon v Knights Templar &
> Masonic Mut. Aid Assn., supra; Mazzilli v Accident & Cas. Ins. Co.*,
> 35 NJ 1, 170 A2d 800; *Cal-Farm Ins. Co. v Boisseranc*, 151 Cal App
> 2d 775, 312 P2d 401)" (*Schaut v Firemen's Ins. Co.*, 130 AD2d 477,
> 478- 479). *General Assur. Co. v. Schmitt*, 265 A.D.2d 299, 300-301
> (2nd Dept. 1999).

- 16 -

In *Aetna Casualty and Surety Company v. Miller*, 276 F. Supp. 341, 344-345

(D. Kansas, 1967) the District Court cited *Cal-Farm Ins. Co. v Boisseranc*, 151

Cal.App.2d 775 [1957]); also cited by the Second Department in *General Assur.*

*Co. v. Schmitt*, 265 A.D.2d at 300, to explain the sometime opposite holdings in

the interpretation of the term household.  The District Court explained that,

> "It is elementary in insurance law that any ambiguity or uncertainty in
> an insurance policy is to be resolved against the insurer. If
> semantically permissible, the contract will be given such construction
> as will fairly achieve its object of securing indemnity to the insured
> for the losses to which the insurance relates. If the insurer uses
> language which is uncertain any reasonable doubt will be resolved
> against him; if the doubt relates to extent or fact of coverage, whether
> as to peril insured against, the amount of liability or the person or
> persons protected, the language will be understood in its most
> inclusive sense, for the benefit of the insured."

> As counsel for the plaintiff states, the term 'residence' and
> 'household' have been interpreted by the courts of America in varying
> degrees of context, it being possible to find cases interpreting the
> words in opposite ways. In such cases their interpretation is sought to
> be explained by rules of construction, i.e., broad construction for so-
> called extension cases, and narrow construction for so-called
> exclusion cases. Here, again, the California court, in *Cal-Farm*
> *Insurance Company v. Boisseranc*, supra, seems to hit the nail directly
> on the head when it said:

> "Both attempt to apply the rules of construction above discussed. As a
> result, in the extension cases the questions terms are broadly
> interpreted, while in the exclusion cases the same terms are given a
> much more restricted interpretation. This is necessary because in both
> situations the courts favor an interpretation in favor of coverage."

- 17 -

In the present case, we are presented with an exclusion case and as a result requires that the ambiguous term "household" be given a restricted or narrow interpretation, and the ambiguous term is to be construed against the insurer as required by the holdings in *Sperling v. Great Am. Indem. Co.,* 7 N.Y.2d 442, 447, 450 (1960) and *Hollander v. Nationwide Mut. Ins. Co.*, 60 A.D.2d 380, 384 (3rd Dept. 1978), *leave denied* 44 N.Y.2d 646 (1978).

In the circumstances particular to the case at bar, it is clear that DeFebio was not a member of Juliano's "household" as the term should be interpreted. Juliano in her affidavit states that DeFebio was her tenant. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 4. That DeFebio rented one room from her for which she paid rent. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5. That the room DeFebio rents has a locked door and she does not have access to the room. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5. That DeFebio only resides there three days a week. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5. That they do not share groceries or eat together. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5. That she did not consider DeFebio a member of her household. Pl. Ex. B, Affidavit of Rose T. Juliano ¶ 5.

DeFebio in her affidavit states that she resided at 61 Duffield Street three days a week. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3. That she has a

- 18 -

room in the house where she sleeps that has a locked door to which she only has the key. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3. That while they share the kitchen and bathroom they keep separate groceries and do not eat meals together or cook for each other. Pl. Ex. A, Affidavit of Angela Maria DeFebio ¶ 3. It is clear from the affidavits that DeFebio was not a member of Juliano's household nor did Juliano consider DeFebio a member of her household. *Matter of Hartford Ins. Co. of Midwest v. Casella*, 278 A.D.2d 417, 418(2nd Dept. 2000).

## CONCLUSION

In conclusion, Allstate's disclaimer issued thirty-three days after it was aware of the facts supporting the basis for its disclaimer is untimely and consequential ineffective as a matter of law. The investigation performed by Allstate does not excuse the delay in disclaiming as there was no need for an investigation in that Allstate already was in possession of sufficient information to disclaim when the accident was reported. In addition, the disclaimer is ineffective in that the exclusion upon which Allstate based its disclaimer contains ambiguous language which must be construed against Allstate and in favor of coverage.

Consequently, Allstate must provide coverage for DeFebio's claim and satisfy the judgment entered against its insured.

Respectfully submitted,
Berson & Budashewitz, LLP

By:    */s/ Jeffrey A. Berson*
          Jeffrey A. Berson
*Attorneys for Plaintiff*
15 Maiden Lane, Suite 1305
New York, New York 10038
Tel: (212)945-5000
Fax: (212) 945-0796

Dated: New York, New York
          September 15, 2017