UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ANGELA MARIA DEFEBIO,

                                                                            **Civil Action No.:**
                                      Plaintiff,                           **16 CIV 05735 (DLI)**

              -against-

ALLSTATE INSURANCE COMPANY,

                                      Defendant.
--------------------------------------------------------------X

### DEFENDANT ALLSTATE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1 of the United States District Court for the Eastern District of New York, Defendant Allstate Insurance Company ("Allstate") submits this response to Plaintiffs' Statement of Material Facts ("Plaintiff's SOF"):

1.       On January 16, 2013, Plaintiff Angela Maria DeFebio (hereinafter "DeFebio") when she fell off a ladder at the premises known as 61 Duffield Street, Brooklyn, New York, Pl. Ex .A, Affidavit of Angela Maria DeFebio ¶ 2.

**RESPONSE:**   This is not a complete statement; however, it is assumed that plaintiff is stating that Angela Maria DeFebio was injured when she fell off a ladder at the stated premises. This is not disputed.

2.       61 Duffiled Street, Brooklyn, New York is a multi-family home owned by Rose T. Juliano (hereinafter ("Juliano").  Pl. Ex. B, Affidavit of Rose T. Juliano ¶s 1 & 2.

**RESPONSE:**   Not disputed.

3.       On January 16, 2013, Defendant Allstate Insurance Company (hereinafter "Allstate") insured the premises known as 61 Duffield Street, Brooklyn, New York.  The sole named insured was Juliano. The insurance policy included $300,000 of bodily injury liability

coverage. Pl. Ex. C, Certified Copy of Insurance Policy, pages 1 and 2 of the policy declaration.

**RESPONSE:**   Not disputed.

4.      On January 23, 2013, Allstate was placed on notice of the accident of January 16,

2013. Pl. Ex. D, Allstate Claim History Report page 13.  The Claim History contains the

following:

"1/23/2013 4:31 PM Central INSD/CLMNT INITIAL CONTACT Contact <u>PATRICK J. GA…</u>
ROSE T. JULIANO

S/W NAMED INSURED. CLMNT IS HER COUSIN WHO RESIDES WITH INSD. SHE
PAYS RENT/BILLS. INSD IS 80 YRS OLD CLMNTBIS 56. CLMNT WAS HANGING
SOME CURTAINS FOR INSD. USING INSD'S FOLDING LADDER APPROX 5-6 FEET
TALL. HUNG CURTAINS WAS DESCENDING LADDER WHEN SHE MISSED A STEP
OR SLIPPED. SHE WAS WEARING SNEAKERS.

CALLED AMBULANCE AND REMOVED TO METHODIST HOSPITAL. FRMM [sic]
WHAT INSD SAID CLMNT SUSTAINED A TRIMAL FX. HOSPITALIZED FOR APPROX
A WEEK NEXT MD DATE IS 2/5. ONCE SWELLING GOES DOWN MD WILL MAKE A
DETERMINATION REGARDING SURGERY.

AS I WAS CONCLUDING CONVERSATION WITH INSD. SHE MENTIONED CLMNT
WAS THERE. I SPOKE WITH CLMNT WHO WAS OBVIOUSLY IN PAIN AND GOT
SAME VERSION PROVIDED BY INSD. CLMNT STATED SHE HAS INSURANCE THRU
HER EMPLOYER BUT LEFT HOSPITAL AGAINST MD ORDERS AS HER COVERAGE
WAS RUNNING OUT. SHE IS CURRENTLY IN A SLC

I WENT OVER MED PAY & LIAB. COVERAGES. GAVE CLMNT FILE HANDLER
CONTACT INFO. CLMNT SAID SHE WOULD SHARE WITH INSD. TOLD HER S/S MAY
BE NECESSARY."

**RESPONSE:**   Not disputed.

5.      By letter dated February 25, 2013, thirty-two days after Allstate had been

placed on notice of the claim and was informed that DeFebio was Juliano's cousin and resided

in the house three days a week, Allstate disclaimed coverage on that basis. Pl. Ex. E, Disclaimer

2

letter dated February 25, 2013. On the second page of the disclaimer letter, the basis for the

disclaimer is stated as follows:

> You have informed Allstate that the above referenced claimant. Is [sic] your
> cousin, and that she resides in your apartment at least three days per week, when
> she is not working as a home attendant. It is therefore Allstate's position that the
> above referenced claimant is an **insured person** as that term is defined in the
> Allstate Standard Homeowners Policy (Form AP315) issued to you. Therefore
> the above quoted exclusions numbered "2" bar coverage for the above
> referenced claim. (emphasis in original)

> **RESPONSE:**   The basis for Allstate's disclaimer is that Angela Maria DeFebio is an

"insured person" as that term is defined in the policy and the policy does not provide coverage

for bodily injury to insured persons.  The quotation from Allstate's letter dated February 25,

2013 is not disputed.

6.      The exclusions referred to and quoted in the disclaimer letter read as

follows:

Under the heading *Coverage X Family Liability Protection*,

> *Losses We Do Not Cover Under Coverage X:*

> 2.   We do not cover bodily injury to an insured person or
> property damage to property owned by an insured person
> whenever any benefit of this coverage would accrue directly or
> indirectly to an insured person.

Under the heading Coverage Y Guest Medical Protection,

> *Losses We Do Not Cover Under Coverage Y:*

> 2.  We do not cover bodily injury to an insured person or regular
> resident of the insured premises. However, this exclusion does not
> apply to a residence employee. Pl. Ex. E, Disclaimer letter dated
> February 25, 2013.

> **RESPONSE:**   In Exclusion 2 under Losses We Do Not Cover Under Coverage Y the

3

exclusion states that "We do not cover bodily injury to *any* insured person . . ." Emphasis is added for ease of reference. Otherwise the references are correct as stated.

7.    The disclaimer letter also provides the following under definition of insured person.

> *Definitions Used In This Policy*
>
> 3.  "Insured person(s)" --- means you and,
> if a resident of your household:
> > a) any relative
> > b) ny dependent person in your care. Pl. Ex. E,
> Disclaimer letter dated February 25, 2013

**RESPONSE:**   Disputed.  The definition of "insured person(s)" as stated is not complete. The full definition of "insured person(s)" as stated in Allstate's letter dated February 25, 2013 is as follows:

> *Definitions Used In This Policy*
>
> **3.**    **"Insured person(s)"** --- means **you** and,
> if a resident of **your** household:
> > a)    any relative; and
> > b)    any dependent person in **your** care.
>
> Under **Coverage X-Family Liability Protection** and **Coverage Y-Guest Medical Protection**, "**insured person**" also means:
> > c)    any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an **insured person**. **We** do not cover any person or organization using or having custody of animals or watercraft in any **business**, or without permission of the owner.
> > d)    with respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an **insured person**.

4

8.      Even though Allstate had already been informed on January 23, 2013, by its insured that DeFebio was her cousin and resided at the first floor of the house three days a week Allstate had an investigation performed which only confirmed what Allstate had already been told by its insured. Pl. Ex. F.

**RESPONSE:**  It is not disputed that Allstate conducted a necessary and permissible investigation regarding the living arrangements between plaintiff and its insured after Allstate received notice of the claim and learned that the plaintiff was the insured's cousin who lived with her.

9.      Claim History File Note of February 12, 2013 states:

Category:   Coverage

File Note Information

Comments:

O/I Investigation confirms the claimant (insured's cousin) lives in her first floor apartment and they share kitchen and bathroom. O/I database search found claimant cousin living at the address for the past 10 years. Recommend coverage opinion from coverage counsel for possible disclaimer for B.I. to an "Insured Person". Will need to refer file to H.O. if disclaimer warranted due to severity of claimant injury.

Description:   * Coverage Opinion recommendation. Pl. Ex. G, Allstate File Note dated February 12, 2013 and Pl. Ex. D, Allstate Claim History Report page 9.

**RESPONSE:**  It is not disputed that Allstate's claim file note is accurately quoted.

10.     On September 18, 2013, a lawsuit was commenced by DeFebio against Juliano for the injuries she sustained in Supreme Court of the State of New York, Kings County under index number 505539/2013. Pl. Ex. H. Summons and Complaint. The lawsuit was forwarded to Allstate by Juliano and in response Allstate issued a letter dated October 18, 2013 in which Allstate repeated its coverage position. Pl. Ex. I.

5

**RESPONSE:**  Not disputed.

11.      On May 3, 2016, judgment was entered against Juliano in the Supreme Court of the State of New York, Kings County action in the amount of $306,755.00. The judgment was served upon Juliano and Allstate on June 1, 2016,  and remains unsatisfied. Pl. Ex. J. Judgment with Notice of Entry. Thereafter, the  current declaratory judgment action was commenced, pursuant to Insurance Law § 3420, in Supreme Court of the State of New York, Kings County and removed to this Court by Allstate.

**RESPONSE:**  Allstate did not receive the judgment on June 1, 2016 but, rather, received a copy of the judgment on August 10, 2016.  The remaining portions of this paragraph are not disputed.

Dated: Islandia, New York
      October 18, 2017

Respectfully submitted,

LEWIS JOHS AVALLONE AVILES, LLP

By: ____s/Karen M. Berberich_____
     Karen M. Berberich, Esq. (KB6300)
One CA Plaza, Suite 225
Islandia, New York 11749
(631) 755-0101
*Attorneys for Defendant*
*Allstate Insurance Company*