UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGELA MARIA DEFEBIO,

                               Plaintiff,

       -against-

ALLSTATE INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------------X

**Civil Action No.
16-cv-05735 (DIL)**

### DECLARATION OF ANN-MARIE GRIFFIN IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Ann-Marie Griffin, under penalty of perjury, deposes and says:

1.     I am a Senior Claim Service Consultant with Allstate Insurance Company ("Allstate"). I have been employed by Allstate for 27 years.

2.     On January 23, 2013 Rose T. Juliano first notified Allstate about the accident involving Angela Maria DeFebio. The claim was assigned claim number 0274065408 and was assigned to me for handling.

3.     During my discussions with Rose T. Juliano, I learned that Angela Maria DeFebio is her cousin who resides in her apartment. Upon learning this information, the claim was immediately referred to an outside investigator to obtain more information regarding the living situation of Ms. Juliano and Ms. DeFebio. Allstate assigned this matter to an outside investigator on January 24, 2013.

4.     On or about January 29, 2013, Allstate received a report from its investigator. Attached as **Exhibit "A"** is a true and accurate copy of the investigator's report dated January 29, 2013. The report outlined the efforts the investigator took to obtain a statement from the insured, Rose Juliano. According to the report, the investigator's efforts were repeatedly

hampered by Ms. DeFebio. Specifically, the investigator made three phone calls to the residence in an effort to schedule a time to secure a statement from Ms. Juliano. On each occasion Ms. DeFebio answered the telephone and claimed that the insured was not available. Then, the investigator made a cold call to the insured's home on January 27, 2012. Rose Juliano answered the door and the investigator was invited into the kitchen. Ms. Juliano called to the bedroom of Angela DeFebio and she came into the kitchen. The investigator tried to explain to Ms. DeFebio that he needed to speak with the insured alone, but Ms. DeFebio refused to leave the room and insisted that she be present at the interview.

5. After receiving the investigator's report regarding the fact that Ms. DeFebio was hampering Allstate's investigative efforts, I learned the identity of plaintiff's attorney. I spoke with plaintiff's attorney on January 31, 2013 and requested that he speak to his client and allow Allstate to complete its investigation. The plaintiff's attorney intervened and stated that his client would allow our investigator to take a statement of the insured.

6. After my conversation with plaintiff's attorney, the investigator made another attempt to contact the insured. Arrangements were made to secure the insured's statement on February 6, 2013 at her home. On or about February 11, 2013, Allstate received a second report from its investigator which contained a signed statement from the insured. Attached as **Exhibit "B"** is a true and accurate copy of the second report from the investigator dated February 8, 2013.

7. The insured's statement confirmed that Angela Maria DeFebio is her cousin and that Rose T. Juliano and Angela Maria DeFebio both reside in the first-floor apartment located at 61 Duffield Street, in Brooklyn, New York. Ms. DeFebio has a bedroom in the insured's

apartment and the two share the kitchen and bathroom. Rose Juliano explained that Ms. DeFebio has lived with her for ten years and that she does not charge her rent because they are family.

8.     Once the insured's statement was obtained, Allstate sought advice from legal counsel regarding whether insurance coverage should be provided for the claim. On February 12, 2013, I sent this matter to legal counsel for a coverage opinion. Legal counsel provided a coverage opinion, which was received by Allstate on February 22, 2013.

9.     On February 25, 2013, three days after receiving the coverage opinion, Allstate sent a letter to Rose T. Juliano disclaiming coverage for the accident based upon the fact that Angela Maria DeFebio is an "insured person" as that term is defined in the Policy and, therefore, the exclusion for bodily injury to an "insured person" applies under the liability coverage portion of the Policy (Coverage X) and the exclusion for bodily injury to an "insured person" or regular resident of the insured premises applies under the Guest Medical Protection portion of the Policy (Coverage Y). Attached to Defendant's Motion for Summary Judgment as Exhibit "I" is a true and accurate copy of the letter from Allstate to Rose T. Juliano dated February 25, 2013.

10.     The investigation and advice from legal counsel were necessary in order to determine if coverage should be afforded for this claim. Once the investigation was completed and Allstate received advice from counsel, the disclaimer was issued.

DATED:  Hauppauge, New York
            October 11, 2017

_____
ANN-MARIE GRIFFIN