# EXHIBIT A



**We complete the puzzle.**

# Northern Intelligence Agency, Inc.

www.northerni.com
info@northerni.com

375 North Broadway, Suite LL5A, Jericho, NY 11753
(516) 938-5500 - (800) 221-9052 - Fax: (516) 938-5523

| | | | |
|---|---|---|---|
| Date: | January 29, 2013 | Our file: | 93458 |
| | | | |
| To: | Ms. Ann-Marie Griffin | Claim #: | 0274065408 |
| | Allstate Insurance Co. | | |
| | 102 Motor Parkway | Insured: | Rose T. Juliano |
| | Suite 300 | | |
| | Hauppauge, NY  11788 | Claimant: | Angela DeFebio |
| | | | |
| Email | | D/Loss: | 1/24/13 |

Copy to:

---

Dear Ms. Griffin:

Pursuant to your request for an investigation into the above-captioned matter, we herein submit our initial report.

## DETAILS:

The claimant is a cousin of the insured and sustained an injury at the insured's home located at 61 Duffield Street, Brooklyn, NY.  The claimant was hanging curtains for the insured and lost her footing on a folding ladder which is approximately 5 to 6 feet tall. The claimant sustained a fracture and was hospitalized for approximately one week.

Our assignment was to obtain a signed statement from the insured detailing the living arrangements and circumstances of the loss and to secure a detailed statement from the claimant regarding this incident.  We were also to obtain copies of all rent receipts, the lease, etc.

## INVESTIGATION:

Immediately upon receipt of the assignment, contact was attempted with the insured, Rose Juliano, at the number provided by your office of 718-596-1770 on 01/24/13. However, the claimant, Angela DeFebio, answered the phone.

The operative attempted to secure a date to meet with the claimant regarding the above to obtain her statement.  Ms. DeFebio was extremely cordial in the beginning and then became angry and agitated.  Ms. DeFebio simply wants to be paid for her medical bills

and then explained that she is not being paid for her job because she cannot work. There was some comment about how Allstate should be paying her medical bills because she fell in her cousin's home.

Ms. DeFebio then stated that she is retaining an attorney with regard to this matter. The operative asked for the name of the attorney, which was not provided.

The operative was then advised that the insured was not in attendance and Ms. DeFebio did not know when she would be home.

The operative made a second attempt at contacting the insured later that evening, and once again, Ms. DeFebio answered the phone. The operative got the distinct impression that the claimant lives in the insured's home.

Ms. DeFebio stated that Rose Juliano was not home and after further questioning stated that she did not know if she would be coming home that evening.

The following day, 01/25/12, the operative made another attempt at contacting the insured and once again spoke with Angelo DeFebio. Ms. DeFebio again stated that her cousin (insured) was not home.

A search of real estate records indicate that the insured does indeed own this residence in Brooklyn, NY.

Therefore, the operative had no alternative but to make a cold call to the insured's home on a Sunday, 1/27/12, trying to reach the insured if, in fact, she was living in her own home. The address is a 3 story attached residence in downtown Brooklyn, NY and appears to be a 2 family dwelling.

The operative proceeded to ring the two doorbells at the location and waited for someone to answer. As the operative was beginning to leave, the insured, Rose Juliano, came out of the door and identified herself as Rose Juliano.

The operative explained that we made this visit because we were unable to reach her via telephone. Rose Juliano escorted the operative into her kitchen and a call was made to the bedroom of Angela DeFebio. One could hear the claimant walking slowly with her walker into the kitchen and she then sat at the kitchen table.

2

The operative tried to explain to the claimant that we needed to speak with her cousin alone as she is the named insured on the policy. Angela DeFebio refused to go back into the bedroom and insisted that she be present at the interview.

Once again, the operative asked Ms. DeFebio for the name of her attorney and stated that we could not speak with her but we would be more than happy to speak with her attorney. Again, Ms. DeFebio would not provide the name or phone number for her attorney.

It was then discussed that the operative would make another appointment with Rose at her convenience to meet with her and secure her signed statement as she is the named insured on the policy.

Angela DeFebio then became very angry and stated that she is the person to make the appointments for her cousin and that she has Power of Attorney and handles everything and "speaks for her" to use Ms. DeFebio's own words.

Angela DeFebio then started to talk about her conversation with Allstate and the feeling that they were not going to pay all of her bills and her salary which she is "entitled to."

The operative then had no choice but to leave the insured's home at that time.

Ms. DeFebio then calmed down and stated that she was going to see her attorney on Monday and that he was coming to the home and that she would contact the operative and make arrangements for us to meet with her cousin at a later date.

The operative did not receive any return call and once again contacted the insured on Tuesday, 1/29/13.  Once again, Angela DeFebio answered the phone.  Ms. DeFebio explained that her attorney was busy and would not be able to visit her home until the end of the week.

During this conversation, Ms. DeFebio was very sweet and stated that she really did not know about insurance company procedures and she felt that she should speak with her attorney and her cousin before speaking with us.

Once again, the operative was extremely pleasant and advised this claimant that Rose Juliano is the named insured and we needed to speak with her on behalf of her insurance company.

Angela DeFebio ended the conversation by stating that she would contact the operative in the beginning of next week, the first week of February, and make arrangements for the operative to meet with her cousin, Rose Juliano, to secure her statement if her attorney said this would be okay.

The operative then politely ended this conversation with the comment that an insured has an obligation to cooperate and comply with her insurance policy.

At this time, we are following with the insured and hope to complete this investigation shortly.

If there are any questions or further instructions regarding the above, please do not hesitate to contact the undersigned at 516-318-3246. Of course, we will keep your office posted regarding any progress that we make in this investigation.

Very truly yours,


Patricia Mattucci
Northern Intelligence Agency, Inc.


PM/nq