# EXHIBIT B



We complete the puzzle.

# Northern Intelligence Agency, Inc.

www.northerni.com
info@northerni.com

375 North Broadway, Suite LL5A, Jericho, NY 11753
(516) 938-5500 - (800) 221-9052 - Fax: (516) 938-5523

Date:   February 8, 2013

To:     Ms. Ann-Marie Griffin
        Allstate Insurance Co.
        102 Motor Parkway
        Suite 300
        Hauppauge, NY  11788

Email

Copy to:

Our file:   93458

Claim #:    0274065408

Insured:    Rose T. Juliano

Claimant:   Angela DeFebio

D/Loss:     1/16/13

---

Dear Ms. Griffin:

This will supplement our report to your office dated 1/29/13 wherein the operative was following with the insured to secure her statement with regard to the above-captioned matter.

Per follow up phone conversations with your office, this operative made additional attempts at contacting the insured, Rose Juliano, and once again Angela DeFebio answered the telephone. Angela DeFebio requested the operative to wait before meeting with her cousin, Rose Juliano, because she was retaining an attorney.

Once again, the operative explained that we respected the fact that she had an attorney and that we would not be speaking with her because she is represented. Rose Juliano is our insured and must cooperate under the terms of her policy.

The operative subsequently received a call from Angela DeFebio's attorney and forwarded the attorney's information to your office. We have been advised that your office has been in contact with the plaintiff's attorney.

After Allstate's conversation with the plaintiff's attorney, the operative made another attempt at contacting the insured, and on this occasion, Rose Juliano actually answered the telephone.

Arrangements were made with Ms. Juliano to meet with her to secure her signed statement on Wednesday, 2/6/13, at her home located at 61 Duffield Street, Brooklyn, NY.

At that time, the operative asked Rose Juliano if we could meet her elsewhere, possibly at a coffee shop, to secure her statement. Rose advised that she did not wish to leave her home, and at that point we agreed to secure her statement within the hall area of the building.

Attached please find the signed statement of the insured, Rose Juliano, for your review.

### SIGNED STATEMENT/INSURED – ROSE T. JULIANO:

Rose T. Juliano states that she lives at 61 Duffield Street, Brooklyn, NY 11201, Home Tel. No. 71-596-1770.

Rose Juliano is a Caucasian female, Age 80, approximately 5'2" tall, with a slim build and brown hair and brown eyes.

We found Rose Juliano to be a very pleasant lady but was very guarded with her answers.

It should be noted that on two separate occasions, Rose advised that she needed to excuse herself to go to the bathroom. It is the operative's belief that Rose was going into the bedroom to speak with her cousin/claimant, Angela DeFebio.

Rose Juliano states she is the owner of a three-family home located at the above address. Rose Juliano had owned this home since 1974. Rose states the home is approximately 90 years old and was in her husband's (George Juliano) family from the start. George passed away in 1974, and the title went to Rose Juliano.

Rose states she lives in the first floor apartment.

The tenant of the second floor is Elvira DeFebio, a relative, and Rose does not have a signed lease with Elvira. Rose states she receives rent in the amount of $600 from Elvira DeFebio, who is her aunt and the mother of the claimant, Angela DeFebio. Elvira DeFebio pays Rose in cash but she does receive monthly receipts.

Rose states Elvira DeFebio has lived in the second floor apartment for approximately 11 years.

Mr. and Mrs. Grant occupy the third floor 2-bedroom apartment and they have a 2-year-old child. Rose has a signed lease with this family and they pay $1,500 monthly for rent.

Rose explains that Angela DeFebio is her cousin and is her mother's sister's daughter. Angela stays in the bedroom of the insured's apartment and goes to work three days a week – *correction*: four days a week - Sunday, Monday, Tuesday, Wednesday – and she is home on Thursday, Friday, and Saturday.

Angela uses Rose's kitchen to cook and uses the bathroom. Rose does not have any type of a lease with Angela DeFebio.

2

Rose explains that she does not collect any rent from Angela because they are family.

Rose then went on to say that Angela helps her mother who lives on the second floor. Rose does not know if Angela pays any portion of her mother's rent.

On 1/16/13, Angela fell in Rose's home. This occurred in the evening between 7:30 P.M. and 8 P.M. Rose was sitting on her recliner in her little sitting room where she watches TV. Rose heard a bang and said, "Oh, my God, Angela, what happened?"

Rose went to the area and saw Angela on the floor in the kitchen. Angela was somewhat on laying on her side. Rose then asked Angela if she was all right. Angela's response was "No, I don't think so," and she thought that she broke something. Angela told Rose that the ladder tilted and that she fell off.

The ladder belongs to Rose Juliano. The ladder is a metal "A" frame ladder. The ladder is very old, at least ten years old. The ladder was on its side on the floor after the incident.

Rose then called EMS. Angela was unable to get up and had to be helped up and had to be put onto a stretcher and was transported to Methodist Hospital in Brooklyn.

Angela was in the hospital for almost one week. Rose states that she does not know if Angela has medical insurance.

Angela works as a home attendant and takes care of an elderly lady (identity is not known to the insured). Angela sometimes sleeps at the elderly lady's home and then normally comes to Rose's house on Thursday, Friday, and Saturday, and goes to the elderly lady's house from Sunday through Wednesday.

Rose states she asked Angela to put up the curtains for her in the kitchen. Rose told Angela to go downstairs to the basement to get the ladder. According to the insured, Angela has never used this ladder before.

The lights were on in the kitchen because it was night-time. The ladder was tilted on the floor after the accident. Rose states that all she knows is that Angela's leg was broken. Rose could not recall which leg was injured.

Angela still has a cast on her leg from her knee down to her ankle. Angela has not returned to work, uses a walker, and rests most of the day.

Rose states Angela has lived with her for ten years. Angela has always been a home attendant.

At first, Angela slept at Rose's house all the time but Rose cannot honestly recall the dates.

3

Rose states she has no idea when Angela will be going back to work. It will be sometime because Angela cannot walk without a walker.

Angela had no prior disabilities.

Rose describes the claimant as a 56-year-old Caucasian female, and she is not being paid by her employer for lost wages.

It should also be noted that the claimant shares the bedroom with Rose Juliano on some occasions and on other occasions, Rose will sleep on her recliner in the TV room.

## COMMENTS:

Rose was quite guarded in her answers and responded many times that she could not recall. It certainly appears that the claimant who is Rose's cousin lives with Rose several days a week and sleeps over when not working as a home health aide for an elderly lady.

As reported, the insured could not recall some of the details of this incident. She could not recall what type of shoes the claimant was wearing when she fell from the ladder.

The claimant when seen on 01/27/13 was using a walker and noted to be about 5ft 4inches tall and heavy set.

Angela has lived with Rose for ten years and at one time slept at the insured's house daily.

There is no rent or money exchanged between Rose Juliano and her cousin, Angela DeFebio. There is no lease with the insured and the claimant.

Rose's aunt, Elvira DeFebio, lives on the second floor and pays $600 rent in cash per the insured. There is also no lease with the insured and Elvira. Rose had no knowledge of Angela DeFebio paying any portion of Elvira's rent.

Per our conversation with your office, the operative ran a database search which shows the claimant, Angela DeFebio, living at the insured's address for the past ten years with no other address reported.

The operative advised Rose that she would need to retrieve the deed from her safe deposit box and forward it to Allstate as soon as possible. We did obtain a copy of the deed from our data base sources and a copy is attached. The most recent deed was dated 10/01/1986.

Attached please find the signed Excess Affidavit for your file.

## PHOTOS & INSPECTION OF LADDER:

4



The operative did inspect the ladder in questions, it was in the hall area of the insured's 1st floor apartment when seen. This ladder is quite old - covered with paint, well over 10 years, and there is no manufacturer notation on the ladder.

We did examine the ladder and found it to be in good condition. We did note that the plastic foot on one of the legs was missing. When the ladder was standing "alone" it was slightly wobbly, however, when one stands the ladder, it was secure and did not wobble. Operative did take a series of photos of the ladder which are attached for your review.

### REMARKS:

As reported, the claimant was removed to local hospital by EMS and there is probably a 911 ambulance call report on file with the NYC Fire Department. Please advise if you wish us to obtain this report.

Our investigation as assigned is now complete, however, if you have any questions or further instructions regarding the above, please do not hesitate to contact the undersigned at 516-318-3246.

Thanking you for your referral to this office.

Very truly yours,


Patricia Mattucci
Northern Intelligence Agency, Inc.

PM/nq
Att.

5

Feb 6th 2013

My name is Rose I Juliano I live at 61 Duffield St. Brooklyn ny 11201 hove telephone # (718) 596-1770 d/b 12/14/32. I am the sole owner of a three family home located at the above address. I have owned the home since 1974. My husband George had orginly owned the house & has since passed away. The house is over 90 yrs old. I live on the first flour — 2nd flour Elaine DeFabio. So no I had a signd lease. I receive no in the area of $600.00 a month as she is my aunt. Pays by cash I do give her a monthly reciept. He lives on the 2nd flour for sore 11 yrs.

Mr + Mrs Grant ocupy the third flour apt 2 bedroom have a 2 yr old child. Have ben a attendant for sore 2 yrs. I had a signd lease with this family. Pay 1,500.00 monthly. Angela DeFabio is my cousin — my mothers sister's daughter. Angela Stays in the bedroom & gos to me 3 days Sunday, Mon, Trs + Wed — Home thing Fuly + Satrday — Uses my bathroom + kitchen to cook. I do it have a signd lease. I do not take any money as they are family. Angela will help her mother — I do not drive. Rent is paid by mother Elaine.

Back on Jan 16 2013 Angela fell in my home

+ Rose Juliano 2/16/13        [signature] 2/6/13

ANY PERSON WHO KNOWINGLY FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.

Feb 6, 2013

This occurred in the home between 7:30 AM - 8:00 pm. I was sitting on my recliner in my little sitting room where I watch TV. I heard a bang - asked "Oh my God Angela what Happened?" I went and saw Angela on the floor in the Kitchen. Angela was on her side. "Asked are you alright Said no think I broke something. Said ladder tilted & I fell off. The ladder belongs to me. Ladder is a metal A FRAME ladder - Ladder is very old at least 10 years old. The ladder was on the side on the floor. I called EMS. Unable to get up had to be put on a stretcher & transported to Methodist Hospital in BKlyn Angela was in the hospital for almost one week. I don't know if Angela has medical insurance. Angela works as a home attendant takes care of an elderly lady - sometimes sleeps at ladies - Comes here three times, Friday & Sat - goes to elderly home on Sun - Wed. I asked Angela to put my canned for me in the kitchen. Told her to go downstairs to get ladder in the basement. Had never used the ladder before. Lifting cans on in the kitchen - right hand. The ladder was tilting on the floor

Paul Morse 2/6/13

ANY PERSON WHO KNOWINGLY FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.

Feb 6, 2013

All I know is that leg broken. Do not can recall which leg — Cast be sure. Still has cast on leg from knee down to ankle. Has it redone to walk — uses a walker & not many of the day. Angela has lived with me for 18 yrs. Always a loan attendant. But did not sleep here all the time cannot recall to be honest. Have no idea when Angela will be going back to work — Some time as she cannot walk without a walker. Had no prior disability. Have really further to offer as this is what I know. Have not do above & belive this to be true & correct to the best of my knowledge +

Rose Juliano 3/06/13         Matthew 2/6/13

Angela is 56 yrs of age. Is not being paid by her employer for lost wages

Angela Defebio stays in bed with me on some days other days and sleeps on her recliner.

ANY PERSON WHO KNOWINGLY FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.

Standard N.Y.B.T.U. Form 8001-15M-9   Bargain and Sale Deed, without Covenants against Grantor—Individual or Corporation. (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMEN. .IOULD BE USED BY LAWYERS ONLY

REEL 1910 PAGE 35

**THIS INDENTURE,** made the   1st   day of October   , nineteen hundred and eighty-six

**BETWEEN**   GEORGE R. JULIANO, residing at 61 Duffield Street, Brooklyn, New York 11201

party of the first part, and   GEORGE R. JULIANO & his wife, ROSE JULIANO, both residing at 61 Duffield Street, Brooklyn, New York, 11201

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the   Borough of Brooklyn, City and State of New York, bounded and described as follows:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF Duffield Street, distant  175 feet northerly from the northeasterly corner of Tillary Street and Duffield Street prior to widening; RUNNING THENCE easterly parallel with Tillary Street and part of the distance through a party wall, 101 feet  4½ inches; THENCE northerly 21 feet; THENCE westerly 59 feet 11 inches to a point distant 41 feet 7 inches westerly from the easterly side of Duffield Street; THENCE westerly parallel with Tillary Street, 41 feet 7 inches to the easterly side of Duffield Street; and THENCE southerly along the easterly side of Duffield Street, 18 feet 6 inches to the point or place of beginning.

STATE OF NEW YORK, COUNTY OF KINGS                ss:

On the 7th day of October 1986, before me personally came

George R. Juliano

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

AMIE PITMAN
Notary Public, State of New York
No. 24-4810808
Qualified in Kings County
Commission Expires March 30, 1987

STATE OF NEW YORK, COUNTY OF                ss:

On the        day of        19    , before me personally came

REEL 1910 PAGE 36

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

STATE OF NEW YORK, COUNTY OF                ss:

On the        day of        19    , before me personally came
to me known, who, being by me duly sworn, did depose and say that    he resides at No.                ;

that    he is the
of                , the corporation described
in and which executed the foregoing instrument; that    he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that    he signed h    name thereto by like order.

STATE OF NEW YORK, COUNTY OF                ss:

On the        day of        19    , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that    he resides at No.                ;

that    he knows
to be the individual described in and who executed the foregoing instrument; that    he, said subscribing witness, was present and saw execute the same; and that    he, said witness, at the same time subscribed h    name as witness thereto.

---

059533

Title No.

GEORGE R. JULIANO

TO

GEORGE R. JULIANO
and his wife
ROSE JULIANO

Bargain and Sale Deed
WITHOUT COVENANT AGAINST GRANTOR'S ACTS

The land affected by the within instrument lies in Section        in Block 121 Lot 65
Land Map of the County of Kings

RECORDED AT REQUEST OF

George R. Juliano &
9063 Duffield Street
Brooklyn, New York 11201

OFFICE OF CITY REGISTER

RECORDED
Kings County

STANDARD FORM OF
NEW YORK BOARD OF TITLE UNDERWRITERS

Distributed by

HOME TITLE DIVISION
CHICAGO TITLE
INSURANCE COMPANY

REC. FEE
5ST #
RT #        019052

REC OCT 23 PM 12: 29

ESTATE
OCT 3, 1986
KINGS COUNTY
5574

## EXCESS AFFIDAVIT

Claim Number: 0274065408

Loss Date: 1-16-13

According to New York State Insurance Laws, we are required to advise all parties of any additional applicable insurance policies that would be afforded for the above-captioned incident. Additional or excess insurance policies would include:

Personal Umbrella Policies above and beyond your regular homeowner policy.

### PLEASE COMPLETE SECTION (A) OR (B) AND SIGN/NOTARIZE AT SECTION (C)

(A) If you have a Personal Umbrella Policy, please complete the following information:

Name of Issuing Company: _____

Name of Insured: _____

Policy Number: _____

Limits of Liability: _____

(B) If you Do Not have a Personal Umbrella Policy, then please complete the affidavit below:

Rose Juliano, being duly sworn, deposes and says: That I make this affidavit in response to notice of discovery and inspection.

At the time of the accident, I was covered under a liability policy issued by Allstate, bearing policy number 043612463, containing liability limits in the amount of $ 300,000

I was not covered at the time under any other applicable policy of insurance including but not limited to policy of excess liability insurance commonly known as "Umbrella" or "Catastrophe" insurance under which any person carrying on insurance business may be liable to satisfy part of all of a judgment which may be entered against me in an action or to indemnify or reimburse me for payments made to satisfy said judgment.

_____Rose Juliano_____ 2/6/13
(Name)                    (Date)

State of

County of NASSAU

Sworn to Before Me This 6 Day of Feb, 2013

_____Richard R. Mattucci_____
(NOTARY PUBLIC)

RICHARD R. MATTUCCI
Notary Public, State of New York
No. 30-4632248
Qualified in Nassau County
Commission Expires June 30, 2014



We complete the puzzle.

# Northern Intelligence Agency, Inc.

www.northerni.com
info@northerni.com

375 North Broadway, Suite LL5A, Jericho, NY 11753
(516) 938-5500 - (800) 221-9052 - Fax: (516) 938-5523

**NIA #:**
93458

**Carrier:**
Allstate Ins. Co.

**Your #**
0274065408

**Insured:**
Rose Juliano

**Claimant:**
Angela DeFebio

**D/L:**
01/16/13

**Investigator:**
Patti Mattucci



Photo #1 - Insured ladder - NOTE PLASTIC FOOT ON LEFT IS MISSING.

Standard N.Y.B.T.U. Form 8001 1981 8.61   Bargain and Sale Deed, without Covenants against Grantor's Acts - Individual or Corporation  (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

REEL 1910 PAGE 35

THIS INDENTURE, made the 1st day of October, nineteen hundred and eighty-six

BETWEEN    GEORGE R. JULIANO, residing at 61 Duffield Street, Brooklyn, New York 11201

party of the first part, and    GEORGE R. JULIANO & his wife, ROSE JULIANO, both residing at 61 Duffield Street, Brooklyn, New York 11201

party of the second part,

WITNESSETH, that the party of the first part, in consideration of ten dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the   Borough of Brooklyn, City and State of New York, bounded and described as follows:

BEGINNING AT A POINT ON THE EASTERLY SIDE OF Duffield Street, distant 175 feet northerly from the northeasterly corner of Tillary Street and Duffield Street prior to widening; RUNNING THENCE easterly parallel with Tillary Street and part of the distance through a party wall, 101 feet 4½ inches; THENCE northerly 21 feet; THENCE westerly 59 feet 11 inches to a point distant 41 feet 7 inches westerly from the easterly side of Duffield Street; THENCE westerly parallel with Tillary Street, 41 feet 7 inches to the easterly side of Duffield Street; and THENCE southerly along the easterly side of Duffield Street, 18 feet 6 inches to the point or place of beginning.

TOGETHER with all right, title and interest, if any, of the party of the first part, in and to any streets and roads abutting the above-described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

George B. Juliano
GEORGE R. JULIANO



Photo #2 - Insured ladder.



Photo # 3- Insured ladder - plastic foot on rear right leg is missing.



Photo #4 - Another view of ladder.



Photo #5 - Close up view of ladder - right leg plastic foot is missing.



Photo #6 - Note that both legs have the plastic foot in place.



Photo #7 - Insured ladder.

7



Photo #8 - Another view of the insured ladder.



We complete the puzzle.

# Northern Intelligence Agency, Inc.

www.northerni.com
info@northerni.com

375 North Broadway, Suite LL5A, Jericho, NY 11753
(516) 938-5500 - (800) 221-9052 - Fax: (516) 938-5523

NIA #:
93458

Carrier:
Allstate Ins. Co.

Your #
0274065408

Insured:
Rose Juliano

Claimant:
Angela DeFebio

D/L:
01/16/13

Investigator:
Patti Mattucci



Photo #1 - Insured ladder - NOTE PLASTIC FOOT ON LEFT IS MISSING.



Photo #2 - Insured ladder.



Photo # 3- Insured ladder - plastic foot on rear right leg is missing.



Photo #4 - Another view of ladder.



Photo #5 - Close up view of ladder - right leg plastic foot is missing.

5



Photo #6 - Note that both legs have the plastic foot in place.



Photo #7 - Insured ladder.

7



Photo #8 - Another view of the insured ladder.